FILED

JUL 1 2 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Matthew Flinders
1267 Lakeside Dr., Suite 3077
Sunnyvale, CA 94085
Telephone: 617-699-3068
Email: mflinders@hotmail.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Matthew Flinders, individually.

Plaintiff, Pro Se,

v.

STATE BAR OF CALIFORNIA,

Defendant.

Case No.: **C 22 04072 VKD**

**COMPLAINT**

Plaintiff Matthew Flinders brings this action under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 et seq., and the California Fair Employment and Housing Act ("FEHA") against Defendant State Bar of California ("State Bar") arising from its administration and oversight of discriminatory employment examinations. The ADEA and FEHA prohibit employers, including "licensing boards," from discriminating and interfering with the employment rights and privileges of individuals based on age (i.e., those of 40 or more years).

## BACKGROUND

1. Defendant State Bar discriminated against prospective employees, including Plaintiff, of the State Bar and of its employer members, through its practices and patterns of administering discriminatory employment examinations. These employment examinations, or so-called Attorney Licensing Examinations ("Examinations"), were utilized by the Defendant State Bar for making its own attorney hiring decisions and those of other attorney-employers including its attorney employer members and for and under the authority of the Supreme Court of California ("Supreme Court") and the Judicial Council of California ("Judicial Council").

COMPLAINT

2.  Based on State Bar records, the Examinations were scored in a manner that overwhelmingly favors passage of younger test takers over older test takers, many of the latter being well-practiced attorneys licensed out of state.  For example, review of the Attorney Examinations' pass rate data demonstrate that individuals aged twenty-six (26) through twenty-nine (29) years of age passed these Examinations at a rate of sixty-three percent (63%) for the July 2019 exam and thirty-six percent (36%) for the February 2020 exam, while individuals aged about forty-nine (49) through fifty-four (54) years of age passed these exams at a rate of forty-eight one-hundredths of one percent (0.48%) and one and sixty-seven one hundredths of a percent (1.67%), respectively.  Review of the Examinations' overall pass rate data demonstrates that the pass rates closely correlate to takers' ages.

3.  In violation of the ADEA and FEHA, the Defendant administered the Examinations, by which Defendant State Bar, its attorney employer members and other attorney employers, selected their employees and discriminated against "individuals" of ages over forty (40), including Plaintiff, and interfered with their access to and "privileges of employment."

## RELATED CASES

4.  A related action under State contract and tort law against Defendant State Bar and others is pending in the Superior Court of California, Santa Clara, filed on April 1, 2022, and having Case No. 220V397095 ("'095 Action").  A related action under State contract and tort law against the Supreme Court of California and others is pending in the Superior Court of California, Santa Clara, filed on November 30. 2022, and having Case No. 21CV391711.

## PARTIES

5. Plaintiff Matthew Flinders, a natural person and resident of Sunnyvale, California in the County of Santa Clara, born on December 29, 1969, brings this claim against Defendant.

COMPLAINT

- 2 -

1    6. Defendant State Bar is an employer of 20 or more attorneys as defined under 29

2    U.S.C. § 630(b), a "labor organization" for its attorney members as defined under 29 U.S.C. §

3    630(e), and an employment agency on behalf of its attorney-employer members as defined under

4    29 U.S.C. § 630(c).  Defendant State Bar is "public corporation, not the "state"" (see '095

5    Action, Memo of Points and Authorities in Support of Defendant State Bar's Demurrer ¶

6    IV(c)(1)), and an "agent" of the State Supreme Court and of the Judicial Council as defined

7    under 29 U.S.C. § 630(b), which are each employers of 20 or more attorneys as defined under 29

8    U.S.C. § 630(b).

9

10                              **JURISDICTION AND VENUE**

11    7. On September 4, 2020, Plaintiff timely filed a Charge of Discrimination against

12    Defendant with the federal Equal Employment Opportunity Commission ("EEOC") and the

13    California Department of Fair Employment and Housing ("DFEH").

14    8. This Court has subject matter jurisdiction and original jurisdiction over this action

15    pursuant to 28 U.S.C. § 1331 because the cause of action arises under the ADEA, a law of the

16    government of the United States.

