1   ELLIN DAVTYAN (238608)
General Counsel
2   ROBERT G. RETANA (148677)
Deputy General Counsel
3   JEAN KRASILNIKOFF (280450)
Assistant General Counsel
4   OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
5   180 Howard Street
San Francisco, CA 94105-1639
6   Tel: (415) 538-2444
Fax: (415) 538-2321
7   Email: jean.krasilnikoff@calbar.ca.gov

8   Attorneys for Defendant STATE BAR OF CALIFORNIA

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12   MATTHEW FLINDERS, an individual          Case No.   5:22-cv-04072-VKD

13            Plaintiff,

14   v.                                        **DEFENDANT STATE BAR OF
                                               CALIFORNIA'S NOTICE OF MOTION
15                                             AND MOTION TO DISMISS
                                               COMPLAINT; MEMORANDUM OF
16   STATE BAR OF CALIFORNIA,                  POINTS AND AUTHORITIES IN
                                               SUPPORT THEREOF**
17            Defendant.
                                               DATE:    November 15, 2022
18                                             TIME:    10:00 A.M.
                                               DEPT:    2, Fifth Floor
19                                             JUDGE:   HON. VIRGINIA K. DEMARCHI

20

21

22

23

24

25

26

27

28

**Table of Contents**

I.   INTRODUCTION..................................................................................................1

II.  BACKGROUND ................................................................................................1

    A.   The State Bar is the Administrative Arm of the Supreme Court in
         Matters of Attorney Licensing. ...........................................................1

    B.   Plaintiff Fails to Pass the Attorneys' Exam After Two Attempts. ...............2

    C.   Plaintiff Is Not and Has Never Been an Employee of the State Bar. ............2

    D.   Plaintiff's Conclusory Allegations of Age Discrimination. ........................2

    E.   Plaintiff's Related State Court Proceedings Were Dismissed
         With Prejudice. ................................................................................3

III. LEGAL STANDARD .......................................................................................3

IV.  ARGUMENT .....................................................................................................4

    A.   The Complaint Should Be Dismissed Without Leave to Amend Under Rule
         12(b)(1) Because This Court Lacks Subject Matter Jurisdiction. ..................4

         1.   The Eleventh Amendment Bars Plaintiff's Suit Against the
              State Bar. ..............................................................................4

         2.   The California Supreme Court Has Exclusive Jurisdiction Over
              Matters Relating to Attorney Licensing. .......................................6

    B.   The Complaint Should Be Dismissed Without Leave to Amend Under Rule
         12(b)(6) Because Plaintiff Does Not and Cannot State a Claim Upon Which
         Relief Can Be Granted........................................................................7

         1.   Plaintiff's Claims Are Barred by Res Judicata. ...............................7

         2.   Plaintiff Fails to State a Claim Under the ADEA Because
              Plaintiff Has Never Been Employed by the State Bar and the State
              Bar is Not an Employment Agency or Labor Organization. ..............8

         3.   Plaintiff Fails to State a Claim Under FEHA Because Plaintiff
              Has Never Been Employed by the State Bar and the State Bar is
              Not a Licensing Board, Employment Agency, or Labor
              Organization as Defined by FEHA..............................................10

         4.   Plaintiff Fails to State Any Claim Because He Fails to Plead Facts
              Raising a  Plausible Inference of Age Discrimination. .....................12

V.   CONCLUSION ................................................................................................13

**TABLE OF AUTHORITIES**

**Cases**

*Allegrino v. State Bar of Cal.*
2007 U.S. Dist. LEXIS 40155 (N.D. Cal. May 10, 2007) ................................................. 5

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................................................ 4

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ..................................................................................................... 4, 12

*Camacho v. Puerto Rico Ports Authority*
(1st Cir. 2004) 369 F.3d 570 .............................................................................................. 8

*Chaney v. State Bar of Cal.*
386 F.2d 962 (9th Cir. 1967) .............................................................................................. 6

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) ................................................................................................ 4

*Coll. Sav. Bank. v. Fla. Prepaid Postsecondary Ed. Expense Bd.*
527 U.S. 666 (1999) ............................................................................................................ 5

*Costantini v. Trans World Airlines*
681 F.2d 1199 (9th Cir. 1982) ........................................................................................... 7

*Dydzak v. State of Cal.*
2009 WL 499745 (C.D. Cal. Feb. 26, 2009) ..................................................................... 5

*E.E.O.C. v Local 350, Plumbers and Pipefitters*
842 F. Supp. 417 (D. Nev. 1994) ....................................................................................... 9

*Figueroa v. City of Camden*
580 F. Supp. 2d 390 (D. N.J. 2008) ................................................................................... 9

*Fitzsimons v. Cal. Emergency Physicians Med. Group*
205 Cal.App.4th 1423 (2012) .......................................................................................... 10

*Fordyce v. City of Seattle*
55 F.3d 436 (9th Cir. 1995) ................................................................................................ 6

*Freeman v. Oakland Unif. Sch. Dist.*
179 F.3d 846 (9th Cir. 1999) .............................................................................................. 6

