Matthew Flinders
1267 Lakeside Dr., Suite 3077
Sunnyvale, CA  94085
Telephone: 617-699-3068
Email: mflinders@hotmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| Matthew Flinders, individually. | Case No.: 5:22-cv-04072-VKD |
|---|---|
| Plaintiff, Pro Se, | |
| v. | |
| STATE BAR OF CALIFORNIA, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY……………………………………….….. 6

II. ARGUMENT……………………………………………………………..…… 7

    A. This Court is Fully Authorized Under the ADEA to Hear Claims of Employment Discrimination Against Defendant State Bar …………...………. 7

        1. Defendant State Bar, which is "not the State," is not entitled to Eleventh Amendment Immunity……………………………………………...…. 7

        2. The California Supreme Court does not have any jurisdiction, much less exclusive jurisdiction, to originally try claims of employment discrimination …………………………………………….………….……. 8

        3. Plaintiff was not required to further petition the California Supreme Court prior to this Action…………………………….………..…………….....… 9

    B. Plaintiff's Claims of Employment Discrimination are Fully Supported under the ADEA and FEHA…………………………………………………………… 10

        1. Defendant State Bar is an Attorney Employer Prohibited from Imposing Discriminatory Employment Examinations on Prospective Attorney Employees………………………………………………………………. 10

        2. Defendant Acts and is Liable as a Labor Organization and Employment Agency under the ADEA and FEHA…………………………………… 12

        3. Defendant is Liable as a Licensing Authority under the FEHA's Licensing Provisions……………………………………………………………….. 13

        4. Plaintiff has Established a Clear Inference of Employment Discrimination………………………………………………………...… 16

    C. Plaintiff's Employment Discrimination Claims are Not Precluded by Unresolved Tort/Contract claims Under Appeal………………………….…… 18

III. CONCLUSION………………………………………………………………….. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boston Chapter, NAACP, Inc. v. Beecher*
   (D. Mass 1974), 371 F. Supp. 507 .................................................................................. 11

*City of Moorpark v. Superior Court*
   (1998) 18 Cal.4th 1143 ................................................................................................... 16

*Craig v. State Bar of California*,
   (9th Cir. 1998) 141 F.3d 1353 .......................................................................................... 9

*Crowe v. Oregon State Bar*
   (9th Cir. 2021) No. 19-35463 ....................................................................................... 6, 7

*D.C. Court of Appeals v. Feldman*
   (1983) 460 U.S. 462, 103 S. Ct. 1303 .............................................................................. 9

*Farahani v. San Diego Community College Dist.*
   (2009) 175 Cal.App.4th 1486 ......................................................................................... 10

*Gulino v. Board of Education*
   (S.D.N.Y 2015) 113 F. Supp. 3d 663 ............................................................................. 11

*Hans v. La.*
   (1890), 134 U.S. 1 ............................................................................................................ 7

*Harmon v. Kobrin* (*In re Harmon*)
   (9th Cir. 2001) 250 F.3d 1240 ........................................................................................ 19

*Keller v. State Bar of California*
   (1990) 496 U.S. 1 ....................................................................................................... 7,13

*Knight v. Hayward Unified School Dist.*
   (2005) 132 Cal.App.4th 121 ........................................................................................... 17

*Kohn v. State Bar of Cal.*
   (N.D. Cal. 2020) 497 F. Supp 3d 526 ............................................................................ 15

*Kremer v. Chem. Constr. Corp.*
   (1982) 456 U.S. 461 ....................................................................................................... 18

*Meacham v. Knolls Atomic Power Laboratory*
   (2008) 554 U.S. 84 ..................................................................................................... 6,17

Opposition to Defendant's Motion to Dismiss
- 3 -

*Migra v. Warren City Sch. Dist. Bd. of Educ.*
   (1984) 465 U.S. 75……………………………………………………………………... 18

*Mitchell v. L.A. Cmty. Coll. Dist.*
   (9th Cir. 1988) 861 F.2d 198…………………………………………………………….. 7

*Puntolillo v. New Hampshire Racing Commission*
   (D.N.H. 1975) 390 F. Supp. 231…………………………………………………… 11, 12

*Rojo v. Kliger*
   (1990) 52 Cal.3d 65…………………………………………………………………... 16

*Sandoval v. Superior Court*
   (1983) 140 Cal. App. 3d 932……………………………………………………….. 18

*Satyadi v. West Contra Costa Healthcare District*
   (Cal. Ct. App. 2014) Cal.App.4th 1022…………………………………………… 10

*Sibley Memorial Hospital v. Wilson*
   (D.C. Cir. 1973) 488 F.2d 1338……………………………………………………… 10

*Sisemore v. Master Financial, Inc.*,
   (2007) 151 Cal.App.4th 1386……………………………………………………… 6, 17

*Smith v. City of Boston*
   (2017) 267 F. Supp. 3d 325....................................................................................11

*Smith v. State Bar*
   (1989) 212 Cal.App.3d 971.................................................................................. 8, 9