17    9. This Court has personal jurisdiction over the Defendant because the Defendant

18    conducts business within this District, has substantial contacts within this District, and the

19    conduct giving rise to this action occurred within this District.

20    10. This Court has ancillary and supplemental jurisdiction over State law claims that are

21    part of a common nucleus of operative facts.  Plaintiff is suing for violation of FEHA § 12940 et

22    seq.

23                            **INTRADISTRICT ASSIGNMENT**

24

25

26

27

28

COMPLAINT

- 3 -

1    11.    This lawsuit should be assigned to the San Jose division of this Court because a

2  substantial amount of the acts and omissions giving rise to this lawsuit occurred in Santa Clara

3  County.

4
## FACTUAL ALLEGATIONS
5
6    12.  Defendant administered the Examinations on and around July 30, 2019 ("July 2019

7  Examination") in Santa Clara, California and February 25, 2020 ("February 2020 Examination")

8  in Oakland, California that arbitrarily and unlawfully evaluated examinees in a manner that

9  closely correlated with examinee age and granted licensure (and employment qualifications in

10  the practice of law) to younger examinees at overwhelmingly higher rates compared to older

11
12  individuals in protected age categories (i.e., 40 years and older).  For example, based on records

13  provided by Defendant State Bar, examinees of ages between about 49-54 passed the July 2019

14  Examination and February 2020 Examination at rates of about forty-eight one-hundredths of one

15  percent (0.48%) and one and sixty-seven one hundredths of a percent (1.67%) while individuals

16  aged about twenty-six (26) through twenty-nine (29) years of age were passed at rates of about

17
18  sixty-three percent (63%) and (36%), respectively (see attached Exhibits A and B).

19    13. Plaintiff Matthew Flinders is a 51-year-old attorney who has been licensed to practice

20  law in the Commonwealth of Massachusetts and before the United States Patent and Trademark

21  Office since 2006 and 2004, respectively.  In 2018, Plaintiff was offered an opportunity of

22  employment at an intellectual property law firm located in the city of San Jose, California and

23
24  subsequently moved to Santa Clara County to pursue the employment opportunity.  It was

25  understood by Plaintiff and his future employers in Santa Clara County that Plaintiff would

26  thereafter engage Defendant State Bar in order to obtain licensure to practice California law as

27  an employee in the city of San Jose.

28

COMPLAINT

- 4 -

14. State Bar Attorney Examinations ("Attorney Examinations") are offered to attorneys who have met certain educational requirements and have been licensed to practice law in jurisdictions outside of California for a certain minimum period of time. An Attorney Examination consists of the essay writing portion of the two-day State Bar Licensing Examination. The two-day State Bar Licensing Examination includes a one-day multi-state multiple-choice examination ("MBE") provided and graded by the National Conference of Bar Examiners ("NCBE"), and the one-day essay writing portion developed, administered, and graded by Defendant State Bar.

15. Plaintiff partook in the one-day (essay only) Attorney Examinations of July 2019 and February 2020.

16. Plaintiff, Plaintiff's former employers in San Jose, and Plaintiff's professional colleagues, and the general public received notice on or around November 15, 2019 and May 8, 2020 that Plaintiff failed to receive a passing score from the State Bar for the July 2019 Examination and February 2020 Examination, respectively.

17. Defendants have routinely engaged with information technology (IT) specialists, data analysts, and so-called "psychometricians" to collect, analyze, and report data pertaining to the demographics of State Bar applicants, including their ages and the disparate demographic impact upon those applicants in the administration of past State Bar licensing examinations.

18. With knowledge, intent, and authority of Defendants, the Examinations were caused to be unlawfully discriminatory towards Plaintiff and others in Plaintiff's protected age class.