*Goddard v. Sec. Title Ins. & Guarantee Co.*
14 Cal.2d 47 (1939) ............................................................................................................ 7

*Gregory v. Widnall*
153 F.3d 1071 (9th Cir. 1998) ........................................................................................... 7

*Haddock v. Bd. of Dental Examiners of Cal.*
777 F.2d 462 (9th Cir. 1985) .............................................................................................. 9

*Headwaters Inc. v. U.S. Forrest Service*
   399 F.3d 1047 (9th Cir. 2005) ............................................................................ 7

*Hill v. New York City Bd. of Educ.*
   808 F. Supp. 141 (E.D.N.Y. 1992) .................................................................... 10

*Hirsh v. Justice of Supreme Court of Cal.*
   67 F.3d 708 (9th Cir. 1995) ................................................................................. 5

*In re Rose*
   22 Cal.4th 420 (2000) ................................................................................... 1, 11

*Kay v. State Bar of Cal.*
   2009 U.S. Dist. LEXIS 43400 (N.D. Cal. May 21, 2009) ................................. 5

*Keller v. State Bar of California*
   47 Cal.3d 1152 (1989) ............................................................................. 2, 9, 10

*Khanna v. State Bar of Cal.*
   308 Fed. App'x 176 (9th Cir. 2009) .................................................................... 5

*Kimel v. Florida Bd. of Regents*
   528 U.S. 62 (2000) ............................................................................................. 5

*Kohn v. State Bar of Cal.*
   497 F. Supp. 3d 526 (N.D. Cal. 2020) ............................................................. 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ........................................................................................... 4

*Konig v. State Bar of Cal.*
   256 Fed. App'x 900 (9th Cir. 2007) .................................................................... 5

*Lupert v. Cal. State Bar*
   761 F.2d 1325 (9th Cir. 1985) ............................................................................ 5

*Miller v. Rykoff-Sexton, Inc.*
   845 F.2d 209 (9th Cir. 1998) ............................................................................ 13

*Missouri v. Fiske*
   290 U.S. 18 (1933) ............................................................................................. 4

*Nunes v. Ashcroft*
   348 F.3d 815 (9th Cir. 2003) ............................................................................ 13

*Owens v. Kaiser Found. Health Plan, Inc.*
   244 F.3d 708 (9th Cir. 2001) ......................................................................... 7, 8

*Pena v. Gardner*
   976 F.2d 469 (9th Cir. 1992) .............................................................................. 5

*Pennhurst State School & Hospital v. Halderman*
   465 U.S. 89 (1984) ............................................................................................. 4

*Putman v. State Bar of Cal.*
   2010 U.S. Dist. LEXIS 80283 (C.D. Cal. June 25, 2010) ................................. 5

*Saul v. United States*
   928 F.2d 829 (9th Cir. 1991) ............................................................. 13

*Savage v. Glendale Union High Sch.*
   343 F.3d 1036 (9th Cir. 2003) ............................................................. 3

*Scott v. Breeland*
   792 F.2d 925 (9th Cir. 1986) ............................................................. 3

*Seaborn v. State of Florida Dept. of Corr.*
   143 F.3d 1405 (11th Cir. 1998) ............................................................. 6

*Shephard v. Loyola Marymount Univ.*
   102 Cal.App.4th 837 (2002) ............................................................. 10

*Sheppard v. David Evans and Assoc.*
   694 F.3d 1045 (9th Cir. 2012) ............................................................. 12

*Smith v. State Bar of Cal.*
   212 Cal.App.3d 971 (1989) ............................................................. 6

*Stanley v. Trs. of the Cal. State Univ.*
   433 F.3d 1129 (9th Cir. 2006) ............................................................. 5

*Swierkiewicz v. Sorema N.A.*
   534 U.S. 506 (2002) ............................................................. 12

*Tanasescu v. State Bar of Cal.*
   569 Fed. App'x 502 (9th Cir. 2014) ............................................................. 5

*Usher v. City of Los Angeles*
   828 F.2d 556 (9th Cir. 1987) ............................................................. 4

*Vernon v. State of Cal.*
   116 Cal.App.4th 114 (2004) ............................................................. 8, 10

*Western Radio Servs. Co. v. Glickman*
   123 F.3d 1189 (9th Cir. 1997) ............................................................. 7

*Woodard v. Virginia Bd. of Bar Examiners*
   598 F.2d 1345 (4th Cir. 1979 ) ............................................................. 9

**Statutes**

29 U.S.C.
   § 623(a) ............................................................. 8
   § 623(d) ............................................................. 9

California Business & Professions Code
   § 6001 ............................................................. 1
   § 6001.1 ............................................................. 9
   § 6002 ............................................................. 2

   § 6013.1 ............................................................. 10
   § 6013.3 ............................................................. 10
   § 6013.5 ............................................................. 10

§ 6031.5 .................................................................................................. 10
§ 6046 ...................................................................................................... 6
§ 6060(g) .................................................................................................. 2
§ 6066 ...................................................................................................... 6