*State Personnel Board v. Fair Employment and Housing Commission*
   (1985) 39 Cal.3d 422…………………………………………………………………… 16

*Tyler v. Vickery*
   (5th Cir. 1975) 517 F.2d 1089…………………………………………………………. 11

*Vernon v. State of California*
   (2004) 116 Cal.App.4th 114................................................................................. 11

**Constitutions**

California Constitution, Article VI § 10…………………………………………….. 7, 8

United States Constitution, Eleventh Amendment……………..………………………. 6, 7

**Statutes**

Age Discrimination in Employment Act of 1967 (ADEA)................................ 5, 7, 10-15, 18-19

Cal. Bus. & Prof. Code § 6001....................................................................................................... 15

Cal. Bus. & Prof. Code § 6002……………………………………………………………………… 13

Cal. Bus. & Prof. Code § 6066....................................................................................................... 9, 10

California Fair Employment and Housing Act (FEHA)……………………….. 7, 10, 12-16, 18-19

Cal. Gov't Code § 12920................................................................................................................ 16

Cal. Gov't Code § 12921................................................................................................................ 16

Cal. Gov't Code § 12940................................................................................................................ 11, 12

Cal. Gov't Code § 12944................................................................................................................ 6, 15-17

29 U.S. Code § 623……………………………………………………………………………… 11, 14

29 U.S. Code § 630……………………………………………………………………………… 11-12, 14

**I.     INTRODUCTION AND SUMMARY**

The causes of action in this case surround egregious age-based discriminatory conduct by Defendant State Bar in which they utilized their attorney employment/licensing examinations to unlawfully restrict access to employment of individuals in protected age classes (i.e., those of age 40 and over).  The chances of passing Defendant Employer's discriminatory employment examinations by those of Plaintiff's age were made effectively negligible while the opportunities for applicants of younger ages were made overwhelmingly greater.[1]  Defendant never denies the discriminatory impact of its examinations or provides any valid legal justification, because it cannot.  The burden is now on Defendant to explain why the extreme discriminatory impact of its examinations are "job related" or based on "reasonable factors other than age,"[2] which they cannot plausibly do.  Instead, in an effort to dismiss this case under its motion, Defendant State Bar wrongly asserts that it has immunity under the Eleventh Amendment of the U.S. Constitution, denies that it has any accountability under federal and state anti-discrimination laws, and makes unfounded assertions that their supervisor Supreme Court of California has exclusive jurisdiction to decide its own and the State Bar's unlawful discriminatory conduct.[3] Defendant State bar further wrongly asserts that an unresolved prior state tort action, currently pending under appeal, has preclusive effect on this Action.[4]

As the Ninth Circuit has recently ruled, state bar organizations such as Defendant are not entitled to Eleventh Amendment Immunity.[5]  The Federal District Courts are fully within their jurisdictional powers to hear Age Discrimination in Employment Act (ADEA) claims against public employers such as Defendant, who has preclusively admitted it is "not the State."[6] Moreover, the California State Constitution makes clear that the Supreme Court of California does not have any, much less exclusive, jurisdiction to originally try claims of employment

---

[1] Compl. ¶ 12.
[2] Cal. Gov. Code (CGC) § 12944 (a); *Sisemore v. Master Financial, Inc.*, 151 Cal.App.4th 1386, 1419 (2007); *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84 (2008);
[3] *See generally* Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss ("Defendant's Memo").
[4] Defendant's Memo at 7.
[5] *Crowe v. Oregon State Bar*, No. 19-35463 (9th Cir. 2021) ("Crowe").
[6] Plaintiff's Declaration submitted herewith in Support of Opposition ("Plaintiff's Declaration"), Exhibit A ("Memorandum of Points and Authorities in Support of Defendant State Bar's Demurrer"), ¶ IV(c)(1)); Compl. ¶ 6.

Opposition to Defendant's Motion to Dismiss

discrimination.[7]  Pursuant to the employment discrimination laws that Defendant repeatedly flouts, California employers who impose discriminatory employment/licensing examinations on prospective employees are liable under the ADEA and California's Fair Employment and Housing Act ("FEHA").  Further, there is no *res judicata* effect on any issues in this Action, as any issues under Plaintiff's ADEA and FEHA claims were not "necessarily" or otherwise "finally" decided under any prior action, including plaintiff's tort/contract claims against Defendant, the resolution of which is still subject to appeal.[8]  Defendant's motion to dismiss Plaintiff's Complaint should thus be summarily denied.