19. Plaintiff was subsequently told by his then-employer law firm in San Jose that his employment was being terminated as a consequence of not receiving a passing score on the Examinations. Plaintiff's salary at this time exceeded $200,000 in annual compensation.

COMPLAINT

20.  Prior to partaking in the Examinations, Plaintiff and the general public were not made aware by Defendants of the extreme and unlawful discriminatory impact of the State Bar Attorney Examinations on examinees in Plaintiff's protected age class.

21.  Shortly after May 8, 2020, when Plaintiff learned he failed for a second time to receive a passing score for the February 2020 Examination, Plaintiff diligently sought further information from the State Bar regarding the circumstances surrounding his Examination scores. After repeated requests by Plaintiff pursuant to the California Public Records Act, Plaintiff eventually received, on July 7, 2020, anonymized records from the State Bar reflecting the combined Essay/MBE pass determinations and scaled/individual essay scores of the full July 2019 and February 2020 State Bar Examinations with respect to the ages (or birth years) of examinees ("State Bar Records"). Based on Plaintiff's analysis of these State Bar Records, Plaintiff discovered the extreme, arbitrary, and unlawful disparate impact of the Examinations exacted upon Plaintiff and others in Plaintiff's protected age category (see attached Exhibits A and B).

22.  In connection with partaking in the Examinations, Plaintiff paid Defendant State Bar $214.00 in application fees ("Application Fees"), $564.00 in "moral character" background check fees, $1,386.00 in fees for the July 2019 Examination and $1,215.00 in fees for the February 2020 Examination ("Examination Fees"). Defendant State Bar receives approximately $20 million in annual revenues from such fees.

23.  For purposes of preparing for the Examinations, Plaintiff paid BARBRI, a nationally recognized bar examination preparation educator, $2979.62, and paid Personal Bar Prep of Los Angeles, CA, a well-regarded California State Bar Examination preparation educator/tutor, $4,375.00, for study materials and tutoring services.

COMPLAINT

- 6 -

24.  Plaintiff engaged in over 300 hours of study and preparation for each of the July 2019 and February 2020 Examinations, hours of study that could have otherwise been dedicated to servicing clients as a Patent Attorney at a billing rate of $300 or more per hour.

25.  Prior to and after the July 2019 and February 2020 Examinations, Defendants represented and continue to falsely represent that the July 2019 and February 2020 Attorney Bar Examinations were scaled based on scores achieved in the corresponding national MBE portion of the full State Bar Licensing Examination ("MBE Scaling") purportedly in order to correlate the difficulty level and scoring of the Essay portion with the scoring of the MBE portion of the Examinations.  The State Bar falsely asserted that it would use and had used the scaling formula "Written Scale Score = $[\{(A - B)/C\} \times D] + E$," where "A = the sum of the applicant's Grader assigned scores across all the essay and PT questions in the test, B = mean of these scores across all applicants, C = the standard deviation (i.e., spread) of these scores for all applicants, D = the standard deviation of all applicants' MBE scores, and E = the mean of their MBE scores." (see, e.g., http://www.calbar.ca.gov/Admissions/Examinations/California-Bar-Examination/Scaling).

26.  Based on State Bar Records, it is not statistically possible that the MBE Scaling process was applied in scoring the essays of the July 2019 and February 2020 Attorney Bar Examinations as represented by the State Bar.  Across each and every category of age group of the Records, the mean pass rates for "scaled" essay scores fall below, and in most cases well below, the mean pass rates of the combined MBE and "scaled" Essay scores, reflecting that the average scaled Essay scores of the July 2019 and February 2020 Attorney Examinations are well below what they would have been had the MBE Scaling process actually been implemented by Defendants and the State Bar.   Furthermore, had the MBE Scaling process been applied in scoring the Examinations, the correlation between overall MBE/Essay pass rates and Essay pass

COMPLAINT

- 7 -

rates should be close to 1 and certainly no less than .95. Based on State Bar Records, the correlation coefficient between combined MBE/Essay pass rates and Essay pass rates was approximately .78 for the July 2019 Examination and approximately .74 for the February 2020 Examination, well below what is statistically possible had the MBE scaling process been applied.