California Government Code
§ 900.4 ..................................................................................................... 5
§ 900.6 ..................................................................................................... 5
§ 12804 .................................................................................................. 11
§ 12940(a) ............................................................................................. 10
§ 12944(f) .............................................................................................. 11

**Legislative History**

California Statutes
Ch. 415 (S.B. 1897) ............................................................................. 10
Ch. 422 (S.B. 36) ................................................................................. 10
Ch. 452 (S.B. 1498) (filed Sept. 19, 2022) ......................................... 11

**Rules**

Federal Rule of Civil Procedure
rule 12(b)(1) ..................................................................................... 1, 3
rule 12(b)(6) ......................................................................................... 4

California Rules of Court
rules 9.3-9.6 .......................................................................................... 6
rule 9.13 ................................................................................................. 6

**Regulations**

California Code of Regsulations
tit. 2, § 11008(f) ........................................................................... 11, 12

**Constitutional Provisions**

California Constitution
art. VI, § .............................................................................................. 1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on November 15, 2022, at 10:00 A.M., or as soon thereafter as this matter may be heard, before the Honorable Virginia K. DeMarchi, Courtroom 2, Fifth Floor, of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendant The State Bar of California, ("State Bar") will and hereby does move the Court for an Order under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint as to all claims.

The Motion is brought on the following grounds:

The Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Eleventh Amendment bars Plaintiff claims. Additionally, he has not petitioned the California Supreme Court, and his claim is, therefore, jurisdictionally barred.

The Complaint should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's claims are barred by res judicata. Additionally, Plaintiff cannot state any claim for age discrimination under either the Age Discrimination in Employment Act or the California Fair Employment and Housing Act because he has never had an employment relationship with the State Bar, and he fails to plead facts raising a plausible inference of age discrimination.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and records incorporated therein, Defendant's Request for Judicial Notice, filed herewith, all pleadings and papers on file in this action and any related actions, and oral argument as may be presented to the Court.

///
///
///
///
///
///

Dated: October 7, 2022

Respectfully submitted,

ELLIN DAVTYAN
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By:/s/  JEAN KRASILNIKOFF

JEAN KRASILNIKOFF
Assistant General Counsel

Attorneys for Defendant
State Bar of California

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Plaintiff Matthew Flinders ("Flinders"), an attorney licensed in Massachusetts, has been unable to pass the California Attorneys' Exam – a requirement for a license to practice law in California – after multiple attempts. Unable to satisfy the Attorneys' Exam requirement, Plaintiff now alleges that the examination violates the Age Discrimination in Employment Act ("ADEA") and the California Fair Employment and Housing Act ("FEHA") by discriminating against individuals who are over 40 years old.

Plaintiff's claims are legally and factually deficient. The Complaint should therefore be dismissed in its entirety without leave to amend. First, this Court lacks subject matter jurisdiction over Plaintiff's claims. Defendant, the State Bar of California ("State Bar"), is immune from a federal lawsuit under the Eleventh Amendment. Additionally, the California Supreme Court has exclusive jurisdiction over attorney admissions matters, and Plaintiff's only recourse to challenge the results of his failed Attorneys' Examinations is a petition to the California Supreme Court, not to file a federal lawsuit. Further, Plaintiff's claims are barred by res judicata and therefore, he cannot state a claim upon which relief may be granted. Additionally, Plaintiff does not and cannot allege that he has ever had an employment relationship with the State Bar, nor can he state facts sufficient to raise a plausible inference of age discrimination. Therefore, he fails to state a claim under both the ADEA and FEHA. Where, as here,  a Plaintiff is unable to cure these fatal flaws, the Court should grant the State Bar's motion to dismiss without leave to amend.

## II.  BACKGROUND

### A.  The State Bar is the Administrative Arm of the Supreme Court in Matters of Attorney Licensing.

The State Bar is a public corporation established by the California State Constitution; it operates as an administrative arm of the California Supreme Court in attorney licensing, discipline, and regulation. Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6001; *In re Rose*, 22 Cal.4th 430, 438 (2000). The State Bar administers the California Bar Exam, which applicants must pass to become licensed attorneys in California. Cal. Bus. & Prof. Code § 6060(g). For

most applicants, the Bar Exam is a two-day exam; day one consists of essays and a performance test, and day two consists of the multiple-choice Multistate Bar Exam. Examinees who are licensed in good standing in other states for at least four years immediately preceding the exam may take the Attorneys' Exam, which consists only of day one of the two-day Bar Exam.

The State Bar does not have "members;" it regulates attorney "licensees." *See* Cal. Bus. & Prof. Code 6002. Although the State Bar was, in the past, an "integrated bar," it is not, nor has it ever been, a "labor union." *See Keller v. State Bar of California*, 496 U.S. 1.

**B.  Plaintiff Fails to Pass the Attorneys' Exam After Two Attempts.**

Plaintiff is a 51-year-old attorney licensed in Massachusetts. Compl. ¶ 13. Plaintiff alleges that in 2018, he was offered a job with a law firm in San Jose, California, and subsequently moved to Santa Clara County to pursue that opportunity. *Id*. Plaintiff alleges he was required to obtain a California law license as a condition of employment. Compl. ¶¶ 13, 19. Plaintiff took the Attorneys' Exam in July 2019 and February 2020 and was unsuccessful on both attempts. Compl. ¶¶ 15, 16. Plaintiff alleges that his employment with the San Jose law firm was subsequently terminated. Compl. ¶ 19.