## II. ARGUMENT

### A. This Court is Fully Authorized Under the ADEA to Hear Claims of Employment Discrimination Against Defendant State Bar

*1. Defendant State Bar, which is "not the State," is not entitled to Eleventh Amendment Immunity*

The State Bar wrongly asserts that this case should be dismissed because it is purportedly immune under the Eleventh Amendment of the U.S. Constitution.  As Defendant State Bar admits, it is a "public corporation, not the "State,"[9] and is thus not entitled to Eleventh Amendment Immunity.  Only states of the United States are entitled to such immunity.[10]  The Ninth Circuit's recent precedent under *Crowe v. Oregon State Bar*, No. 19-35463 (9th Cir. 2021) ("Crowe"), following *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), makes it abundantly clear that state bar organizations such as the California State Bar, where they act in an advisory capacity to the State (e.g., the Supreme Court of California) and are independently funded my member and applicant fees,[11] are not immune under the Eleventh Amendment.[12]  Moreover, Defendant State Bar should be estopped from now reversing itself and claiming they are the "State" after claiming they weren't in an action upon which they now depend to preclude claims in this case.[13]

---

[7] California State Constitution, Article VI § 10.
[8] See Section II (c) below. Infra note 47.
[9] Supra note 6.
[10] *Hans v. La.*, 134 U.S. 1 (1890).
[11] *See Keller v. State Bar of California,* 496 U.S. 1, 2 ("Keller").
[12] *Crowe* at 30-36.
[13] Supra note 6; Plaintiff's Memo at 7.

Opposition to Defendant's Motion to Dismiss
- 7 -

> 2. *The California Supreme Court does not have any jurisdiction, much less exclusive jurisdiction, to originally try claims of employment discrimination*

Without any support in the California State Constitution or legislative code, Defendant State Bar wrongly asserts that the Federal District Courts have been stripped of their jurisdiction to hear any claims against them, including employment discrimination claims, purportedly because the Supreme Court of California has an executive/administrative role in overseeing Defendant State Bar.[14]  Defendant entirely stretches credulity in asserting that the California Supreme Court has original and "exclusive" jurisdiction over any claims against them if the claims merely relate to the attorney admissions process.  First and foremost, this assertion is entirely contrary to the California State Constitution, which stipulates, under Article VI § 10, that:

> "The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings. Those courts also have original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition. The appellate division of the superior court has original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition directed to the superior court in causes subject to its appellate jurisdiction. Superior courts have original jurisdiction in all other causes"

That is, the California Supreme Court's original court jurisdiction is limited to "habeas corpus proceedings" and "extraordinary relief in the nature of mandamus, certiorari, and prohibition…"  Thus, pursuant to the California State Constitution, the California Supreme Court has no original court jurisdiction, much less exclusive jurisdiction, to originally try Plaintiff's claims of employment discrimination.

Defendant State Bar mistakenly relies on *Smith v. State Bar* (1989) 212 Cal.App.3d 971, 976 ("*Smith*"), which concerned the California Supreme Court's authority over the State Bar's admissions activity.  Defendant misconstrues *Smith*, wherein that plaintiff "conceded" administrative authority to Defendant California Supreme Court to decide an administrative matter concerning State Bar examination fees, in which the court states "[plaintiff] **Smith concedes the** Supreme Court has "sole original jurisdiction" over the attorney admissions

---

[14] Defendant's Memo at 4-6.

Opposition to Defendant's Motion to Dismiss
- 8 -

process" (emphasis added).[15]  There is no evidence that the issue of broad, original court jurisdiction was ever raised or argued over as an issue in *Smith*.  The court in *Smith* neither provided any legal justification nor pointed to any authority in the legislative code for granting such exclusive original court jurisdiction to the Supreme Court of California other than from the plaintiff's concession.

The Supreme Court's role in governing the licensing process is an administrative/executive role distinct and apart from its duties in judging cases brought before it pursuant to the State Constitution.  Plaintiff in this Action categorically rejects any concession that the State Supreme Court has original court jurisdiction over his claims of employment discrimination.  Further, the U.S. Supreme Court has made clear that general attacks on the State Bar's admission process, which this case unquestionably is, are well within the jurisdiction of Federal District Courts.  It is well established that "a general attack on a state's admission rules may be heard by lower federal courts because a state supreme court acts in a non-judicial capacity when it promulgates such rules. See *Feldman*, 460 U.S. at 485, 487" (*Craig v. State Bar of California*, 141 F.3d 1353 (9th Cir. 1998) citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983)).

       3.  *Plaintiff was not required to further petition the California Supreme Court prior to this Action*

Defendant State Bar further erroneously relies an optional internal review process stipulated within the California Business & Professions Code (BPC) § 6066 in which applicants "may" petition directly to the Supreme Court to review the State Bar's compliance with provisions of the BPC,[16] which is entirely silent on issues of discrimination.  Moreover, there is no suggestion whatsoever in the cited legislative language or history of the BPC that designates the California Supreme Court with sole original court jurisdiction over any legal action relating to the admissions process, much less employment discrimination, or forecloses an applicant's ability to seek relief before the Federal District Courts.  Even if there was, it does not and cannot, without an amendment to California's constitution, override the clear and unambiguous

---

[15] *Smith v. State Bar* (1989) 212 Cal.App.3d 971, 976 ("Smith").