27. Based on State Bar Records, the essays of the July 2019 and February 2020 Examinations were scored utilizing an arbitrary and unreasonable measure of manual dexterity that overwhelmingly favored younger examinees over older examinees in protected age categories, and that had no reasonable or legitimate relationship to an assessment of "minimum competence to practice law as an entry level attorney."

28. Plaintiff has met all of the requirements for admission as a member to Defendant State Bar and licensure to be employed in the practice of law in California, other than the assignment of a passing score in one of the unlawfully administered July 2019 and February 2020 Attorney Bar Examinations in which the Plaintiff participated.

29. Defendant State Bar was notified by Plaintiff of its unlawful and discriminatory practices in a certified letter of July 20, 2020.

30. On or around February 24, 2021, with actual notice and knowledge of the extreme discriminatory impact of the Examinations on applicants in protected age categories, Defendant State Bar implemented a program that grants a path to licensure to past examinees who achieved a lowered "scaled" "cut score" of 1390 on past State Bar Attorney Licensing Examinations ("Cut Score Program"), including the July 2019 and February 2020 Examinations that Plaintiff partook in. In its administration of the Cut Score Program, Defendants knowingly re-asserted the same scoring/scaling process that failed to follow the MBE Scaling process and furthered the unlawful discrimination exacted on Plaintiff in the original administration of the Examinations.

COMPLAINT

31.  Based on analysis of the Records provided by Defendant State Bar, the Cut Score Program heightens and furthers the unlawful age-based discrimination of the original administration of the July 2019 and February 2020 Examinations by increasing the differences in pass rates of younger examinees even more widely compared to examinees in Plaintiff's protected age category (see attached Exhibits A and B).

32.  On or around November 17, 2020, Defendant State Bar implemented another program that grants only newly graduated law students provisional licensure to practice California Law without a requirement for passing a State Bar Licensing Examination ("New Graduate Program") and requires these inexperienced new graduates to be employed by the State Bar's members.  The New Graduate Program is overwhelmingly restricted to younger applicants to Defendant State Bar and is not available to Plaintiff and to the vast majority of otherwise qualified individuals in protected age categories.

33.  The unlawfully discriminatory administration of the Examinations and implementation of the New Graduate and Cut Score Programs, and their provisions for mandatory employment by State Bar members, undoubtedly decrease costs and increase profits for employer State Bar members that Defendants represent in comparison to otherwise compelling employer State Bar members to employ and/or compete with the many older, experienced attorney applicants that Defendants unlawfully discriminate against.  The discriminatory administration of the Examinations further unjustly enriches Defendant with proceeds from repeated and overwhelmingly futile Examination attempts by State Bar applicants in protected age categories, including those of Plaintiff.  This unjust profiteering and monopolizing by Defendant and its members comes at the substantial expense of Plaintiff, many qualified State Bar applicants, and of the general public that Defendant purports to protect.

COMPLAINT

1      34.  Defendant State Bar has been designated by the U.S. Supreme Court as a "labor

2  union" acting on behalf of its members (*Keller v. State Bar of California*, 496 U.S. 1 (1990)) and

3  a "labor organization" under U.S.C  29 U.S. Code § 630 (d) as being one of "any organization of

4  any kind, any agency, or employee representation committee, group, association, or plan so

5  engaged in which employees participate and which exists for the purpose, in whole or in part, of

6  dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or

7  other terms or conditions of employment."   Defendant State Bar also qualifies as a "labor

8  organization" under the FEHA because it is an "organization constituted for the purpose, in

9  whole or in part, of collective bargaining or of dealing with employers regarding grievances,

10  terms or conditions of employment, or of providing other mutual aid or protection" (Cal. Code

11  Regs. tit. 2 § 11008(i)).

12      35.  Defendant State Bar is an "employment agency" under 29 U.S. Code § 630 (c)

13  because it engages in the "undertaking with or without compensation to procure employees for