**C.  Plaintiff Is Not and Has Never Been an Employee of the State Bar.**

Plaintiff does not allege, nor can he, that he has ever had an employment relationship with the State Bar. *See generally* Compl. Instead, he alleges that the State Bar interfered with his "access to and 'privileges of employment'" by denying him an attorney license when he failed to pass the Attorneys' Exam. Compl. ¶ 3.

**D.  Plaintiff's Conclusory Allegations of Age Discrimination.**

Plaintiff generally alleges that the State Bar engaged in a practice of discriminating against examinees over 40 years old. Compl. ¶¶ 12, 18, 21, 27, 30-33. Plaintiff alleges the "[e]xaminations were caused to be unlawfully discriminatory towards Plaintiff and others in Plaintiff's protected age class." Compl. ¶ 18. In support of his Complaint, Plaintiff provides his own statistical analysis regarding the full Bar Exam, not the Attorneys' Exam, which purportedly shows that younger examinees passed the July 2019 and February 2020 exams at a higher rate than older examinees. Compl. ¶¶ 2, 12, 21, 26, 27, 31, Exhs. A-B. Plaintiff also alleges that the

July 2019 and February 2020 Bar Exam and Attorneys' Exam were "scored using an arbitrary and unreasonable measure of manual dexterity that overwhelmingly favored younger examinees over older examinees" but fails to identify any facts in support of this contention. Compl. ¶ 27.

Plaintiff also alleges that two "programs" adopted by the California Supreme Court and administered by the State Bar during the COVID-19 pandemic discriminated against older examinees. Compl. ¶¶ 30-33. Plaintiff refers to these "programs" as the "Cut Score Program" and the "New Graduate Program." *Id.* Plaintiff alleges the "Cut Score Program," which created an alternative pathway to licensure for examinees who received a score of 1390 or higher on past Bar Exams and Attorneys' Exams, "furthered the unlawful age-based discrimination" of past exams by "increasing the differences in pass rates" between younger examinees and examines over the age of 40. Compl. ¶ 31. Plaintiff fails to articulate a causal connection between examinee age and pass rates. With respect to the "New Graduate Program," which provided 2020 law school graduates the opportunity to become provisionally licensed prior to taking and passing the Bar Exam, Plaintiff alleges that the program is "overwhelmingly restricted to younger examinees" but fails to allege any facts demonstrating that examinees over 40 years old have been excluded from the program. Compl. ¶ 32.

### E.  Plaintiff's Related State Court Proceedings Were Dismissed With Prejudice.

On April 1, 2022, Plaintiff filed a state court action in the Santa Clara County Superior Court based on the same factual allegations as the instant complaint. *See* Defendant's Request for Judicial Notice ("RJN"), Exh. A. The court issued an order sustaining a demurrer without leave to amend on September 14, 2022. *Id.* at Exh. B.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) tests the Court's subject matter jurisdiction. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff

1  proves otherwise in response to a Rule 12(b)(1) motion to dismiss. *See Kokkonen v. Guardian*

2  *Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).

3       To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff

4  must allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v.*

5  *Twombly*, 550 U.S. 544, 570 (2007); that is, the plaintiff must allege facts that consist of "more

6  than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662,

7  678 (2009). A plaintiff must allege more than "labels and conclusions, and a formulaic recitation

8  of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. Instead, the

9  plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

10  While a court must accept as true the allegations of the complaint and construe the pleading in

11  the light most favorable to plaintiff, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.

12  1987), the "court is not required to accept legal conclusions cast in the form of factual allegations

13  if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

14  *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

15  **IV.  ARGUMENT**

16      **A.  The Complaint Should Be Dismissed Without Leave to Amend Under Rule 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction.**

17         ***1.  The Eleventh Amendment Bars Plaintiff's Suit Against the State Bar.***

18       It is well settled that, in the absence of consent, a suit in federal court against a state or

19  one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State*

20  *School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). The jurisdictional bar applies

21  regardless of the nature of the relief sought. *Pennhurst*, 465 U.S. at 100-101; s*ee also Missouri v.*

22  *Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as law, the

23  [Eleventh] Amendment necessarily embraces demands for the enforcement of equitable rights

24  and the prosecution of equitable remedies when these are asserted and prosecuted by an

25  individual against a State"). Furthermore, it applies to pendent or supplemental state law claims.

26  *Pennhurst*, 465 U.S. at 120-21 (pendent jurisdiction does not permit evasion of the immunity

27  guaranteed by the Eleventh Amendment).

28

1    The Ninth Circuit has repeatedly and long held that the State Bar is an arm of the State

2    with sovereign immunity under the Eleventh Amendment. *See Hirsh v. Justice of Supreme Court*

3    *of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir.