[16] Cal. Bus. & Prof. Code (BPC) § 6066 states that "[a]ny person refused certification to the Supreme Court for admission to practice *may* have the action of the board, or of any committee authorized by the board to make a determination on its behalf, *pursuant to the provisions of this chapter*, reviewed by the Supreme Court, in accordance with the procedure prescribed by the court" (emphasis added). Employment discrimination is not a "provision" within the BPC.

Opposition to Defendant's Motion to Dismiss
- 9 -

stipulation of the state's constitution limiting what causes of action that the California Supreme Court has jurisdiction to originally hear.

Further, § 6066 cannot be construed as a compulsory process preliminary to a court action because the law does not explicitly establish that it is compulsory.  Under California law, unless such a provision explicitly establishes that a particular review is compulsory prior to instigating court action, there is no such requirement.  *Satyadi v. West Contra Costa Healthcare District*, Cal.App.4th 1022, 1030 (Cal. Ct. App. 2014).

Furthermore, where the reviewing body (e.g., the California Supreme Court) has already rejected the party's claim or announced its position on the claim, further review by that body is not compulsory prior to a lawsuit.  *Farahani v. San Diego Community College Dist.* (2009) 175 Cal.App.4th 1486, 1497.  The California Supreme Court has already announced its position and rejected Plaintiff's claims of employment discrimination surrounding these same facts and laws at issue when it submitted its "Position Statement" with the Equal Employment Opportunity Commission (EEOC) in response to Plaintiff's charge of discrimination dually filed with the EEOC and the California Department of Fair Employment and Housing (DFEH).[17]  Thus, this Action is not barred by any provision of California law and this Court has complete authority and jurisdiction to hear it.

**B. Plaintiff's Claims of Employment Discrimination are Fully Supported under the ADEA and FEHA**

*1. Defendant State Bar is an Attorney Employer Prohibited from Imposing Discriminatory Employment Examinations on Prospective Attorney Employees*

Defendant erroneously claims that employers are only liable to their own employees under the ADEA and the FEHA, and thereby falsely suggests that Defendants cannot be liable to Plaintiff because he was never their employee.[18]  It has long been established that employers are liable under the ADEA and FEHA for denying "access" to employment or otherwise interfering with the "privileges of employment" of any "individual," including prospective employees and those employed by or seeking employment with other employers.[19]  Licensing boards, boards of

---

[17] Plaintiff's Declaration, Exhibit B.
[18] Plaintiff's Memo at 10.
[19] In the seminal case of *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C. Cir. 1973), for example, a hospital was found liable under Title VII (which the ADEA significantly incorporates) because it

Opposition to Defendant's Motion to Dismiss

education, police departments, fire departments, and other public employers involving important public safety concerns and licensing or "police powers" have all been found liable for implementing discriminatory licensing/employment examinations against "individuals," whether or not the individuals were employed by those defendants.[20]  Defendant cites a motley of decisions holding that particular bar organizations and other licensing authorities were not liable under the ADEA.[21]  However, the common denominator in these cases is that the defendants were never shown to be "employers" in the profession of their licensees and were therefore not found to be liable under the ADEA as employers.[22]  In *Tyler v. Vickery*, 517 F.2d 1089, 1096 (5th Cir. 1975), for example, the court distinguished the Georgia State Board of Bar Examiners from other government agencies including fire and police departments which directly employ those they test, like the Defendant State Bar, and thus have fallen under the jurisdiction of Title VII (upon which the ADEA is mirrored).  Defendant State Bar is clearly an employer of attorneys and is therefore liable for discriminating against prospective attorneys who might have otherwise qualified to be Defendant's attorney employees or those of other attorney employers.

Defendant is liable as an employer of attorneys and as an attorney "labor organization" and "employment agency" for discriminating against prospective employees and prospective members of the State Bar.[23]  Defendant State Bar is clearly an employer of attorneys as defined

---

routinely denied access of an individual male nurse, not employed by the hospital, to its premises to perform duties of his employment with female patients; *See also Vernon v. State of California* (2004) 116 Cal.App.4th 114, 126, which held that in "determining liability under the FEHA, we look "`to the degree an entity or person significantly affects access to employment'. . . ."; Under 29 U.S.C. § 623 (a) (1) and § 630 (a)-(b), it is unlawful for an employer (or any "agent" of the employer or of a State, on behalf of the employer) "**to fail or refuse to hire** or to discharge **any individual or otherwise discriminate against any individual with respect to his** compensation, terms, **conditions, or privileges of employment, because of such individual's age**" (emphasis added).  Similarly, § 12940 of the FEHA prohibits "an employer, because of the race, religious creed,…[or] age,…of any person **to refuse to hire or employ the person** or to refuse to select the person for a training program leading to employment, **or to bar** or to discharge **the person from employment**…**or to discriminate against the person in** compensation or in terms, **conditions, or privileges of employment**." (emphasis added).