14  an employer and includes an agent of such a person" by selectively procuring a steady stream of

15  younger employees for its employer State Bar members while effectively barring older, more

16  experienced employees from entering the workforce as attorney-employees in California and

17  competing with Defendant State Bar's members.  Defendant State Bar similarly qualifies as an

18  "employment agency" under the FEHA because it engages in the "undertaking for compensation

19  [Bar dues] to procure job applicants, employees or opportunities to work" (Cal. Code Regs. tit. 2

20  § 11008(f)).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## <u>DISCRIMINATION UNDER THE ADEA (29 U.S.C. § 623 (a) (1))</u>

COMPLAINT

36.   Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-35.

37.   Defendant State Bar is an employer of attorneys under 29 U.S. Code § 630 (b).

38.   Under the ADEA, 29 U.S.C. § 623 (a) (1) and § 630 (a)-(b), it is unlawful for an employer (or any "agent" of the employer or of a State, on behalf of the employer) to "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

39.   Defendant State Bar, as an employer and as an agent of its employer State Bar members, the State Supreme Court, and of the Judicial Council, discriminated against Plaintiff by requiring Plaintiff, as a prospective attorney employee, to pass said employment Examinations that egregiously discriminated against Plaintiff and other individuals on the basis of their ages (40 and older) as a condition of employment.  Defendant employer State Bar further discriminated against Plaintiff by effectively eliminating Plaintiff's access to employment in the practice of law under any employer in California based on his age, thereby interfering with Plaintiff's "privileges of employment."

## SECOND CAUSE OF ACTION

## DISCRIMINATION UNDER THE ADEA (29 U.S.C. § 623 (b))

40.   Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-39.

41.   Defendant is a labor organization under the ADEA, 29 U.S.C. § 630 (d) (see supra ¶ 34).

42.   Under the ADEA, 29 U.S.C. § 623 (d), it is unlawful for a labor organization "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age" or "to limit, segregate, or classify its membership, or to classify or fail or

refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's age."

43. Defendant, as a labor organization, discriminated against Plaintiff by requiring Plaintiff, as a prospective State Bar member, to pass said employment Examinations that egregiously discriminated against Plaintiff and other individuals on the basis of their ages as a condition of membership and denying Plaintiff employment opportunities based on his age.

### THIRD CAUSE OF ACTION

### DISCRIMINATION UNDER THE ADEA (29 U.S.C. § 623 (b))

44. Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-43.

45. Defendant is an employment agency under the ADEA, 29 U.S.C. § 630 (c).

46. Under the ADEA, 29 U.S.C. § 623 (b), it is unlawful for an employment agency to "to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age."

47. Defendant, as an employment agency, discriminated against Plaintiff by requiring Plaintiff, as a prospective employee of its employer members, of the State Supreme Court, and of the Judicial Council, to pass said employment Examinations that egregiously discriminated against Plaintiff and other individuals on the basis of their ages as a condition of classifying Plaintiff as an attorney employee.

### FOURTH CAUSE OF ACTION

### DISCRIMINATION UNDER THE FEHA (Gov. Code §§ 12940 (a))

COMPLAINT

48.  Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-47.

49.  Defendant is an employer of attorneys pursuant to Cal. Gov. Code § 12940 (j)(4)(a).

50.  Under the FEHA, Cal. Gov. Code § 12940 (a), it is unlawful for an employer, because of a person's age, to "to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

51.  Defendant, as an employer, discriminated against Plaintiff by requiring Plaintiff, as a prospective attorney-employee, to pass said employment Examinations that egregiously discriminated against Plaintiff and other individuals on the basis of their ages (40 and older) as a condition of employment by Defendant State Bar.  Defendant employer State Bar further discriminated against Plaintiff by effectively eliminating Plaintiff's access to employment in the practice of law by any employer in California based on his age, thereby interfering with Plaintiff's "privileges of employment."