4    1985); *see also Tanasescu v. State Bar of Cal.*, 569 Fed. App'x 502 (9th Cir. 2014) (mem. disp.);

5    *Khanna v. State Bar of Cal.*, 308 Fed. App'x 176 (9th Cir. 2009) (mem. disp.); *Konig v. State*

6    *Bar of Cal.*, 256 Fed. App'x 900 (9th Cir. 2007) (mem. disp.). District courts in California agree

7    that the State Bar enjoys sovereign immunity.[1] Plaintiff's claims for violations of the ADEA and

8    his pendent FEHA claims against the State Bar are absolutely barred by the Eleventh

9    Amendment.

10   To the extent Plaintiff asserts that the ADEA permits suits against the state, the United

11   States Supreme Court has held that the ADEA did not validly abrogate states' Eleventh

12   Amendment immunity from suit by private individuals. *Kimel v. Florida Bd. of Regents*, 528

13   U.S. 62, 72-92. (2000).[2] Furthermore, a state entity does not waive its Eleventh Amendment

14   immunity from suit in federal court by stating its intention to "sue or be sued." *See Coll. Sav.*

15   *Bank. v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 676 (1999); *Stanley v. Trs.*

16   *of the Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). The State Bar is immune to

17   Plaintiff's claims under the Eleventh Amendment, and therefore, his complaint should be

18   dismissed in its entirety with prejudice. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992)

19

20

21

22   [1] *See, e.g., Kay v. State Bar of Cal.*, 2009 U.S. Dist. LEXIS 43400, at *5 (N.D. Cal. May 21, 2009) ("It is well established that the State Bar and the State Bar's Board of Governors are arms of the State for Eleventh Amendment purposes."); *Allegrino v. State Bar of Cal.*, 2007 U.S. Dist. LEXIS 40155 (N.D. Cal. May 10, 2007) (State Bar of California is an "arm of the state" entitled to Eleventh Amendment immunity); *Putman v. State Bar of Cal.*, 2010 U.S. Dist. LEXIS 80283, at *21 (C.D. Cal. June 25, 2010) (same); *Dydzak v. State of Cal.*, 2009 WL 499745 at * 11 (C.D. Cal. Feb. 26, 2009).

23

24

25

26   [2] Plaintiff's Complaint asserts that the State Bar is not the "state," citing to the State Bar's demurrer to his related state court action. Compl. ¶ 6. Plaintiff's reference to the demurrer, which discusses compliance with the California Government Claims Act, is misleading. Under the definitions provided for in the California Government Claims Act, the State Bar is defined as a "local public entity" not the "state." *See* Cal. Gov. Code §§ 900.4, 900.6. This definition is irrelevant to Eleventh Amendment immunity and coverage under the ADEA.

27

28

1   (defense of Eleventh Amendment is a jurisdictional bar); *Seaborn v. State of Florida Dept. of*
2   *Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998) (same).

3          Likewise, Plaintiff's pendent FEHA claims are barred by sovereign immunity. *See*
4   *Freeman v. Oakland Unif. Sch. Dist.*, 179 F.3d 846, 846-47 (9th Cir. 1999) (Eleventh
5   Amendment bars FEHA claims against California state agency). California has not waived
6   immunity to FEHA actions in federal court. *See Fordyce v. City of Seattle*, 55 F.3d 436, 441 (9th
7   Cir. 1995) ("Although [a state] may waive the protection of the Eleventh Amendment's
8   jurisdictional bar by passing a statute consenting to be sued, a statute consenting to suit in state
9   court does not constitute consent to suit in a federal court.")

10          ***2.  The California Supreme Court Has Exclusive Jurisdiction Over Matters***
11          ***Relating to Attorney Licensing.***

12          The California Supreme Court has "'sole original jurisdiction' over the attorney
13   admissions process." *Smith v. State Bar of Cal.*, 212 Cal.App.3d 971, 976 (1989). Pursuant to the
14   authority delegated to it by the California Supreme Court, the State Bar's Committee of Bar
15   Examiners ("CBE") may examine applicants, administer requirements for admission, and certify
16   those applicants who fulfill the requirements for admission to the California Supreme Court. Cal.
17   Bus. & Prof. Code § 6046; Cal. Rules of Court, rules 9.3-9.6. The CBE's decision whether to
18   certify an applicant "is legally simply a recommendation to the California Supreme Court; the
19   State Bar has no authority to admit applicants. *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966
20   (9th Cir. 1967). If the CBE refuses to certify an applicant for admission, the applicant's recourse
21   is to petition the California Supreme Court to review that refusal as prescribed in the California
22   Rules of Court. Cal. Bus. & Prof. Code § 6066; Cal. Rules of Court, rule 9.13. Each of Plaintiff's
23   claims arise directly from the State Bar's administration of the admissions requirements, and
24   Plaintiff has not alleged that he has petitioned the California Supreme Court, which is the
25   permissible recourse. Plaintiff's failure to petition the California Supreme Court bars his suit in
26   federal court and his claims should be dismissed.