[20] See, e.g., *Smith v. City of Boston*, 267 F. Supp. 3d 325 (2017); *Gulino v. Board of Education*, 113 F. Supp. 3d 663 (S.D.N.Y. 2015); *Boston Chapter, NAACP, Inc. v. Beecher*, 371 F. Supp. 507 (D. Mass. 1974); *Puntolillo v. New Hampshire Racing Commission*, 390 F. Supp. 231 (D.N.H. 1975).
[21] Defendant's Memo at 8-9.
[22] In *Haddock v. Board of Dental Examiners* 777 F.2d 462 (9th Cir. 1985), *Camacho v. Puerto Rico Ports Authority 369 F.3d 570 (2004), Woodward v. Virginia Bd. Of Bar Examiners,* 598 F.2d 1345 (4th Cir. 1979) and *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975), the defendants were not established as employers of those they licensed (e.g., dentists, river boat pilots, attorneys, etc..).
[23] *Id*. (CT 55-56, 62); Final Order at 7-8 (CT 102-103).

Opposition to Defendant's Motion to Dismiss
- 11 -

by the ADEA and the FEHA.[24]  Their discriminatory examinations clearly bar access to employment for those seeking employment as attorneys directly with Defendants or with other attorney employers based on their ages.

Defendant cites cases where it is made clear that employers cannot discriminate against their own employees but omits the aspects of the law and cases that clearly prohibit an employer from discriminating against prospective employees or otherwise barring "individuals" access to employment.[25]  Defendant misconstrues the cases it cites as somehow establishing that all licensing authorities are automatically exempt from employment discrimination even when they are employers who abuse their licensing authority to discriminate against their prospective employees and those of their fellow employers.  The potential liability of licensing authorities abusing their licensing function under the ADEA was clearly established in *Puntolillo v. New Hampshire Racing Commission*, 375 F. Supp. 1089 (D.N.H. 1974). In *Puntolillo*, a state authority that issued harness racing licenses to drivers could be liable under Title VII to those it discriminated against in granting licenses because the licensing authority also operated a raceway on which the drivers competed.  There is simply no carve-out exemption or immunity granted to licensing authorities under the ADEA or the FEHA.

   *2. Defendant Acts and is Liable as a Labor Organization and Employment Agency under the ADEA and FEHA*

Based on its organization and conduct, the State Bar acts and is liable as a "labor organization" and "employment agency" that unlawfully discriminates based on age under the ADEA and FEHA.  Under the ADEA (and similarly under the FEHA), "the term "labor organization" means a labor organization engaged in an industry affecting commerce, and any agent of such an organization, and includes ***any organization of any kind, any agency***, or employee representation committee, group, ***association***, or plan so engaged ***in which employees participate and which exists for*** the purpose, in whole or ***in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment***" (emphasis added).[26]

---

[24] Under 29 U.S.C. § 630 (b) an ""employer" means a person engaged in an industry affecting commerce who has twenty or more employees" and, under Cal. Gov. Code § 12940 (j)(4)(a), an "employer" means "any person regularly employing one or more persons…"
[25] Supra note 19.
[26] 29 U.S. Code § 630 (d); *See also* California Government Code § 12926 (h).

Opposition to Defendant's Motion to Dismiss
- 12 -

Defendant State Bar is a membership organization and an agency for those it has admitted, including law practice employers. Defendant falsely suggests that the State Bar isn't made up of "members" while the law and its own "membership list" state the opposite.[27] The State Bar unquestionably establishes and enforces numerous rules for law practices and how they must engage with their members concerning grievances, unethical conduct, billing practices, liability insurance, fee divisions, conflicts of interest, and many other terms of employment.[28] When called on by those of the public to protect them from the State Bar's unscrupulous members, the State Bar has turned a blind eye and instead chose to protect and satiate their members and executives instead of and at the expense of protecting the public.[29] Moreover, Defendant State Bar does quite the opposite of "protecting the public" when it imposes egregiously discriminatory employment examinations and deliberately conceals their discriminatory impact.[30] The State Bar thereby acts as a "labor organization" on behalf of its members pursuant to the ADEA and FEHA.

Defendant State Bar unsuccessfully argued that it was not subject to the laws that govern labor organizations by claiming, as it does here, that it is a "government agency" in operation to serve a public interest.[31] The Supreme Court of the United States ("Supreme Court") was not compelled by the State Bar's argument, stating "there is a substantial analogy between the relationship of the Bar and its members and that of unions and their members…The State Bar was created, not to participate in the general government of the State, but to provide specialized professional advice to those with the ultimate responsibility of governing the legal profession."[32] The Supreme Court did not permit the State Bar to acquit itself of labor violations against those outside of its employment by claiming to be a "government agency." Defendant State Bar,

---

[27] BPC § 6002 (a) states ""**member** of the State Bar" shall be deemed to refer to a licensee of the State Bar" (emphasis added); *see also* State Bar "Membership List," available at https://www.calbar.ca.gov/Attorneys/For-Attorneys/Membership-List

[28] The California State Bar Rules of Professional Conduct (Nov 2018), available at http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct/Current-Rules.