## FIFTH CAUSE OF ACTION

### DISCRIMINATION UNDER THE FEHA (Cal. Gov. Code §§ 12944 (a) and (c))

52.  Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-51.

53.  Defendant State Bar is a "licensing board" under FEHA, Cal. Gov. Code § 12944 because Defendant State Bar is a licensing board and agency in California that "has the authority to grant licenses or certificates which are prerequisites to employment eligibility or professional status."

54.  Under the FEHA, Cal. Gov. Code § 12944 (a), it is unlawful for a licensing board to "require any examination or establish any other qualification for licensing that has an adverse

COMPLAINT

- 13 -

impact on any class by virtue of its race, creed, color, national origin,…,[or] age,…, unless the practice can be demonstrated to be job related."

55.  Under § 12944 (c),  it "shall be unlawful for any licensing board, unless specifically acting in accordance with federal equal employment opportunity guidelines or regulations approved by the commission, to print or circulate or cause to be printed or circulated any publication, or to make any non-job-related inquiry, either verbal or through use of an application form, which expresses, directly or indirectly, any limitation, specification, or discrimination as to race, religious creed, color, national origin,…., [or] age,…"

56.  Defendant, as a licensing board under Cal. Gov. Code § 12944, discriminated against Plaintiff by administering a licensing examination to plaintiff and other examinees that overwhelmingly favored younger examinees over older examinees (of ages 40 and older) and caused the publication of examination results that implied Plaintiff and other examinees lacked "minimum competency" to practice law as an "entry level attorney" based on their ages.

## SIXTH CAUSE OF ACTION

## DISCRIMINATION UNDER THE FEHA (Cal. Gov. Code § 12940 (b))

57.  Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-56.

58.  Defendant State Bar is a labor organization under the FEHA (see supra ¶ 34).

59.  Under the FEHA, § 12940 (b), it is unlawful for a labor organization to "exclude, expel, or restrict from its membership the person, or to provide only second-class or segregated membership or to discriminate against any person" because of the person's age.

60.  Defendant State Bar, as a labor organization, discriminated against Plaintiff by requiring Plaintiff, as a condition of membership, to pass said employment Examinations that

1    egregiously discriminated against Plaintiff and other individuals on the basis of their ages (40

2    and older).

3                              **SEVENTH CAUSE OF ACTION**

4        **DISCRIMINATION UNDER THE FEHA (Cal. Gov. Code § 12940 (i))**

5

6        61.  Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-60.

7        62.  Defendant is an "employment agency" and an agent of its attorney employer

8    members and that of the attorney employers State Supreme Court and Judicial Council.

9        63.  Under the FEHA, Gov. Code § 12940 (i), it is unlawful for an agent of an employer

10   to "aid, [or] abet,… the doing of any of the acts forbidden under this part, or to attempt to do so."

11

12       64.  Defendant State Bar, as an agent of its members, the State Supreme Court, and of the

13   Judicial Council, discriminated against Plaintiff, as a prospective attorney-employee, by

14   administering the egregiously discriminatory employment Examinations on behalf of its

15   members, the State Supreme Court, and the Judicial Council as a condition of employment by

16   these employers.

17                                 **PRAYER FOR RELIEF**

18       Wherefore, Plaintiff Mr. Flinders respectfully prays for the following:

19

20       A.      Enter judgement in his favor and against Defendant, State Bar of California;

21       B.      Declare the acts and practices of complained of herein are in violation of

22   Plaintiff's rights as secured by the Age Discrimination in Employment Act of 1967, 29

23   U.S.C. § 621 et seq. and the California Fair Employment and Housing Act, Gov. § 12940

24   et seq.;

25

26       C.      Enjoin Defendant from engaging in such unlawful employment practices;

27

28

COMPLAINT

D.     Award of back pay and benefits, including salary increases, commissions, bonuses, vacation pay, health insurance, and job search costs, with interest on the same running until the date a final judgement is entered for him.