27

28

1

2

### B. The Complaint Should Be Dismissed Without Leave to Amend Under Rule 12(b)(6) Because Plaintiff Does Not and Cannot State a Claim Upon Which Relief Can Be Granted.

3

#### 1. Plaintiff's Claims Are Barred by Res Judicata.

4

Plaintiff previously filed a lawsuit in California state court alleging seven causes of

5 action in tort and contract based on the same factual allegations as the instant complaint. (RJN,

6 Exh. A, B). "Res judicata, also known as claim preclusions, bars litigation in a subsequent action

7 of any claims that were raised or could have been raised in the prior action." *Western Radio*

8 *Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Res judicata is applicable

9 whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity

10 or privity between parties." *Id.* There can be no dispute that Mr. Flinders is the Plaintiff in both

11 this action and the state court action and that the State Bar is a Defendant in both the state and

12 federal actions. RJN, Exh. A. Nor can there be a dispute that there is a final judgment on the

13 merits in the state court action. RJN, Exh. B; *see Goddard v. Sec. Title Ins. & Guarantee Co.,* 14

14 Cal.2d 47, 51 (1939) (a judgment on demurrer will have preclusive effect where the complaint

15 states the same facts which were held not to constitute a cause of action on demurrer).

16

To determine whether there is an identity of claims between the two actions, courts

17 must determine whether the two suits "arise out of the same transactional nucleus of facts."

18 *Headwaters Inc. v. U.S. Forrest Service,* 399 F.3d 1047, 1051-52 (9th Cir. 2005) (citing

19 *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir. 1982).  Although Plaintiff

20 alleged seven causes of action in tort and contract in his state court complaint, as opposed to

21 claims under the ADEA and FEHA in this action, both actions are predicated on age

22 discrimination and alleged the same nucleus of facts in support of his claims. *See* Compl.; RJN,

23 Exh. A.[3] Although this lawsuit alleges different *theories* under the ADEA and the FEHA, the two

24 cases could have been tried together. *See Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.

25 1998); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (claims

26

27

28

---

[3] Many of Plaintiff's allegations are nearly identical in his state court action and this action. For example, paragraphs 9-14, 16, 21-22, 24-27, 29-36 of Plaintiff's state court complaint (RJN, Exh. A) are identical, or nearly identical, to paragraphs 12-17, 18, 20-21, 22-33 in the instant complaint. Compl. ¶¶ 12-17, 18, 20-21, 22-33.

7

1  barred by res judicata where they could have been raised in the prior action). Plaintiff's failure to

2  allege his ADEA and FEHA causes of action in his state court action bar him from brining those

3  claims now.

4      To the extent Plaintiff argues that res judicata cannot apply because he had not yet

5  received a right to sue letter from the Equal Employment Opportunity Commission or the

6  Department of Fair Employment and Housing, the Ninth Circuit has held that Title VII claims

7  are not exempt from the doctrine of res judicata where plaintiffs did not seek a stay to pursue

8  their administrative remedies, nor did they seek to amend their complaint to add their Title VII

9  claims. *Owens*, 244 F.3d 708. In *Owens*, plaintiffs brought a state court action alleging contract

10  and torts claims against their former employer, the case was removed to federal court, and then

11  was dismissed with prejudice. *Id*. at 710-11. After receiving a right to sue letter, the plaintiffs

12  filed a new federal court action based on the same underlying facts as the action that had been

13  dismissed with prejudice. *Id*. As in *Owens*, here, Plaintiff cannot escape res judicata on the basis

14  that he did not have a right to sue letter to pursue his ADEA or FEHA claims.

15     **2.**   ***Plaintiff Fails to State a Claim Under the ADEA Because Plaintiff Has Never Been Employed by the State Bar and the State Bar is Not an Employment Agency or Labor Organization.***

16

17      Plaintiff's first, second, and third causes of action allege discrimination under the ADEA.

18  The ADEA applies only to the employer-employee relationship. *Vernon v. State of Cal*., 116

19  Cal.App.4th 114, 123 (2004); 29 U.S.C. § 623(a). Plaintiff is not an "employee," and the State

20  Bar was never Plaintiff's "employer," as those terms are defined under the ADEA.

21      Plaintiff does not and cannot allege that he was an employee or applicant for employment

22  with the State Bar. Although he refers to discrimination against "prospective employees," and

23  alleges that the State Bar employs attorneys, he alleges no facts whatsoever that he has ever had

24  an employment relationship with the State Bar. Compl. ¶¶ 1, 37. Further, courts have rejected the

25  claim that a licensing and regulatory agency is an employer under the ADEA. *See Camacho v.*

26  *Puerto Rico Ports Authority* (1st Cir. 2004) 369 F.3d 570, 578 ("the agency does not become an

27  employer of those individuals whom it neither hires, compensates nor supervises day-to-day

28  even though it licenses and regulates them"); *Haddock v. Bd. of Dental Examiners of Cal*., 777

F.2d 462 (9th Cir. 1985) (under Title VII, a licensing board is not an "employer," an "employment agency," nor a "labor organization"); *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345, 1346 (4th Cir. 1979 ) (per curiam) (Title VII does not apply to failed bar applicants because the Board of Bar Examiners is neither an "employer," an "employment agency," nor a "labor organization" within the meaning of the Act). This Court should also reject Plaintiff's employment law claims where his only relationship with the State Bar is as a prospective licensee.