[29] See Harriet Ryan, *California State Bar, under scrutiny for Tom Girardi scandal, gives director $43,000 raise*, LA Times, Aug 24, 2022, available at https://www.latimes.com/california/story/2022-08-24/troubled-state-bar-gives-top-official-43-000-raise; *see also* Joyce E. Cutler, *California Bar's Policies Don't Protect Public, Audit Finds*, Bloomberg Law, April 14, 2022, available at https://news.bloomberglaw.com/legal-ethics/california-bars-weak-policies-dont-protect-public-audit-finds

[30] Compl. ¶¶ 17, 20.

[31] *See Keller v. State Bar* at 2.

[32] *Id*.

Opposition to Defendant's Motion to Dismiss

acting as a "labor organization," violated the ADEA on the basis that it acted "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age" and to "cause or attempt to cause an employer to discriminate against an individual in violation of this section" pursuant to 29 U.S. Code § 623 (c).

The term "employment agency" under the ADEA (and similarly under the FEHA) means "any person regularly undertaking with or without compensation to procure employees for an employer and includes an agent of such a person; but shall not include an agency of the United States."[33] Defendant State Bar provides a "referral service" for referring their members to potential employers[34] and thereby regularly engages in an "undertaking with or without compensation to procure employees for an employer" and thus acts as an "employment agency" under the ADEA and similarly under the FEHA. The State Bar thus violates 29 U.S. Code § 623 (c) on that basis that it does "fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age."

Further, while imposing discriminatory employment examinations on the vast number of applicants, including Plaintiff, the State Bar arbitrarily limited examination waivers during the pandemic to only the most recent graduates of law schools, who are most typically inexperienced and of younger ages, and further required them to be employed by the State Bar's current members.[35] The State Bar's discriminatory practices procure a steady stream of younger, inexperienced and recent law school graduates for their employer members, permitting them to pay these employees substantially less and otherwise stifle competition with older, more experienced attorneys from other jurisdictions.

### 3. Defendant is Liable as a Licensing Authority under the FEHA's Licensing Provisions

Defendant makes the extraordinary and uncredible claim that the California state legislature drafted the legislative code to specially immunize Defendant State Bar, apart from other all other employers and licensing authorities, from any liability under any state

---

[33] 29 U.S. Code § 630 (c); *See also* California Government Code § 12926 (e).
[34] *See* State Bar "Certified Lawyer Referral Services Directory," available at https://www.calbar.ca.gov/Public/Need-Legal-Help/Using-a-Certified-Lawyer-Referral-Service/Certified-Lawyer-Referral-Services-Directory
[35] *See* State Bar's "Application for Provisional Licensure," available at https://www.calbar.ca.gov/Admissions/Special-Admissions/Provisionally-Licensed-Lawyers

employment discrimination laws.  Defendants cite *Kohn v. State Bar of Cal.* (N.D. Cal. 2020) 497 F. Supp 3d 526, 538, which contends that, on the basis of Cal. Bus. & Prof. Code § 6001, the State Bar is not subject to any laws under "Division 3," including the FEHA.[36]  § 6001 states that "no law of this state restricting, or prescribing a mode of procedure for the exercise of powers of state public bodies or state agencies,…contained in Division 3 (commencing with Section 11000)…shall be applicable to the State Bar, unless the Legislature expressly so declares." Plaintiff submits that employment discrimination cannot reasonably be construed as a government "procedure" within the meaning of § 6001.  Following that court's logic would mean that Defendant State Bar could hire and fire anyone solely on the basis of their gender, race, age, or any of the other protected classifications.  This is clearly not what the legislature intended as a governing "procedure" for public bodies or agencies and the *Kohn* court provides no basis for such a radical interpretation that would give license to the State Bar to violate California's employment laws, among many other state laws.  For example, if adopting the *Kohn* court's interpretation, the State Bar would also not be subject to California's taxing authority (§ 15570) or to the state's attorney general's office (§ § 12500 – 12661).  This court should not follow along with this clearly flawed interpretation.  Further, this provision of the BPC does not apply to the ADEA or any federal laws.

    Defendant further suggests this Court should adopt its self-serving, unprecedented, and narrow interpretation of § 12944 of the FEHA as not applying to Defendant. § 12944 makes it unlawful for licensing boards and other similar authorities to establish licensing examinations that discriminate against examinees on the basis of age and other protected classifications.[37] § 12944 (f) states:

> ""licensing board" means *any* state board, agency, *or* authority in the Business, Consumer Services, and Housing Agency that has the authority to grant licenses or certificates which are prerequisites to employment eligibility or professional status" (emphasis added).

    Defendant is clearly an agency and state board with such power "to grant licenses or certificates which are prerequisites to employment eligibility or professional status."  Based on any reasonable reading of § 12944 and, in context, this provision applies to any state board, or agency, *or* to any authority in the Business, Consumer Services, and Housing Agency (BCHA),

---

[36] Defendant's Memo at 11.
[37] Compl. ¶¶ 53-56.