E.     Award of damages for fees and costs associated with Defendant's discriminatory employment Examinations, including application and examination fees, examination preparation costs, and other associated costs;

F.     Award of monetary damages, including compensatory damages for emotional distress and other injuries;

G.     Punitive damages;

H.     Prejudgment interest;

I.     Costs to the extent provided for by law, including attorneys' fees and expert witness fees, and costs;

J.     An order awarding Mr. Flinders such other relief as deemed just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

DATED:  July 12, 2022

Matthew Flinders, Plaintiff

COMPLAINT

- 16 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT

# A1 - PLAINTIFF'S ANALYSIS OF FEBRUARY 2020 EXAM RESULTS

(Approx. **Ages 64+**)
Overall Pass Rate* Birth Year > 1955

**Essay Pass Rates\*\***

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 2 | 73 | 2.74% | 0 | 13 | 0.00% | 0 | 0.00% |

(Approx. **Ages 59 to 64**)
Overall Pass Rate Birth Year - 1956 to 1960

Essay Pass Rates

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 8 | 109 | 7.34% | 0 | 101 | 0.00% | 1 | 0.99% |

(Approx. **Ages 54 to 59**)
Overall Pass Rate Birth Year - 1961 to 1965

Essay Pass Rates

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 19 | 158 | 12.0% | 1 | 140 | 0.71% | 8 | 5.71% |

(Approx. **Ages 49 to 54**)
Overall Pass Rate Birth Year - 1966 to 1970

Essay Pass Rates

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 25 | 205 | 12.20% | 3 | 180 | 1.67% | 11 | 6.11% |

(Approx. **Ages 44 to 49**)
Overall Pass Rate Birth Year - 1971 to 1975

Essay Pass Rates

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 40 | 289 | 13.84% | 22 | 271 | 8.12% | 40 | 14.76% |

(Approx. **Ages 39 to 44**)
Overall Pass Rate Birth Year - 1976 to 1980

Essay Pass Rate

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 68 | 422 | 16.11% | 58 | 413 | 14.04% | 92 | 22.28% |

(Approx. **Ages 34 to 39**)
Overall Pass Rate Birth Year - 1981 to 1985

Essay Pass Rate

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 208 | 742 | 28.03% | 170 | 742 | 22.91% | 244 | 32.88% |

(Approx. **Ages 29 to 34**)
Overall Pass Rate Birth Year - 1986 to 1990

Essay Pass Rate

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 456 | 1374 | 33.19% | 407 | 1374 | 29.62% | 562 | 40.90% |

(Approx. **Ages 24 to 29**)
Overall Pass Rate Birth Year - 1991 to 1996

Essay Pass Rate

| Pass | Count | %Pass | Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|---|---|---|
| 457 | 1207 | 37.86% | 436 | 1197 | 36.42% | 595 | 49.71% |

*Pass rates based on records of July 7, 2020 provided by State Bar
**Essay pass determinations based separately on the (original) 1440 and (retroactive) 1390 cut scores applied to State Bar records provided with essay scores

# A2 - PLAINTIFF'S ANALYSIS OF JULY 2019 EXAM RESULTS

**(Approx. Ages 64+)**
Overall Pass Rate* Birth Year > 1955

| Pass | Count | %Pass |
|---|---|---|
| 6 | 86 | 6.98% |

Essay Pass Rates**

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 0 | 25 | 0.00% | 2 | 8.00% |

**(Approx. Ages 59 to 64)**
Overall Pass Rate Birth Year - 1956 to 1960

| Pass | Count | %Pass |
|---|---|---|
| 6 | 99 | 6.06% |

Essay Pass Rate

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 0 | 93 | 0.00% | 0 | 0.00% |

**(Approx. Ages 54 to 59)**
Overall Pass Rate Birth Year - 1961 to 1965

| Pass | Count | %Pass |
|---|---|---|
| 21 | 165 | 12.73% |

Essay Pass Rates

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 1 | 144 | 0.69% | 7 | 4.86% |