Plaintiff contends that the State Bar is an "employment agency" in "selectively procuring a steady stream of younger employees for its employer State Bar members while effectively barring older, more experienced employees from entering the workforce as attorney-employees in California and competing with Defendant State Bar's members." Compl. ¶ 35 (second claim for relief). Plaintiff cannot allege any facts to support the allegation that the State Bar "procures" employees for any employer; the State Bar is a regulatory and licensing body, not an employment agency. The State Bar is unaware of any court decision holding that a licensing agency is an "employment agency" under the ADEA. *See e.g., E.E.O.C. v Local 350, Plumbers and Pipefitters,* 842 F. Supp. 417 (D. Nev. 1994) (union hiring hall was not an "employment agency" under ADEA); *Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 399-400 (D. N.J. 2008) (holding that under Title VII an agency that participated in "qualifying and testing. . .employees" was not an employment agency). The Court should therefore reject Plaintiff's characterization of the State Bar as an "employment agency."

Likewise, the State Bar is not a "labor organization," as defined by 29 U.S.C. § 623(d). The State Bar does not exist for the purpose of "dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment," instead, its mission is: "Protection of the public, which includes support for greater access to and inclusion in the legal system…" Cal. Bus. & Prof. Code § 6001.1. Plaintiff's allegation that "the State Bar has been designated by the U.S. Supreme Court as a 'labor union'" (Compl. ¶ 34) is simply false. In *Keller v. State Bar of California*, 496 U.S. 1, attorneys brought a First Amendment challenge against the State Bar's use of compulsory duties to finance certain

ideological or political activities. *Id.* The Supreme Court did not hold that the State Bar was a labor union; it likened the State Bar's activities to those of a labor union for the limited purpose of determining permissible uses of its mandatory membership dues. *Id.* at 12-14. Furthermore, *Keller* was decided when the State Bar was an "integrated bar," which is no longer the case, as it now operates as a purely regulatory agency.[4] Plaintiff alleges no facts supporting the contention that the State Bar is a covered labor organization; therefore, his first, second, and third claims should be dismissed without leave to amend.

### 3. Plaintiff Fails to State a Claim Under FEHA Because Plaintiff Has Never Been Employed by the State Bar and the State Bar is Not a Licensing Board, Employment Agency, or Labor Organization as Defined by FEHA.

As with his claims under the ADEA, Plaintiff's fourth through seventh causes of action, brought under the FEHA, suffer from the same fatal flaw: Plaintiff has never had an employment relationship with the State Bar. The FEHA prohibits an employer from taking adverse "employment practice[s]" against an employee because of his age. Cal. Gov. Code § 12940(a). "The fundamental foundation for liability under FEHA is the 'existence of an employment relationship between the one who discriminates against another and that other who finds himself the victim of that discrimination.'" *Vernon,* 116 Cal.App.4th at 123 (citing *Hill v. New York City Bd. of Educ.,* 808 F. Supp. 141, 146 (E.D.N.Y. 1992). "'The FEHA prohibits employment discrimination,' not discrimination or retaliation in other relationships." *Fitzsimons v. Cal. Emergency Physicians Med. Group*, 205 Cal.App.4th 1423, 1426-27 (2012) (citing *Shephard v. Loyola Marymount Univ.*, 102 Cal.App.4th 837, 842 (2002)). Here, Plaintiff pleads no indicia of an employment relationship with the State Bar. *See generally* Compl. The State Bar does not pay Plaintiff a salary or other employment benefits, it does not provide him with

---

[4] At the time *Keller* was decided the State Bar had a Conference of Delegates that voted on policy positions, sections that advised the board on matters including advocacy, and election of the governing board by members attorneys. *See Keller v. State Bar*, 47 Cal.3d 1152, 1159-61 (1989), reversed by 496 U.S. 1 (1990). In 2002, the Legislature separated the Conference of Delegates into a private entity. Cal. Stats. 2002, ch. 415 (S.B. 1897), § 4 (amending § 6031.5). In 2017, the Legislature spun off the sections into a private association, the California Lawyers Association, and provided for the appointment of the entirety of the State Bar's governing board by top officials of the three branches of state government. See Cal. Stats. 2017, ch. 422 (S.B. 36); Cal. Bus. & Prof. Code §§ 6013.1, 6013.3, 6013.5, 6031.5.

equipment to do a job, it does not train or direct Plaintiff in his work, and it has no authority to hire, transfer, promote, discipline or discharge Plaintiff in his work for other employers. *See e.g*., *Vernon,* 116 Cal.App.4th at 125 (setting forth factors considered in assessing an employment relationship's existence). Instead, it administers the requirements for attorney admissions and licensure. Compl. ¶¶ 1, 3, 12, 14, 30, 32. Significantly, Plaintiff pleads that he was in an employment relationship with a San Jose law firm, not the State Bar. Compl. ¶ 19.