Opposition to Defendant's Motion to Dismiss
- 15 -

that has the authority to grant licenses or certificates required for employment eligibility. Defendants have misleadingly attempted to suggest that § 12944 only applies to professions regulated by the BCHA.  However, this narrow interpretation is entirely at odds with the intent of the California Legislature in enacting FEHA.  Indeed, the California Fair Employment and Housing Council makes the case that Defendants' narrow interpretation is unfounded, stating:

> "First, by declaring it the public policy of the state to protect the right to be free from discrimination on enumerated bases, and declaring the rights protected by FEHA to be "civil rights," the Legislature has made it clear that the Act's provisions must be broadly interpreted. (See, Gov. Code §§ 12920 and 12921). Taking up this call, courts have consistently held that FEHA must be "liberally construed." (See, e.g., City of Moorpark v. Superior Court (1998) 18 Cal.4th 1143, 1157-1158; Bagatti v. Dept. of Rehabilitation (2002) 97 Cal.App.4th 344, 367-368; State Personnel Board v. Fair Employment and Housing Commission (1985) 39 Cal.3d 422.) As one court put it, the Legislature intended FEHA "to amplify" the rights of victims of discrimination. (Rojo v. Kliger (1990) 52 Cal.3d 65, 75.)."[38]

§ 12920 states, in particular, that it is the "public policy of this state that it is necessary to protect and safeguard the right and opportunity *of all persons* to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color,…, or age…" (emphasis added), and not just those persons seeking employment in professions governed under the BCHA.  Moreover, Defendant cannot cite any authority that adopts its self-serving narrow interpretation.  The only reasonable and rational interpretation of § 12944 is that it applies to any state board, to any agency, *or* to any authority in the BCHA, in which any of these entities have the authority to grant professional licenses or certification for licensure, including Defendant.

    *4.   Plaintiff has Established the requisite inference Employment Discrimination*

Defendant wrongly asserts that the clear-cut disparate impact of its examinations does not establish the requisite inference of age discrimination.[39]  For establishing the necessary inference, a plaintiff can show that a disproportionate number of members of his protected class (ages of 40 or more) were denied access to employment compared to those outside of his class

---

[38] "Employment Regulations Regarding Definitions," Fair Employment and Housing Council (2018), available at https://www.dfeh.ca.gov/wp-content/uploads/sites/32/2018/07/InitStmtofReason-HDPCT.pdf
[39] Defendant's Memo at 12.

Opposition to Defendant's Motion to Dismiss
- 16 -

or, in other words, to statistically establish a "disparate impact."[40] The burden then shifts to the employer to demonstrate that the discriminatory impact of its examinations are "job related" or based on "reasonable factors other than age."[41] Plaintiff has clearly demonstrated that examination scoring and pass rates for Defendant's examinees resulted in a disparate impact (e.g., overwhelmingly lower pass rates) for those in Plaintiff's protected class compared to those in younger age categories.[42] Defendant never denies this fact, because they cannot. Moreover, Plaintiff has demonstrated that there is a strong negative correlation between Defendant's examination pass rates and the increasing ages of examinees and their likely legal experience, to the point where those approaching age 50 and over have little to no chance of passing, further strongly inferring a case of unlawful age discrimination. What is not plausible is a credible justification from Defendant for why this progressive disparate impact is based on reasonable factors other than age or is otherwise job related.

      Defendant also makes the entirely unsupported allegation that the examination records Plaintiff received from Defendant in response to a California Public Records Act Request only pertain to examinations in which Plaintiff did not participate.[43] The records Plaintiff requested pertained to records for all examinees, including Plaintiff's and those who participated in the MBE/Essay *and* in the Essay-only (Attorney) Examinations.[44] Particularly with respect to their motion to dismiss, Defendant is not entitled to the benefit of unfounded factual allegations that contradict Plaintiff's Complaint.[45] Further, Defendant has had numerous opportunities to submit a declaration or affidavit clarifying the scope of their examination records or providing their own analysis to Plaintiff, but has thus far been reluctant to do so.

---

[40] *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Sisemore v. Master Financial, Inc.*, 151 Cal.App.4th 1386, 1419 (2007)
[41] *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84 (2008); Cal. Gov. Code (CGC) § 12944 (a); *Knight v. Hayward Unified School Dist.* (2005) 132 Cal.App.4th 121, 129
[42] Compl. ¶¶ 2, 12-13.
[43] Defendant's Memo at 12.
[44] Compl. ¶ 21; Plaintiff's Declaration, Exhibit C.
[45] See *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506 (6th Cir. 2008), holding that when "considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, '[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'"

Opposition to Defendant's Motion to Dismiss

### C. Plaintiff's Employment Discrimination Claims are Not Precluded by Unresolved Tort/Contract claims Under Appeal

Defendant State Bar improperly raises *res judicata* as purportedly precluding Plaintiff's claims under the ADEA and FEHA.[46]  The issues in the State tort/contract ruling which Defendant relies on are not the subject of a final judgement, are still subject to appeal[47] and are thus neither "firm" nor "stable" and not "final for the purpose of preclusion."  *Sandoval v. Superior Court* (1983) 140 Cal. App. 3d 932, 936 (citing Rest.2d Judgments, § 13, com. b.).  "California law is settled that pending appeal a trial court judgment is not final for purposes of giving *res judicata* effect."  *Id.* at 937.  Cal. Code Civ. Proc. § 1049.  Pursuant to 28 U.S.C. § 1738, federal courts must afford state court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."[48]  Thus, the judgement and order in Plaintiff's prior tort/contract action involving Defendant State Bar has no preclusive effect on this case.