**(Approx. Ages 49 to 54)**
Overall Pass Rate Birth Year - 1966 to 1970

| Pass | Count | %Pass |
|---|---|---|
| 32 | 239 | 13.39% |

Essay Pass Rates

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 1 | 207 | 0.48% | 10 | 4.83% |

**(Approx. Ages 44 to 49)**
Overall Pass Rate Birth Year - 1971 to 1975

| Pass | Count | %Pass |
|---|---|---|
| 92 | 365 | 25.21% |

Essay Pass Rates

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 75 | 365 | 20.55% | 114 | 31.23% |

**(Approx. Ages 39 to 44)**
Overall Pass Rate Birth Year - 1976 to 1980

| Pass | Count | %Pass |
|---|---|---|
| 161 | 542 | 29.70% |

Essay Pass Rates

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 126 | 542 | 23.25% | 185 | 34.13% |

**(Approx. Ages 34 to 39)**
Overall Pass Rate Birth Year - 1981 to 1985

| Pass | Count | %Pass |
|---|---|---|
| 401 | 1047 | 38.30% |

Essay Pass Rates

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 365 | 1047 | 34.86% | 478 | 45.65% |

**(Approx. Ages 29 to 34)**
Overall Pass Rate Birth Year - 1986 to 1990

| Pass | Count | %Pass |
|---|---|---|
| 1177 | 2312 | 50.91% |

Essay Pass Rates

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 1099 | 2312 | 47.53% | 1385 | 59.90% |

**(Approx. Ages 24 to 29)**
Overall Pass Rate Birth Year - 1991 to 1996

| Pass | Count | %Pass |
|---|---|---|
| 2202 | 3296 | 66.81% |

Essay Pass Rates

| Pass Count (1440) | Count | %Pass (1440) | Pass Count (1390) | %Pass (1390) |
|---|---|---|---|---|
| 2081 | 3296 | 63.14% | 2462 | 74.70% |

\* Pass rates based on records of July 7, 2020 provided by State Bar
\*\*Essay pass determinations based separately on the (original) 1440 and (retroactive) 1390 cut scores applied to State Bar records provided with essay scores

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

COMPLAINT

# FIRST PAGE OF STATE BAR RAW RECORDS OF JULY 7, 2020
## (page 1 of 375)

| Year of Birth | Exam | Essay scaled total | Essay #1 | Essay #2 | Essay #3 | Essay #4 | Essay #5 | Performance Test raw | Pass/F |
|---|---|---|---|---|---|---|---|---|---|
| 1932 | July 2019 | ■ | ■ | | | ■ | | | F |
| 1932 | February 2020 | ■ | ■ | ■ | | ■ | | | F |
| 1933 | July 2019 | ■ | ■ | | | ■ | | | F |
| 1933 | February 2020 | ■ | | | | ■ | | | F |
| 1933 | February 2020 | ■ | ■ | | | ■ | | | F |
| 1936 | July 2019 | ■ | ■ | | | ■ | | | F |
| 1936 | February 2020 | ■ | | | | ■ | | | F |
| 1940 | July 2019 | ■ | ■ | | | ■ | | | F |
| 1940 | July 2019 | ■ | ■ | | | ■ | | | P |
| 1940 | February 2020 | ■ | ■ | ■ | | ■ | | | F |
| 1941 | July 2019 | ■ | ■ | ■ | | ■ | | | F |
| 1941 | July 2019 | ■ | ■ | ■ | | ■ | | | F |
| 1942 | July 2019 | ■ | ■ | ■ | | ■ | | | F |
| 1942 | February 2020 | ■ | ■ | ■ | | ■ | | | F |
| 1942 | February 2020 | ■ | ■ | ■ | | ■ | | | F |
| 1943 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1943 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1944 | July 2019 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1944 | July 2019 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1944 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1945 | July 2019 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1945 | July 2019 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1945 | July 2019 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1945 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1946 | July 2019 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1946 | July 2019 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1946 | July 2019 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1946 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1946 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1946 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1946 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |
| 1946 | February 2020 | ■ | ■ | ■ | | ■ | | ■ | F |