The State Bar is not a licensing board as defined by the FEHA. Compl. ¶ 53 (fifth claim for relief). The California Government Code defines "licensing board" as a state board, agency, or authority in the Business, Consumer Services, and Housing Agency. Cal. Gov. Code 12944(f).[5] The State Bar is part of the judicial branch; it is not in the Business, Consumer Services, and Housing Agency. *See In re Rose*, 22 Cal.4th at 438; Cal. Gov. Code § 12804 (listing agencies that are a part of the Business, Consumer Services, and Housing Agency) (amended by 2022 Cal.Legis. Serv. Ch. 452 (S.B. 1498) (filed Sept. 19, 2022)).The State Bar is therefore not a licensing board within the meaning of the Government Code.

Furthermore, California Business & Professions Code section 6001 exempts the State Bar from the requirements of Division 3 of Title 2 of the California Government Code, which includes section 12944, unless expressly provided in the code section. The Legislature has not expressly declared that Government Code section 12944 applies to the State Bar, and it therefore does not apply to the State Bar. *Kohn v. State Bar of Cal*., 497 F. Supp. 3d 526, 538, n.4 (N.D. Cal. 2020).

The State Bar is not a "labor organization" as defined by the FEHA. Comp. ¶¶ 34, 57-60 (sixth claim for relief). The State Bar does not exist for the purpose of "collective bargaining or of dealing with employer regarding grievances, terms or conditions of employment, or of providing other mutual aid or protection." Compl. ¶ 34 (citing Cal. Code Regs. tit. 2, § 11008(f).) Other than a recitation of the law, Plaintiff fails to allege any facts supporting his contention that

---

[5] Government Code section 12944 is located in Division 3 of Title 2 of the Government Code, which is applicable to the Executive Branch, and is not applicable to Defendant. *Kohn v. State Bar of Cal*., 497 F. Supp. 3d 526, 538 (N.D. Cal. 2020).

1   the State Bar is a labor organization. This "formulaic recitation" cannot insulate Plaintiff from a

2   motion to dismiss. *Bell Atl. Corp.*, 550 U.S. at 555.

3           The State Bar is not an "employment agency" as defined by the FEHA. Compl. ¶¶ 61-34

4   (seventh claim for relief). Plaintiff alleges that by accepting bar dues, the State Bar "procures job

5   applicants, employees or opportunities to work." Compl. ¶ 35 (citing Cal. Code. Regs. tit. 2, §

6   11008(f)). Plaintiff also alleges that the State Bar is an agent of its "employer members" and an

7   agent of "attorney employers State Supreme Court and Judicial Council." Compl. ¶ 62. As with

8   his assertion that the State Bar is a "labor organization," Plaintiff pleads no facts whatsoever, just

9   conclusory statements, that the State Bar is an employment agency and an agent of other

10  employers.

11          Plaintiff's claims are legal overreach; there is no basis to find that the State Bar is subject

12  to the FEHA under the facts alleged. His fourth through seventh claims for relief should

13  therefore be dismissed without leave to amend.

14          **4.  *Plaintiff Fails to State Any Claim Because He Fails to Plead Facts***
            ***Raising a Plausible Inference of Age Discrimination.***

15

16          While Plaintiff's claims should be dismissed in their entirety for the reasons described

17  *supra*, additionally, Plaintiff's Complaint fails to state a plausible claim of age discrimination

18  under either the ADEA or the FEHA. *See Sheppard v. David Evans and Assoc.*, 694 F.3d 1045,

19  1049-50 (9th Cir. 2012). To support his claims of age discrimination, Plaintiff provides only his

20  own statistical analysis of the results of the full Bar Exams (not the Attorney Exam, which

21  Plaintiff took) that were administered in July 2019 and February 2020 and an allegation that the

22  Bar Exam tests "manual dexterity." Compl. ¶¶ 12, 21, 27, Exhs. A-B. However, other than

23  alleging a "correlation," between age and pass rates, he alleges no facts that create an inference

24  of age discrimination. A plaintiff's discrimination complaint must include "sufficient,

25  nonconclusory allegations plausibly linking the [adverse] action to discrimination." *See*

26  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Plaintiff has not included the necessary

27  allegations here.

28

**V.  CONCLUSION**

For each of the foregoing reasons, the State Bar respectfully requests that the Court grant the motion to dismiss without leave to amend. Dismissal without leave to amend is appropriate in this case as amendment would be futile. *See Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003); *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991) (futility justifies denial of leave to amend); *see also Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1998) (amendment is futile if no set of facts can be proven under the amendment that could constitute a valid claim or defense). Plaintiff cannot overcome this Court's lack of subject matter jurisdiction, nor can he allege facts sufficient to state a claim that is plausible on its face, and therefore, the complaint should be denied without leave to amend.

Dated: October 7, 2022                          Respectfully submitted,

ELLIN DAVTYAN
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By:/s/  *Jean Krasilnikoff*
    Jean Krasilnikoff
    Assistant General Counsel

    Attorneys for Defendant
    State Bar of California