Even if the rulings by the trial court in the cited tort/contract case against Defendant were available for preclusive effect on this case, the rulings in that case dismissing Plaintiff's tort/contract claims were not "necessarily" based on determining whether claims under the ADEA and FEHA could be brought against Defendant State Bar.  Indeed, that trial court 1) ruled

---

[46] Defendant's Memo at 7.
[47] At the time of filing this brief, the California Superior Court, Santa Clara, trying Case No. 220V397095 has not entered a final judgement of dismissal (or any judgement) following its ruling sustaining Defendant's demurrer without leave to amend.  A co-defendant in that case (State of California) has served Plaintiff with and purportedly submitted a "Proposed Judgement" (Plaintiff's Declaration, Exhibit D) dismissing that case following the trial court's order which has not been acted on by the trial court judge.  Thus, the Demurrer ruling concerning any potential matters at issue in this case, which Plaintiff may yet appeal, cannot yet be appealed.  Moreover, Plaintiff requested that the trial court continue the Demurrer hearing pending the outcome of an appeal in a related case against the Supreme Court of California concerning the same facts and legal issues as in its own case, which the trial court denied without providing a reason.  Defendant's Request for Judicial Notice of 10/7/22, Exhibit B, Order filed 9/15/22, pg. 1, lines 8-10.  Earlier, Plaintiff had already requested a stay of the trial court proceedings pending that same appeal, which the trial court failed to act on other than scheduling a hearing for after its Demurrer hearing and ruling.  Plaintiff's Declaration, Exhibit E.
[48] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); see also *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.")

Opposition to Defendant's Motion to Dismiss

that it did not even have jurisdiction to hear Plaintiff's claims against Defendant and 2) stated that "Plaintiff has not actually alleged any claim under the ADEA and the FEHA…"[49]

In California, for collateral estoppel to apply to a particular issue, a ruling on that issue must have been actually litigated and been necessarily decided in the former proceeding. *Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240 (9th Cir. 2001).  Because, according to the trial court, the issue of Defendant's liability under the ADEA and FEHA wasn't actually litigated, there is nothing in the cited ruling that would preclude Plaintiff's claims under the ADEA and FEHA.  Because the trial court ruled that it didn't even have jurisdiction to hear that case, the issues of ADEA and FEHA liability were clearly not "necessarily decided" in the cited tort/contract action.  Thus, even if *res judicata* could be raised with respect to Plaintiff's preceding tort/contract action, which it cannot, there was no ruling in that action which could preclude Plaintiff's present claims under the ADEA and FEHA against Defendant State Bar.

### III.     CONCLUSION

Defendant State Bar has established a clear pattern and practice of employment discrimination against those in protected age groups, including Plaintiff.  The chances of passing Defendant's employment examinations were effectively negligible based on Plaintiff's age while those of much younger ages were granted overwhelmingly higher rates of passage.  There is no plausible explanation for this disparate treatment other than by way of violation of the ADEA and FEHA.  Plaintiff has satisfied the requirements for establishing an inference of violations of the ADEA and FEHA by showing a clear and extreme case of disparate impact in the scoring of Defendant's employment examinations.  There is no merit to Defendant's suggestion that only employers can be liable to their own employees under the ADEA and FEHA.  Defendant is fully liable in this case as an employer, labor organization, employment agency, and licensing board under the respective provisions of the ADEA and FEHA.

There is no Eleventh Amendment Immunity available for Defendant as they are admittedly "not the State" and not qualified for such immunity pursuant to federal law.  Defendant's assertion that only its supervisor California Supreme Court has jurisdiction over Plaintiff's claims under the ADEA and FEHA is without merit and violative of the California

---

[49] Defendant's Request for Judicial Notice of October 7, 2022, Exhibit B, "Order Granting Defendants State Bar…Demurrer to Complaint" at 5-8.

Opposition to Defendant's Motion to Dismiss
- 19 -

State Constitution.  There is no other procedure under California or Federal law beyond Plaintiff's original EEOC/DFEH charge and obtaining his subsequent Notices of Right to Sue that was required for Plaintiff to seek employment discrimination remedies in this Court.  The erroneous ruling dismissing Plaintiff's prior tort/contract action against Defendant is under appeal and has no preclusive effect relating to this action, pursuant to California law.  Plaintiff thus respectfully requests that this Court deny Defendant's motion to dismiss under 12(b)(1) and 12(b)(6).

DATED:  October 19, 2022

_____
Matthew Flinders, Plaintiff