Matthew Flinders
1267 Lakeside Dr., Suite 3077
Sunnyvale, CA  94085
Telephone: 617-699-3068
Email: mflinders@hotmail.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Flinders, individually. | Case No.: 5:22-cv-04072-VKD |
| Plaintiff, Pro Se, | |
| v. | |
| STATE BAR OF CALIFORNIA, | |
| Defendant. | |

## DECLARATION OF PLAINTIFF MATTHEW FLINDERS IN SUPPORT OF
## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1   I, Matthew Flinders, hereby declare:

2       1.      I am the Plaintiff in this Action brought before this Court.  I have personal

3   knowledge of the facts stated in this Declaration.  I could and would competently and truthfully

4   testify to these facts if called as a witness to do so.

5       2.      On June 8, 2022, I received from the Defendant State Bar a memorandum in

6   support of the State Bar's demurrer to my complaint in the Superior Court of California, Santa

7   Clara, having Case No. 220V397095 ("Exhibit A").

8       3.      On or around June 16, 2021, I received a "Position Statement" submitted with the

9   Equal Employment Opportunity Commission in response to an employment discrimination

10  charge filed against the California Supreme Court, having EEOC Charge No. 550-2021-00872

11  ("Exhibit B").

12      4.      On June 2, 2020, I submitted a California Public Records Act Request to the State

13  Bar requesting records pertaining to the "results of the July 2019 and February 2020 California

14  Bar Examinations" for "each exam taker," in response to which I received the records which are

15  the subject of the instant case (e.g., Compl. ¶¶ 2, 12, 21) ("Exhibit C").

16      5.      I have received a "Proposed Judgment" from a co-defendant in that case (State of

17  California) ("Exhibit D") that, to my knowledge, has not been acted on by that trial court.

18      6.      On July 20, 2022, and August 12, 2022, I submitted a motion to stay the

19  proceedings referenced in 5) and 2) pending an appeal in a related case against the Supreme

20  Court of California ("Exhibit E").

21      I declare under the penalty of perjury under the laws of the United States that the

22  foregoing is true and correct, and that I executed this declaration on October 19, 2022 in

23  Sunnyvale, California.

DATED:  October 19, 2022

Matthew Flinders, Plaintiff

Declaration in Support of Opposition to Defendant's Motion to Dismiss
- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VANESSA L. HOLTON (111613)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
CAROLINE W. HOLMES (299116)
JEAN KRASILNIKOFF (280450)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2444; Fax: (415) 538-2321
Email:  jean.krasilnikoff@calbar.ca.gov

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 6/8/2022 11:16 AM
Reviewed By: F. Miller
Case #22CV397095
Envelope: 9167745**

Attorneys for Defendants State Bar of California; Donna Hershkowitz; Leah Wilson; Vanessa
Holton; Dag MacLeod; Ron Pi; Esther P. Lin; Alex Chan; Jason P. Lee; Joshua Perttula; Hailyn
Chen; Ruben Duran; Alan K. Steinbrecher

**Exempt from Filing Fees Pursuant to Government
Code Section 6103**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MATTHEW FLINDERS, individually,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA; Current and Former Executive Members DONNA HERSHKOWITZ, LEAH WILSON, VANESSA HOLTON, DAG MACLEOD; State Bar Staff Member RON PI; Current and Former Members of the Committee of Bar Examiners ESTHER P. LIN, ALEX CHAN; Current and Former Members of the Board of Trustees JASON P. LEE, JOSHUA PERTTULA, HAILYN CHEN, RUBEN DURAN, ALAN K. STEINBRECHER; CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS; Tracy Montez, Chief, Division of Programs and Policy Review; Does 1-100,<br><br>    Defendants. | Case No.   22CV397095<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STATE BAR OF CALIFORNIA, DONNA HERSHKOWITZ, LEAH WILSON, VANESSA HOLTON, DAG MacLEOD, RON PI, ESTHER P. LIN, ALEX CHAN, JASON P. LEE, JOSHUA PERTTULA, HAILYN CHEN, RUBEN DURAN, AND ALAN K. STEINBRECHER'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>DATE:<br>TIME:<br>DEPT:       20<br>JUDGE:     Hon. Socrates P. Manoukian<br><br>Action Filed:     April 1, 2022<br>Trial Date:       None |

## Table of Contents

I.  INTRODUCTION.................................................................................... 1

II. STATEMENT OF FACTS..................................................................... 1

    A.  The State Bar Administers the Attorneys' Exam.......................... 1

    B.  Plaintiff Failed to Pass the Attorneys' Exam After Two Attempts. ........... 2

    C.  Plaintiff's Conclusory Allegations of Age Discrimination........................ 2

III. LEGAL STANDARD FOR THE DEMURRER...................................... 4

IV. ARGUMENT........................................................................................ 4

    A.  This Court Lacks Subject Matter Jurisdiction Over Attorney Admissions. . 4

    B.  The Demurrer Must Be Sustained Because the State Bar Defendants Are
        Immune as a Matter of Law................................................................ 5

        1.  The State Bar Defendants Are Entitled to Quasi-Judicial and
            Legislative Immunity.............................................................. 5

        2.  The State Bar Is Generally Immune to Damages Claims Arising Out
            of Torts.................................................................................. 6

        3.  The State Bar Defendants Are Entitled to Licensing Immunity. ........ 6

        4.  The State Bar Defendants Are Immune for Implementing
            Enactments. .......................................................................... 7

        5.  The State Bar Defendants Are Immune from Misrepresentation
            Claims.................................................................................... 7

    C.  The Demurrer Must Be Sustained Because Plaintiff Failed to Comply with
        the Government Claims Presentation Requirement........................... 8

        1.  Plaintiff Failed to Present Any Claim to the State Bar. ............... 8

        2.  Plaintiff's Second and Fifth Causes of Action Are Time-Barred. ...... 8

        3.  Plaintiff Failed to Plead the Timely Presentation of His Other Causes
            of Action. ............................................................................. 9

    D.  Plaintiff's Claims Must Be Dismissed Because the Complaint Fails to Allege
        Facts Sufficient to State a Claim for Any Cause of Action. ................ 11

        1.  Plaintiff Fails to State a Claim for Breach of Contract.................. 11

2.    **Plaintiff Fails to State a Claim for Interference with Contractual Relations** ............................................................................ 12

3.    **Plaintiff Fails to State a Claim for Intentional/Fraudulent Misrepresentation.** ...................................................................... 12

4.    **Plaintiff Fails to State a Claim for Interference with Prospective Economic Advantage.** ...................................................... 13

5.    **Plaintiff Fails to State a Claim for False Light Defamation.** .............. 13

6.    **Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.** ................................................................ 14

7.    **Plaintiff Fails to State a Claim for Negligence.** ................................. 14

V.    **CONCLUSION** .................................................................................... 15

1

2

**Table of Authorities**

### ***Cases***

3

*Akin v. Certain Underwriters At Lloyd's London*
(2006) 140 Cal.App.4th 291 ........................................................................... 4

4

5

*Amarise v. Related Cos.*
(C.D. Cal. Nov. 24, 2020) 2020 WL 8474757 ........................................... 8, 9

6

*Arce v. Kaiser Found. Health Plan, Inc.*
(2010) 181 Cal.App.4th 471 ........................................................................... 4

7

8

*Bowman v. Wyatt*
(2010) 186 Cal.App.4th 286 ........................................................................... 7

9

10

*Brandon G. v. Gray*
(2003) 111 Cal.App.4th 29 ........................................................................... 10

11

*Buschman v. Anesthesia Business Consultants LLC*
(N.D. Cal. 2014) 42 F.Supp.3d 1244 ........................................................... 10

12

13

*Camacho v. Puerto Rico Ports Authority*
(1st Cir. 2004) 369 F.3d 570 ........................................................................ 11

14

*Chaney v. State Bar of Cal.*
(9th Cir. 1967) 386 F.2d 962 .......................................................................... 4

15

16

*D.C. Comics v. Pacific Pictures Corp.*
(C.D. Cal. 2013) 938 F.Supp.2d 941 ............................................................. 9

17

18

*DiCampli-Mintz v. County of Santa Clara*
(2012) 55 Cal.4th 983 ..................................................................................... 8

19

*Dickinson v. Cosby*
(2019) 37 Cal.App.5th 1138 ......................................................................... 14

20

21

*Engel v. McCloskey*
(1979) 92 Cal.App.3d 870 .............................................................................. 6

22

*Esparza v. County of Los Angeles*
(2014) 224 Cal.App.4th 452 ........................................................................... 7

23

24

*Estill v. County of Shasta*
(2018) 25 Cal.App.5th 702 ........................................................................... 10

25

*Finch Aerospace Corp. v. City of San Diego*
(2017) 8 Cal.App.5th 1248 ............................................................................. 8

26

27

*Fletcher v. Western National Life Ins. Co.*
(1970) 10 Cal.App.3d 376 ............................................................................ 14

28

*Gibson v. City of Pasadena*
(1978) 83 Cal.App.3d 651 .............................................................................. 6

*Golden Eagle Land Invest., L.P. v. Rancho Santa Fe Assn.*
(2018) 19 Cal.App.5th 399 ................................................. 13

*Green v. Zank*
(1984) 158 Cal.App.3d 497 ................................................. 5

*Guzman v. County of Monterey*
(2009) 46 Cal.4th 887 ................................................. 6

*Haddock v. Board of Dental Examiners of Cal.*
(9th Cir. 1985) 777 F.2d 462 ................................................. 11

*In re Rose*
(2000) 22 Cal.4th 430 ................................................. 1

*Jenni Rivera Enters., LLC v. Latin World Entm't Holdings, Inc.*
(2019) 36 Cal.App.5th 766 ................................................. 12

*Kohn v. State Bar of Cal.*
(N.D. Cal. 2020) 497 F.Supp.3d 526 ................................................. 11

*Ladd v. County of San Mateo*
(1996) 12 Cal.4th 913 ................................................. 15

*Lawrence v. Bank of Am.*
(1985) 163 Cal.App.3d 431 ................................................. 4

*Lazar v. Super. Ct.*
(1996) 12 Cal.4th 631 ................................................. 12

*Levanti v. Tippen*
(S.D. Cal. 1984) 585 F.Supp.499 ................................................. 5

*Mahler v. Judicial Council of Cal.*
(2021) 67 Cal.App.5th 82 ................................................. 5, 6

*Pavlovsky v. Board of Trade of San Francisco*
(1959) 171 Cal.App.2d 110 ................................................. 14

*Richman v. Hartley*
(2014) 224 Cal.App.4th 1182 ................................................. 11

*Roberts v. McAfee, Inc.*
(9th Cir. 2011) 660 F.3d 1156 ................................................. 9

*Rosenthal v. Vogt*
(1991) 229 Cal.App.3d 69 ................................................. 6

*Service by Medallion, Inc. v. Clorox Co.*
(1996) 44 Cal.App.4th 1807 ................................................. 12

*Smith v. State Bar*
(1989) 212 Cal.App.3d 971 ................................................. 4

*State of Cal. v. Super. Ct. (Bodde)*
 (2004) 32 Cal.4th 1234 ...................................................................... 8

*Steiner v. Super. Ct.*
 (1996) 50 Cal.App.4th 1771 .............................................................. 6

*Tarrman v. State Farm Mutual Auto. Ins. Co.*
 (1991) 2 Cal.App.4th 153 ................................................................. 12

*Tracfone Wireless, Inc. v. County of Los Angeles*
 (2008) 163 Cal.App.4th 1359 ............................................................ 4

*Trembath v. Digardi*
 (1974) 43 Cal.App.3d 834 ................................................................. 9

*Vernon v. State of Cal.*
 (2004) 116 Cal.App.4th 114 ............................................................ 11

*Willis v. City of Carlsbad*
 (2020) 48 Cal.App.5th 1104 ............................................................. 9

*Wong v. Jing*
 (2010) 189 Cal.App.4th 1354 .......................................................... 13

*Zelig v. County of Los Angeles*
 (2002) 27 Cal.4th 1112 ..................................................................... 4

**Statutes**

Americans with Disabilities Act
 29 U.S.C. § 621 et seq ...................................................................... 3
 29 U.S.C. § 623 ............................................................................... 11

California Business & Professions Code
 §§ 6001 et seq ................................................................................... 1
 § 6060 ........................................................................................... 1, 7
 § 6066 ............................................................................................... 4
 § 6046 ...................................................................................... 4, 5, 7
 § 6046.6 ........................................................................................... 7

California Code of Civil Procedure
 § 338 ............................................................................................... 10
 § 430.10 ........................................................................................ 4, 8
 § 430.30 ........................................................................................... 1

California Government Code
 § 810.2 ............................................................................................. 6
 § 811.2 ............................................................................................. 6
 § 815 ................................................................................................ 6
 § 818.2 ............................................................................................. 7
 § 818.4 ......................................................................................... 6, 11
 § 818.8 ............................................................................................. 7
 § 821 ...................................................................................... 6, 7, 11
 § 821.2 ....................................................................................... 6, 11

§ 822.2 ............................................................................................................. 7
§ 900.2(a) ........................................................................................................ 8
§ 900.4 ............................................................................................................. 8
§ 911.2 ....................................................................................................... 8, 10
§ 915, subd. (a) ............................................................................................... 8
§ 945.4 ............................................................................................................. 8
§ 12900 et seq ................................................................................................. 3
§ 12944 .......................................................................................................... 11

**Rules**

California Rules of Court
    rules 9.3-9.6 ................................................................................................... 4
    rule 9.13 .......................................................................................................... 4

**Constitutional Provisions**

California Constitution
    art. VI, § 9 ................................................................................................. 1, 6

**Other Authorities**

California Executive Order
    No. N-08-21 (June 11, 2021) ......................................................................... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants the State Bar of California ("State Bar"), Donna Hershkowitz, Leah Wilson, Vanessa Holton, Dag MacLeod, Ron Pi, Esther P. Lin, Alex Chan, Jason P. Lee, Joshua Perttula, Hailyn Chen, Ruben Duran, and Alan K. Steinbrecher (hereinafter collectively referred to as "State Bar Defendants") submit this Memorandum of Points and Authorities in support of their Demurrer to Plaintiff Matthew Flinders' Complaint for Compensatory Damages, Punitive Damages, and Request for Injunctive Relief pursuant to California Code of Civil Procedure sections 430.10 and 430.30.

## I.   INTRODUCTION

This action stems from Plaintiff's speculation that his inability to pass the Attorneys' Exam after two attempts is due to the State Bar's alleged practice of intentionally discriminating against examinees over 40 years old. On May 31, 2022, this Court sustained a demurrer to a related lawsuit that Plaintiff filed against the California Supreme Court and its Justices based on the same facts. This Demurrer must also be sustained because this Court lacks jurisdiction over the attorney admissions process, and the State Bar is immune from suit as a matter of law. Further, Plaintiff offers conjecture and conclusion but fails to state sufficient *facts* to withstand demurrer on any of his seven causes of action. These flaws cannot be cured by amendment. For the reasons set forth herein, the State Bar Defendants respectfully request that the Court sustain their Demurrer to Plaintiff's Complaint in its entirety with prejudice.

## II.  STATEMENT OF FACTS

### A.      The State Bar Administers the Attorneys' Exam.

The State Bar is a public corporation established by the California State Constitution; it operates as an administrative arm of the California Supreme Court in attorney licensing, discipline, and regulation. (Cal. Const., art. VI, § 9; Bus. & Prof. Code § 6001; *In re Rose* (2000) 22 Cal.4th 430, 438.) The State Bar administers the California Bar Exam ("Bar Exam"), which applicants must pass to become licensed attorneys in California. (Bus. & Prof. Code § 6060, subd. (g).) For most applicants, the Bar Exam is a two-day exam; day one consists of essays and a performance test, and day two consists of the multiple-choice Multistate Bar Exam. (Compl. ¶

11.) Examinees licensed in good standing in other states for at least four years may take the Attorneys' Exam, which consists only of day one of the two-day Bar Exam. (*Ibid.*)

### B.    Plaintiff Failed to Pass the Attorneys' Exam After Two Attempts.

Plaintiff is a 51-year-old attorney licensed in Massachusetts. (Compl. ¶ 10.) Plaintiff alleges that in 2018, he was offered a job with a law firm in San Jose, California, and subsequently moved to Santa Clara County to pursue that opportunity. (*Ibid.*) Plaintiff alleges he was required to obtain a California law license as a condition of employment. (*Ibid.*) Plaintiff took the Attorneys' Exam in July 2019 and February 2020 and was unsuccessful on both attempts. (*Id.* ¶¶ 11-12.) Plaintiff alleges that his "professional colleagues and the general public received notice" that he did not pass the exams on or around November 15, 2019, and May 8, 2020. (*Id.* ¶ 13.) Plaintiff alleges his employment was subsequently terminated. (*Id.* ¶ 17.)

### C.    Plaintiff's Conclusory Allegations of Age Discrimination.

Plaintiff filed this action on April 1, 2022, naming as defendants the State Bar; current State Bar executives Donna Hershkowitz, Leah Wilson, and Vanessa Holton; former State Bar executive Dag MacLeod; current State Bar employee Ron Pi; current State Bar Committee of Bar Examiners ("CBE") members Esther P. Lin and Alex Chan; current State Bar Board of Trustees ("BOT") members Joshua Perttula, Hailyn Chen, and Ruben Duran; and former BOT members Jason P. Lee and Alan K. Steinbrecher. (Compl. ¶ 2.) Plaintiff alleges that the State Bar Defendants engaged in a practice of intentionally discriminating against examinees over 40 years old. (*Id.* ¶¶ 9, 15-16, 21-22, 30, 33-36.) On November 30, 2021, Plaintiff filed a lawsuit against the California Supreme Court and its Justices based on the same facts. (*Id.* ¶ 5.) This Court sustained the Supreme Court's demurrer without leave to amend on May 31, 2022. (Defendants' Request for Judicial Notice ["RJN"], Exh. A.)

Plaintiff alleges the "[e]xaminations were caused to be unlawfully discriminatory towards Plaintiff and others in Plaintiff's protected age class." (Compl. ¶ 16.) In support of his Complaint, Plaintiff provides his own statistical analysis regarding the full Bar Exam, not the Attorneys' Exam, which purportedly shows that younger examinees passed the July 2019 and February 2020 exams at a higher rate than older examinees. (*Id.* ¶¶ 22; Decl. of Matthew

Flinders re Complaint, filed May 16, 2022, Exhs. A, B.) However, aside from a single conclusory allegation that the Bar Exam is "scored utilizing an arbitrary and unreasonable measure of manual dexterity," the Complaint does not allege any facts to demonstrate a causal connection between examinee age and pass rates. (*Id.* ¶ 30.) Plaintiff further alleges that the State Bar falsely represented that the Bar Exam is scored to assess minimum competence to practice law. (*Id.* ¶ 28.)

Plaintiff also alleges that two "programs" adopted by the California Supreme Court and administered by the State Bar during the COVID-19 pandemic discriminated against older examinees. (Compl. ¶¶ 33-36.) Plaintiff refers to these "programs" as the "Cut Score Program" and the "New Graduate Program." (*Ibid.*) Plaintiff alleges that in administering the "Cut Score Program," which created an alternative pathway to licensure for examinees who received a score of 1390 or higher on past Bar Exams and Attorneys' Exams, State Bar Defendants "furthered the unlawful age-based discrimination" of past exams by "increasing the differences in pass rates" between younger examinees and examinees over the age of 40. (*Id.* ¶¶ 33-34.) Again, Plaintiff fails to articulate a causal connection between examinee age and pass rates. With respect to the "New Graduate Program," which provided 2020 law school graduates the opportunity to become provisionally licensed prior to taking and passing the Bar Exam, Plaintiff alleges that the program is "overwhelmingly restricted to younger examinees," but fails to allege any facts demonstrating that examinees over 40 years old have been excluded from the program. (*Id.* ¶ 35.)

Plaintiff does not and cannot allege that he has ever been employed by the State Bar, and therefore, he does not and cannot allege a cause of action under either the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA") or the California Fair Employment and Housing Act, Gov. Code §§ 12900 et seq. ("FEHA"). (See Compl. ¶¶ 37-73.) Instead, he filed suit for breach of contract and six tort causes of action. Plaintiff seeks compensatory and punitive damages, disgorgement, an injunction ordering the State Bar to regrade or reassign scores for the exams he failed, and an injunction ordering the State Bar to adhere to its "contractual and other legal obligations to future examinees." (Compl. At pp. 17-18.)

1    **III.    LEGAL STANDARD FOR THE DEMURRER**

2        A demurrer is authorized where, as here, the court lacks subject matter jurisdiction, or the

3    pleading fails to state facts sufficient to constitute a cause of action. (Code Civ. Proc. § 430.10,

4    subd. (a), (e).) When assessing a demurrer, a court's review is generally limited to the properly

5    pleaded factual allegations in the complaint. (*Arce v. Kaiser Found. Health Plan, Inc.* (2010) 181

6    Cal.App.4th 471, 483.) The Court accepts all properly pleaded material facts but disregards

7    "contentions, deductions or conclusions of fact or law." (*Zelig v. County of Los Angeles* (2002)

8    27 Cal.4th 1112, 1126.) A court may also consider documents subject to judicial notice. (*Akin v.*

9    *Certain Underwriters At Lloyd's London* (2006) 140 Cal.App.4th 291, 295.) If the pleading

10    cannot be cured by amendment, as where there is no liability as a matter of law, the demurrer

11    should be sustained with prejudice.  (*Lawrence v. Bank of Am.* (1985) 163 Cal.App.3d 431, 436.)

12    **IV.   ARGUMENT**

13        **A.    This Court Lacks Subject Matter Jurisdiction Over Attorney Admissions.**

14        The California Supreme Court has "'sole original jurisdiction' over the attorney

15    admissions process." (*Smith v. State Bar* (1989) 212 Cal.App.3d 971, 976.) Pursuant to the

16    authority delegated to it by the California Supreme Court, the CBE may examine applicants,

17    administer requirements for admission, and certify those applicants who fulfill the requirements

18    for admission to the California Supreme Court. (Bus. & Prof. Code § 6046; Cal. Rules of Ct.,

19    rules 9.3-9.6.) The CBE's decision whether to certify an applicant "is legally simply a

20    recommendation" to the California Supreme Court; the State Bar has no authority to admit

21    applicants. (*Chaney v. State Bar of Cal.* (9th Cir. 1967) 386 F.2d 962, 966.) If the CBE refuses to

22    certify an applicant for admission, the applicant's recourse is to petition the California Supreme

23    Court to review that refusal as prescribed in the California Rules of Court. (Bus. & Prof. Code §

24    6066; Cal. Rules of Court, rule 9.13.) All Plaintiff's claims arise directly from the State Bar

25    Defendants' exercise of their admissions functions. Because the relief requested in the Complaint

26    is directly premised on the alleged failure to properly administer the admissions requirements,

27    this Court lacks subject matter jurisdiction. This Court sustained a demurrer with prejudice on

28

1   this basis alone in Plaintiff's nearly identical Complaint against the California Supreme Court

2   and its Justices. (RJN, Exh. A.) This Demurrer must also be sustained with prejudice.

3       **B.      The Demurrer Must Be Sustained Because the State Bar Defendants Are
            Immune as a Matter of Law.**

4

5       Even assuming, *arguendo*, that this Court had subject matter jurisdiction over Plaintiff's

6   Complaint, various immunities bar any liability for the State Bar Defendants for the conduct

7   alleged in the Complaint as a matter of law. The Demurrer should also be sustained on this basis.

8

9       **1.   The State Bar Defendants Are Entitled to Quasi-Judicial and
               Legislative Immunity.**

10      Judicial immunity bars suits based on "activity relating to the admission or disbarment of

11  a particular individual." (*Levanti v. Tippen* (S.D. Cal. 1984) 585 F.Supp.499, 504.) The

12  admissions process is "regarded as a judicial process and… the State Bar and the Committee of

13  Bar Examiners are regarded as arms of the California Supreme Court when performing their

14  duties in connection with the process." (*Green v. Zank* (1984) 158 Cal.App.3d 497, 511.) In

15  grading Plaintiff's exams, the State Bar was performing a function delegated to it as an arm of

16  the California Supreme Court and is therefore "protected by the same cloak of absolute judicial

17  immunity worn by that tribunal." (*Levanti*, *supra*, 585 F.Supp. at p. 504.) Judicial immunity

18  forecloses an award of damages and injunctive relief unless declaratory relief is unavailable.

19  (*Mahler v. Judicial Council of Cal.* (2021) 67 Cal.App.5th 82, 109-10, fn. 15.) Plaintiff has not

20  established that declaratory relief is unavailable, and thus, judicial immunity bars his claims for

21  damages and injunctive relief. (Compl. at pp. 17-18.)

22      Further, legislative immunity bars Plaintiff's claims to the extent he attacks the Bar

23  Exam's form, content, or grading. The CBE is authorized by statute to determine the form and

24  content of the bar examination, including the standards and methods of grading. (Bus. & Prof.

25  Code § 6046.) "When promulgating general rules which govern conduct or admission to the state

26  bar, state supreme courts, and their administrative arms act in a legislative . . . capacity." (*Levani,*

27  *supra,* 585 F.Supp. at pp. 504-05.) This immunity is absolute and shields State Bar Defendants

28  from liability for acts that are legislative in character, regardless of the type of relief sought. (See

*Mahler*, *supra*, 67 Cal.App.5th at pp. 101-107; see also *Steiner v. Super. Ct.* (1996) 50 Cal.App.4th 1771, 1784.) The Demurrer should therefore be sustained on grounds of quasi-judicial and legislative immunity.

### 2. The State Bar Is Generally Immune to Damages Claims Arising Out of Torts.

Except as otherwise provided by statute, "a public entity is not liable for injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (Gov. Code § 815; see also *Guzman v. County of Monterey* (2009) 46 Cal.4th 887; *Gibson v. City of Pasadena* (1978) 83 Cal.App.3d 651, 655.) "Public entity" includes public corporations such as the State Bar, and thus, the State Bar is not liable for injury except as provided by statute. (Gov. Code §§ 811.2, 815; see Cal. Const., art. VI, § 9.) Plaintiff's second through seventh causes of action allege common law torts and do not allege a statutory cause of action for which the Legislature has subjected the State Bar to liability. The State Bar is therefore immune to those claims for damages.

### 3. The State Bar Defendants Are Entitled to Licensing Immunity.

"[A] public entity is not liable for an injury caused by… failure or refusal to issue…any…license… where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." (Gov. Code § 818.4.) State Bar employees and officers are similarly immune. (*Id.* §§ 821.2, 810.2 ["employee" includes "an officer … whether or not compensated."]) Plaintiff's allegations relate directly to the State Bar Defendants' admission and licensing functions. As such, the second through seventh causes of action are subject to demurrer because the State Bar, its employees, and its CBE and BOT officers are immune from torts claims arising from their official licensing functions. (See *Rosenthal v. Vogt* (1991) 229 Cal.App.3d 69, 75; *Engel v. McCloskey* (1979) 92 Cal.App.3d 870, 881.)

Although licensing immunity applies only to discretionary acts, the CBE exercises discretion in examining applicants, administering admission requirements, and certifying those applicants who meet the requirements for admission to the California Supreme Court as nothing in the governing statutes or rules mandates certification. (See Bus. & Prof. Code § 6046 subds.

(a)-(c).) Furthermore, to the extent Plaintiff challenges the grading or scaling of the examination, the use of scaling is permissive, not mandatory. (Bus. & Prof. Code § 6046.6(c) ["[s]caling may be used on the bar examination…"].)[1] Because the challenged actions relate to discretionary acts regarding licensing attorneys, licensing immunity applies, and the Demurrer to Plaintiff's second through seventh causes of action must be sustained.

### 4. The State Bar Defendants Are Immune for Implementing Enactments.

The State Bar administered two programs enacted by the Supreme Court during the COVID-19 pandemic, described by Plaintiff as the "New Graduate Program" and the "Cut Score Program." The Supreme Court enacted these programs, and the State Bar administered the programs as the administrative arm of the Supreme Court. The Supreme Court is entitled to immunity under section 818.2 of the Government Code for enacting those programs, and the State Bar is immune for implementing those programs. (See *Esparza v. County of Los Angeles* (2014) 224 CalApp.4th 452, 462 [immunity extends beyond adoption of the enactment to its implementation].) A similar provision of the Government Code also immunizes the individual defendants. (Gov. Code § 821.) Thus, State Bar Defendants are immune from claims arising out of the administration of the New Graduate and Cut Score programs.

### 5. The State Bar Defendants Are Immune from Misrepresentation Claims.

Public entities and their employees are immune from injuries "caused by misrepresentation. . . whether or not such misrepresentation be negligent or intentional." (Gov. Code §§ 818.8, 822.2.) This immunity applies to "causes of action that are forms of the common law tort of deceit . . . an involve interferences with financial or commercial interests." (*Finch Aerospace Corp. v. City of San Diego* (2017) 8 Cal.App.5th 1248, 1252-53.) In his third cause of action, Plaintiff alleges intentional/fraudulent misrepresentation, a form of deceit covered by

---

[1] Even assuming, *arguendo*, the CBE had a mandatory duty to certify applicants meeting the requirements for admission to the California Supreme Court, Plaintiff cannot plead that the State Bar Defendants breached that duty because one of those requirements is passing the Attorneys' Exam, which Plaintiff has not done. (Bus. & Prof. Code § 6060, subd. (g); see also *Bowman v. Wyatt* (2010) 186 Cal.App.4th 286, 317.)

misrepresentation immunity. (*Ibid.*; see Compl. ¶¶ 52-55.) Thus, State Bar Defendants enjoy immunity on this basis with respect to Plaintiff's third cause of action.

### C. The Demurrer Must Be Sustained Because Plaintiff Failed to Comply with the Government Claims Presentation Requirement.

#### 1. Plaintiff Failed to Present Any Claim to the State Bar.

Pursuant to the California Government Claims Act ("CGCA"), a party seeking "to recover money damages from a California public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues." (*Amarise v. Related Companies* (C.D. Cal. Nov. 24, 2020) 2020 WL 8474757, at *6; Gov. Code §§ 911.2(a), 945.4.) "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit[.]" (*State of Cal. v. Super. Ct. (Bodde)* (2004) 32 Cal.4th 1234, 1239.)  In an action against a government entity or its employees, failure to allege compliance with the CGCA's claims presentation requirement is grounds for general demurrer. (See Code Civ. Proc. § 430.10, subd. (e); *Bodde*, *supra*, 32 Cal.4th at p. 1239.)

Plaintiff failed to present any claim to the State Bar. While Plaintiff alleges he presented a claim to the Department of General Services ("DGS") (Comp. ¶ 5), the State Bar is a public corporation, not the "state," and Plaintiff was required to present any claim to the State Bar's BOT. (Gov. Code §§ 900.4 ["local public entity" includes public corporations]; 900.2, subd. (a) [for local public entities, "Board" means the governing body of the entity]; 911.2, subd. (a); 915, subd. (a).) Delivery of a claim to an incorrect recipient does not satisfy the claim presentation requirement. (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991-92.) The Demurrer should be sustained because Plaintiff failed to present any claim to the State Bar.

#### 2. Plaintiff's Second and Fifth Causes of Action Are Time-Barred.

Even if Plaintiff had presented a claim to the State Bar, as required, the claim submitted to DGS was untimely as to his second and fifth causes of action. As a result of the COVID-19 pandemic, the statutory six-month period for claims presentation was extended by 120 days.[2]

---

[2] Cal. Exec. Order No. N-08-21 (June 11, 2021), ¶ 7(e) ("Claims accruing before June 30, 2021, will remain subject to the 120-day extension granted in the aforementioned orders.")

1   Plaintiff asserts that he filed a Claim for Damages with the DGS on May 5, 2021 and submitted

2   an amendment to his claim on September 13, 2021. (Compl. ¶ 5.) Plaintiff's tort claims that

3   accrued before July 5, 2020 (six months plus 120 days before May 5, 2021) are time-barred.

4          Plaintiff's second cause of action alleges that Defendants tortiously interfered with his

5   contractual relations with his employer and with his contracts with the State Bar. (Compl. ¶ 44-

6   51.) "A tortious-interference claim typically accrues 'at the date of the wrongful act.'" (*D.C.*

7   *Comics v. Pacific Pictures Corp*. (C.D. Cal. 2013) 938 F.Supp.2d 941 (citing *Trembath v.*

8   *Digardi* (1974) 43 Cal.App.3d 834, 836).) Notably, the claim cannot accrue later than the actual

9   breach of the contract because the breach is the culmination of the alleged wrong. (*Ibid.*) Plaintiff

10  alleges that the State Bar breached a contract when it administered, scored, and scaled his exams,

11  which necessarily occurred before the posting of the exam results on November 15, 2019, and

12  May 8, 2020. Thus, because the claim accrued before July 5, 2020, the claim is time-barred.

13         Plaintiff's fifth cause of action for false light defamation is also time-barred. The accrual

14  date for such a claim is the date the communication is published. (See *Roberts v. McAfee, Inc.*

15  (9th Cir. 2011) 660 F.3d 1156, 1166.)  Plaintiff alleges that he, his professional colleagues, and

16  the general public "received notice on or around November 15, 2019 and May 8, 2020 that

17  Plaintiff failed to receive a passing score from the State Bar for the July 2019 Examination and

18  the February 2020 Examination, respectively." (Compl. ¶ 13.) The defamation cause of action

19  accrued well before the July 5, 2020 deadline and is therefore time-barred.

20         **3.   Plaintiff Failed to Plead the Timely Presentation of His Other Causes
             of Action.**

21

22         Where a complaint fails "to allege facts demonstrating timely presentation of a claim or

23  that such presentation was excused," the complaint "is subject to a general demurrer for not

24  stating facts sufficient to constitute a cause of action." (*Willis v. City of Carlsbad* (2020) 48

25  Cal.App.5th 1104, 1119; *Amarise v. Related Cos.* (C.D. Cal. 2020) 2020 WL 8474757, at *6.)

26         A cause of action for fraud accrues when the aggrieved party discovers facts constituting

27  the fraud or is put on notice of a false representation. (Code Civ. Proc. § 338, subd. (d); *Brandon*

28  *G. v. Gray* (2003) 111 Cal.App.4th 29, 36.) Plaintiff failed to allege the date he discovered the

1   State Bar Defendants' alleged misrepresentations and has not alleged compliance with the claim

2   presentation requirement. The Demurrer to the third cause of action should be sustained.[3]

3          Plaintiff's claims for interference with prospective economic advantage (fourth cause of

4   action) and negligence (seventh cause of action) accrued when Plaintiff lost his job, but he does

5   not allege when this occurred. If the termination occurred before July 5, 2020, these claims are

6   time-barred. Nonetheless, he has failed to plead compliance with the presentation requirements.

7          Plaintiff also fails to allege the date on which Defendants' conduct caused him to suffer

8   severe emotional distress, which is necessary to determine when his sixth cause of action for

9   intentional inflection of emotional distress accrued. (*Estill v. County of Shasta* (2018) 25

10  Cal.App.5th 702, 708, fn. 2.) If Plaintiff suffered severe emotional distress prior to July 5, 2020,

11  his claim is time-barred. Plaintiff failed to plead compliance with the presentation requirements,

12  and if he suffered severe emotional distress prior to July 5, 2020, his claim is time-barred.

13         With respect to Plaintiff's breach of contract claim, he must allege that he presented his

14  claim within one year of the accrual of the cause of action. (Gov. Code § 911.2(a).) "Generally, a

15  'cause of action for breach of contract accrues at the time of breach, which then starts the

16  limitations period running.'" (*Buschman v. Anesthesia Business Consultants LLC* (N.D. Cal.

17  2014) 42 F.Supp.3d 1244, 1250 (citations omitted).) Where monetary damages are an element of

18  the offense, accrual does not occur until "the pecuniary loss is suffered." (*Ibid*.) Plaintiff alleges

19  only that the purported breach of contract occurred during the grading process, which necessarily

20  occurred sometime prior to the release of his exam results on November 15, 2019 and May 8,

21  2020 and he fails to allege when he was terminated. (Compl. ¶¶ 13, 40.) To date, Plaintiff has not

22  presented any contract claim to the State Bar and any claim for breach of contract is time-barred.

23         Where Plaintiff failed to comply with the CGCA's claims presentation requirement and

24  his claims are time-barred, the Demurrer must be sustained.

25

26

27  [3] Plaintiff alleges that after learning he failed the Attorneys' Exam a second time on May 8, 2020, he "diligently sought further information from the State Bar regarding the circumstances surrounding his Examination scores." (Compl. ¶ 22.) If Plaintiff had a suspicion of wrongdoing prior to July 5, 2020, his claim is time-barred, but regardless, he has failed to plead compliance with the presentation requirements.

28

**D.   Plaintiff's Claims Must Be Dismissed Because the Complaint Fails to Allege Facts Sufficient to State a Claim for Any Cause of Action.**

All Plaintiff's claims should be dismissed on independent grounds of failure to state facts sufficient to constitute a cause of action.

### 1.   Plaintiff Does Not and Cannot Allege a FEHA or ADEA Claim.

Although Plaintiff alleges that violations of the FEHA and/or ADEA support his first, second, fourth, sixth and seventh causes of action, (Compl. ¶¶ 42, 47, 50, 58, 67, 72), he does not and cannot state a cause of action under either statute. Those statutes apply only to the employer-employee relationship. (*Vernon v. State of Cal.* (2004) 116 Cal.App.4th 114, 123; 29 U.S.C. § 623(a).)[4] Plaintiff does not and cannot allege that he had an employer-employee relationship with any State Bar Defendant and his reliance on these statutes is therefore misplaced. Furthermore, the State Bar is not, contrary to Plaintiff's allegations, a licensing board under Government Code section 12944. (See Gov. Code § 12944, subd. (f); *Kohn v. State Bar of Cal.* (N.D. Cal. 2020) 497 F.Supp.3d 526.)

### 2.   Plaintiff Fails to State a Claim for Breach of Contract.

To state a claim for breach of contract, Plaintiff must plead the existence of a contract (See, e.g., *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186.) Plaintiff alleges that his tender of the application and examination fees resulted in a contract with the State Bar. (Compl. ¶ 38.) However, application for licensure does not create a contract with the State Bar. (*Engel, supra,* 92 Cal.App.3d at p. 883) ("In receiving such an application, the public entity obviously lacks contractual intent.") Because Plaintiff's submission of an application for licensure did not create a contract with the State Bar Defendants, Plaintiff's claim for breach of contract fails. Furthermore, although Plaintiff asserts that the State Bar "compounded its breach of its contractual obligations" by implementing the Cut Score Program, Plaintiff fails to allege the

---

[4] While licensing boards may be employers under the ADEA with respect to their own employees, "the agency does not become an employer of those individuals whom it neither hires, compensates, nor supervises day-to-day even though it licenses and regulates them." (*Camacho v. Puerto Rico Ports Authority* (1st Cir. 2004) 369 F.3d 570, 578; *Haddock v. Board of Dental Examiners of Cal.* (9th Cir. 1985) 777 F.2d 462.)

existence of any applicable contract with respect to this allegation. (Compl. ¶ 41.) Because

Plaintiff has not and cannot establish the existence of a contract, this cause of action must fail.

### 3. Plaintiff Fails to State a Claim for Interference with Contractual Relations.

In his second cause of action, Plaintiff alleges interference with his contract with his

employer and interference with his contract with the State Bar. (Compl. ¶¶ 45, 49.) With respect

to the alleged contract with his employer, Plaintiff fails to allege that Defendants knew of the

contract or its terms, which is an essential element of the claim. (See *Jenni Rivera Enters., LLC.*

*v. Latin World Entm't Holdings, Inc.* (2019) 36 Cal.App.5th 766, 782.) Furthermore, Plaintiff

does not adequately allege that State Bar Defendants' acts were "designed to induce a breach or

disruption" of that contract, which is also required. (*Ibid*.) As discussed *supra*, Plaintiff has not

sufficiently alleged a contract with the State Bar, and thus cannot state a claim for interference of

a non-existent contract.

### 4. Plaintiff Fails to State a Claim for Intentional/Fraudulent Misrepresentation.

To allege a cause of action for intentional or fraudulent misrepresentation, a plaintiff

must establish: (1) a knowingly false representation by defendant; (2) an intent to deceive or

induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages. (See *Service*

*by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1816.) Fraud must be pled with

specificity; general and conclusory allegations do not suffice. (See *Lazar v. Super. Ct.* (1996) 12

Cal.4th 631, 645.) This requires the plaintiff to "allege the names of the persons who made the

allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said

or wrote, and when it was said or written." (*Tarrman v. State Farm Mutual Auto. Ins. Co.* (1991)

2 Cal.App.4th 153, 157.)

Plaintiff makes conclusory allegations that the State Bar represented that he could obtain

a law license by meeting the admission requirements (Compl. ¶ 23), that Defendants falsely

represented that the exams were scored and validated to assess minimum competence to practice

law (*id*. ¶ 27), and that Defendants falsely represented that the exams were scaled based on

scores achieved on the MBE (*id*. ¶ 28.), Plaintiff fails to cite any specific representations that he

relied upon in deciding to sit for the Attorney's Exam, who made the representations, or when

the representations were made. (*Id*. ¶ 23.) Plaintiff could not have relied upon the March 18, 2021 publication cited in his Complaint in deciding to take the exam because the publication *postdates* the exams he took. Likewise, although Plaintiff also cites to a State Bar webpage describing scaling, Plaintiff does not allege sufficient facts related to when he reviewed this information and/or whether he relied upon it.

The only facts Plaintiff supplies to support his claim that State Bar Defendants intended to deceive him is his own analysis of statistical data which he conducted after taking the exams. (*Id*. ¶¶ 9, 22, 29.) Plaintiff has not pled a knowingly false representation or intent to deceive with sufficient particularity and thus the demurrer should be sustained.

### 5. Plaintiff Fails to State a Claim for Interference with Prospective Economic Advantage.

To state a claim for interference with prospective economic advantage, a plaintiff must plead: (1) an economic relationship between the plaintiff and a third party with the probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) intentional acts by the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by defendant's conduct. (See *Golden Eagle Land Invest., L.P. v. Rancho Santa Fe Assn.* (2018) 19 Cal.App.5th 399, 429.) Although Plaintiff alleges that the State Bar Defendants were aware he was employed by a California law firm, he does not allege they knew the terms of that relationship, or that he suffered economic harm as a result of their conduct. (Compl. ¶¶ 56-59.)

### 6. Plaintiff Fails to State a Claim for False Light Defamation.

An essential element of a defamation claim is that the publication must be false. (See *Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1369.) Further, a defamatory statement must "specifically refer to, or be of and concerning, the plaintiff." (See *Dickinson v. Cosby* (2019) 37 Cal.App.5th 1138, 1160 ("Where the statement refers to a large group – typically any group numbering more than 25 members – courts consistently hold that the plaintiffs cannot show the statements were of and concerning them") (citations omitted).) Plaintiff has not alleged that the exam results were false or specific to him, and thus has not stated a claim. (Compl. ¶¶ 61-62.)

Publication of the pass list is privileged under Civil Code section 47 because it was made in the proper discharge of an official duty. (*Id*. subd. (a).) While ordinarily privilege must be pleaded as an affirmative defense, where the existence of the privilege is shown on the face of the complaint, it may be raised on demurrer. (*Pavlovsky v. Board of Trade of San Francisco* (1959) 171 Cal.App.2d 110, 113.) Plaintiff does not and cannot allege that Defendants acted outside their official admissions duties in publishing the pass list.

**7.   Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.**

Plaintiff alleges Defendants' conduct in "overseeing, ordering, directing, and/or validating the Examinations, New Graduate Program, and Cut Score Program in a discriminatory and fraudulent way was and is extreme and outrageous" causing him severe emotional distress. (Compl. ¶¶ 67-69.)  To establish a cause of action for intentional infliction of emotional distress, a plaintiff must plead facts showing: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct. (See *Fletcher v. Western National Life Ins. Co*. (1970) 10 Cal.App.3d 376, 394.) The Complaint merely asserts in conclusory fashion that Plaintiff has suffered "severe emotional distress" and that the State Bar engaged in "outrageous" conduct. (Compl. ¶ 67.) Plaintiff makes only boilerplate assertions of legal conclusions but does not plead any *facts* demonstrating any of these elements. Therefore, Plaintiff has not stated facts constituting a cause of action for intentional infliction of emotional distress and his claims must accordingly be dismissed.

**8.   Plaintiff Fails to State a Claim for Negligence.**

To establish a cause of action for negligence, a plaintiff must plead facts showing a legal duty to use due care, a breach of such legal duty, and that the breach was the proximate or legal cause of the resulting injury. (See *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.) While Plaintiff refers generally to a duty of care related to the admissions practices, he fails to plead any facts establishing that any State Bar Defendant owed a duty of care to Plaintiff as an applicant for admission. Even if a legal duty of care existed, Plaintiff asserts only his own

1 conjecture and legal conclusions that Defendants breached that duty by violating anti-
2 discrimination laws. These are not facts that establish any breach of duty, let alone reckless
3 disregard. Plaintiff has not stated facts constituting a cause of action for negligence and his
4 claims must accordingly be dismissed.

5 **V.  CONCLUSION**

6       Plaintiff cannot cure the foregoing defects through amendment, and therefore, the
7 demurrer should be sustained with prejudice.

9 Dated: June 8, 2022                      Respectfully submitted,
10                                     OFFICE OF GENERAL COUNSEL
                                    THE STATE BAR OF CALIFORNIA

12                         By: */s/ JEAN KRASILINKOFF*
13                            JEAN KRASILNIKOFF
14                            Attorneys for Defendants
                           State Bar of California; Donna Hershkowitz;
15                            Leah Wilson; Vanessa Holton; Dag MacLeod;
                           Ron Pi; Esther P. Lin; Alex Chan; Jason P. Lee;
16                            Joshua Perttula; Hailyn Chen; Ruben Duran;
                           Alan K. Steinbrecher

1

**PROOF OF SERVICE**

2

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a

3

party to the within above-entitled action, that I am employed in the City and County of San

4

Francisco, that my business address is The State Bar of California, 180 Howard Street, San

5

Francisco, CA 94105.

6

On June 8, 2022, I served a copy of:

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS STATE BAR OF CALIFORNIA, DONNA HERSHKOWITZ, LEAH
WILSON, VANESSA HOLTON, DAG MacLEOD, RON PI, ESTHER P. LIN, ALEX
CHAN, JASON P. LEE, JOSHUA PERTTULA, HAILYN CHEN, RUBEN DURAN,
AND ALAN K. STEINBRECHER'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFF'S COMPLAINT**

8

9

10

on the parties listed below:

11

12

Matthew Flinders
1267 Lakeside Drive, Suite 3077
Sunnyvale CA 94085
Email: mflinders@hotmail.com
Plaintiff in Pro Per

13

14

15

☐ **By first class mail** by placing a true copy thereof in a sealed envelope with postage

16

thereon fully prepaid and placing the envelope in the office's daily mail processing center

17

for mailing in the United States mail at San Francisco, California.

18

☐ **By facsimile machine** by personally transmitting a true copy thereof via an electronic

19

facsimile machine to the facsimile number listed below.

20

☒ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail

21

service connected to the internet, addressed to the email address listed above.

22

☐ **By UPS** overnight delivery.

23

24

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

25

Executed at San Francisco, California on June 8, 2022.

26

*/s/ Joan Randolph*
Joan Randolph

27

28

---

Proof of Service                                                                 (22CV397095)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B



# JUDICIAL COUNCIL OF CALIFORNIA

2860 Gateway Oaks Drive, Suite 400 • Sacramento, California 95833-4336
Telephone 916-263-7885 • Fax 916-263-1966 • TDD 415-865-4272

TANI G. CANTIL-SAKAUYE
*Chief Justice of California*
*Chair of the Judicial Council*

MARTIN HOSHINO
*Administrative Director*

MILLICENT TIDWELL
*Chief Deputy Director*

DEBORAH C. BROWN
*Chief Counsel, Legal Services*

June 16, 2021

U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Avenue
5 West, P.O. Box 36025
San Francisco, California 94102

Re:    *Matthew Flinders v. Supreme Court of California*
       EEOC Charge No. 550-2021-00872

Dear Sir or Madam:

This letter shall serve as the position statement of the Supreme Court of California in response to the above referenced Charge of Discrimination (the "Charge").  Please send any further communications in this matter to my attention.

As the court's initial response to the Charge, this response is not intended to be a comprehensive statement of all material facts in this case.  The court specifically reserves the right to supplement this response at any time during these proceedings, and at any conference, hearing, trial, or other proceeding which may be held in this case, or which may arise from this case, and to introduce any legal authorities and all evidence concerning any relevant facts and issues, regardless of whether addressed in this letter.

U.S. Equal Employment Opportunity Commission
June 16, 2021
Page 2

## I.   Introduction

Charging Party Matthew Flinders alleges that the court made certain changes to standards for
provisional licensure to practice law in California, which resulted in a disparate impact based on
age.  The Charge is without merit because even if these allegations were true, they would not
establish liability under the Age Discrimination in Employment Act ("ADEA") or any other
statute for which the EEOC has enforcement responsibility.  Mr. Flinders does not allege that he
sought or held employment with the court.  Instead, he complains about actions taken by the
court as part of its authority to determine standards for admission to the practice of law in
California.  It is well settled that an arm of the state is not an "employer" for purposes of the
ADEA when it acts in a licensing or regulatory capacity.  For these reasons, as detailed below,
the court respectfully submits that the Charge should be dismissed.

## II.   Background

This is not the first time Mr. Flinders has complained to the EEOC about his failure to attain
admission to the California bar.  He previously filed a charge against the State Bar of California
(EEOC Charge No. 550-2020-01315C), in which he alleged that the bar examinations he took[1]
had a disparate impact on older test-takers "[b]ecause salient elements of the exam are timed and
depend upon manual dexterity … ."

In his latest charge, Mr. Flinders apparently targets one requirement for participation in the State
Bar's newly created Provisional Licensure Program (PLP).  In November 2020, at the direction
of the court, the State Bar implemented the PLP to offer a temporary practice program for 2020
law graduates.  The PLP allows law school graduates affected by the pandemic to provisionally
practice, under supervision of a licensed attorney, until the graduate takes and passes any
California bar exam administered before June 1, 2022.

When it was first created, eligibility to participate in the PLP was limited to 2020 law school
graduates (which did not include Mr. Flinders).  (Cal. Rules of Court, rule 9.49.)  On January 28,
2021, the court approved a rule expanding eligibility for the PLP to candidates who took any bar
exam administered between July 2015 and February 2020 and did not meet the then-current
passing score of 1,440 points on the exam, but did score at least 1,390 points—which became the
new passing score as of the October 2020 exam.  (Cal. Rules of Court, rule 9.49.1.)  Under this
expanded program, these past exam takers could be admitted to the bar after successfully

---

[1] Mr. Flinders' allegations are inconsistent as to when he took the bar exam.  In the present Charge, he alleges he
"partook in the July 2019 and February 2019 Attorney Bar Examinations."  In his charge against the State Bar, he
appears to allege that he took the exam in July 2019 or February 2020.  For purposes of this response, the court
assumes that the allegations in the present Charge are accurate.

U.S. Equal Employment Opportunity Commission
June 16, 2021
Page 3

completing 300 hours of supervised practice in the PLP, without having to retake the bar exam and repeat achieving a 1,390 or higher score.  (*Ibid.*)

According to the Charge, Mr. Flinders failed to satisfy the reduced passing score of 1,390 in either of the exams he took.

## III.   Analysis

In his EEOC charge against the State Bar, Mr. Flinders alleged that the July 2019 and February 2020 bar exams had a disparate impact on older test takers, alleging differences in passing rates by age, arbitrarily grouping those aged between 24 and 29 and comparing that group with those aged between 49 and 54.  (29 U.S.C § 631(a) (The ADEA applies "to individuals who are at least 40 years of age").)  Now Mr. Flinders alleges that the minimum bar exam score for participation in the PLP (which he inaccurately characterizes as a "retroactive reduction in the score necessary to pass the bar exam") has had the effect of "increasing the disparate impact between the younger and older cohorts of examination-takers" for the July 2019 and February 2019 exams.  He again alleges various statistics purportedly showing the passing rates of examinees of various arbitrarily-defined age groups, this time apparently seeking to compare the difference between those who failed the bar at the previous passing score, and those like him who did not achieve the lower passing score eligibility for the PLP.

All of these allegations miss the point.  For the same reasons cited by the State Bar in its response to Mr. Flinders' previous charge, the Supreme Court of California is not an employer under the ADEA or other statutes enforced by the EEOC when it acts in its role as a regulatory authority over the practice of law.  "We find that Title VII, by its own terms, does not apply to the Board of Dental Examiners.  The Board is neither an 'employer,' an 'employment agency,' nor a 'labor organization' within the meaning of the Act."  (*Haddock v. Board of Dental Examiners* (9th Cir. 1985) 777 F.2d 462, 463–464.)  In cases brought by unsuccessful bar applicants in various states, courts have held that the state entity's licensing actions do not make it an employer subject to liability under the ADEA or other acts.  (See *Woodard v. Virginia Bd. of Bar Examiners* (4th Cir. 1979) 598 F.2d 1345, 1346 (*per curiam*); *Tyler v. Vickery* (5th Cir. 1975) 517 F.2d 1089, 1096, cert. denied, (1976) 426 U.S. 940 (Georgia Board of Bar Examiners not an employer within the meaning of the Act).)

The court has the ultimate responsibility and authority for determining the issue of admission to the practice of law in this state, including the "powers to regulate and control the attorney admission and disciplinary system."  (*Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1710; see also *In re Garcia* (2014) 58 Cal.4th 440, 451.)  Under this inherent authority, the court has adopted the rules in title 9 of the California Rules of Court, which establish the processes administered by the State Bar.  (Cal. Rules of Court, rule 9.0.)  In the exercise of these powers,

U.S. Equal Employment Opportunity Commission
June 16, 2021
Page 4

the court acts not as an employer but as a licensing and regulatory authority.  As such, the court is not an employer or other entity subject to the ADEA or other statutes enforced by the EEOC. (See *Haddock, supra;* see also *Camacho v. Puerto Rico Ports Authority* (1st Cir. 2004) 369 F.3d 570, 578 ("[U]nder either the ADEA or Title VII, [] state licensing and regulatory agencies generally are not regarded as employers vis-à-vis those whom they license and regulate … .  To hold otherwise would require us to rewrite the ADEA despite the utter absence of any hint that Congress intended to extend liability to state agencies that merely exercise licensing and regulatory authority pursuant to a state's police power.").)

## IV.   Response to Requests for Information

The court acknowledges that the commission issued two Requests for Information (RFIs) with respect to Charge No. 2021-00872.  These RFIs are objectionable here, inasmuch as Mr. Flinders has not established, and cannot establish, that the court was his "employer" in any sense of the word.  Nonetheless, the court provides the following responses without prejudice to this objection, so that the commission can expeditiously conclude its processing and closure of this matter.

> a.  Submit all documentary evidence and/or written statements relied upon in drafting the position statement. Also include any additional information and explanation you deem relevant to the charge.

The documents relied upon in drafting the position statement are the legal authorities cited herein.  The court reserves the right to supplement this response and to any present legal authorities, facts, evidence, and arguments not raised in this response at any time during these proceedings, and at any conference, hearing, trial, or other proceeding which may be held in this case, or which may arise from this case, regardless of whether addressed in this letter.

> b.  Provide the results of any validation studies that were conducted in connection with the changes to the examination and licensure changes implemented by the State Bar of California identified in the charge.

The State Bar has made publicly available the following studies which were conducted within the past four years regarding the California bar exam.  Not all of these studies were conducted specifically in connection with the changes to the examination and licensure changes referenced in the Charge.

*Recent Performance Changes on the California Bar Examination*, which may be accessed at: http://www.calbar.ca.gov/Portals/0/documents/admissions/Examinations/Final-Bar-Exam-Report.pdf?ver=2018-11-15-110106-057.

U.S. Equal Employment Opportunity Commission
June 16, 2021
Page 5

*Conducting a Standard Setting Study for the California Bar Exam*, which may be accessed at:
http://apps.calbar.ca.gov/cbe/docs/agendaItem/Public/agendaitem1000001929.pdf.

*Conducting a Content Validation Study for the California Bar Exam*, which may be accessed at:
http://www.calbar.ca.gov/Portals/0/documents/admissions/Examinations/CBEStudy_Attachment
_A.pdf.

*Performance Changes on the California Bar Examination: Part 2*, which may be accessed at:
http://www.calbar.ca.gov/Portals/0/documents/admissions/Examinations/Bar-Exam-Report-
Final.pdf.

*The Practice of Law in California: Findings from the California Attorney Practice Analysis and
Implications for the California Bar Exam*
https://www.calbar.ca.gov/Portals/0/documents/reports/2020/California-Attorney-Practice-
Analysis-Working-Group-Report.pdf.

## V.   Conclusion

The Charge is without merit because the court is not an "employer" or other covered entity with
respect to Mr. Flinders.  Mr. Flinders was not an employee of the court, nor did he seek
employment with the court.  For these reasons, the Charge should be dismissed and a finding of
"no cause" issued.

Sincerely,

*Patrick Sutton*

Patrick B. Sutton
Attorney, Legal Services

PBS/dag

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

# THE STATE BAR OF CALIFORNIA

## REQUEST FOR RECORDS
### Under California Public Records Act

## Requester Information

Date  06/02/2020

First Name  Matthew          Last Name  Flinders

Organization

Address  1267 Lakeside Dr., Apt. 3073

City  Sunnyvale          State  CA          Zip Code  94085

Email  mflinders@hotmail.com          Phone  (617) 699-3068          Fax

## Description of Information Requested

*Please be as specific as possible. Attach additional sheets of paper as necessary. If a requestor needs assistance in formulating a request, please call (415) 538-2283 or email PRA@calbar.ca.gov.*

See Attachment A

When making your request, please be aware that several categories of State Bar records are exempt from disclosure under Senate Bill 387, including the following:

- Discipline Investigation & Office of Chief Trial Counsel Records (Bus. & Prof. Code § 6086.1(b); Gov. Code § 6254(f).)

- Admissions Records

- Test Administration Records (Gov. Code § 6254(g).)
- Moral Character Records (Gov. Code § 6254(f); Bus. & Prof. Code § 6060.2.)
- Applicant Information (Bus. & Prof. Code § 6060.25.)

- Law Corporation Investigation Records (Bus. & Prof. Code § 6168.)
- Lawyer Assistance Program Records (Bus. & Prof. Code §§ 6232(d); 6234(a).)
- Fee Arbitration Settlement Records (Bus. & Prof. Code § 6200(h).)

## SUBMIT THIS FORM

1) *By E-mail*: PRA@calbar.ca.gov

2) *By Mail*:
California Public Records Act
Requests State Bar of California
180 Howard Street
San Francisco, California  94105

CPRA Form 11/2015

Attachment A, California Public Records Act Request by Matthew Flinders
June 2, 2020

**Please provide the following information regarding the results of the July 2019 and February 2020 California Bar Examinations:**

1)   Records reflecting the year of birth of each exam taker and whether the exam taker passed or failed the exam.

2)   Records reflecting the scaled scores of the written portion of the exam with the year of birth of the respective test taker.

3)   Records reflecting each raw score for the submitted essays with the year of birth of the respective test taker.

4)   Records reflecting the word counts and the raw scores of each submitted essay.

5)   Records  reflecting the word counts and raw scores of each submitted essay with the year of birth of the respective test taker.

## RE: Public Records Request

pra <pra@calbar.ca.gov>
Tue 7/7/2020 9:32 AM
To:  Matt Flinders <mflinders@hotmail.com>

📎 2 attachments (5 MB)
Response Letter to Matthew Flinders 07.02.20.pdf; Copy of CPRA GBX Scores and Birth Year_Redacted (2)_Redacted.pdf;

Dear Mr. Flinders,

Please find attached a letter and attachment in response to your public records request.

Due to technical difficulties/issues with my computer, there was an error in the delivery of the response I sent last Thursday.  I did not realize the unsuccessful delivery of the email until now. I apologize for the delay in sending the response to you.

Sincerely,

Ellen Louie
Program Coordinator | Office of the Executive Director
The State Bar of California | 180 Howard Street | San Francisco, CA 94105
415.538.2549 | Ellen.Louie@calbar.ca.gov

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.*

**From:** Matt Flinders [mailto:mflinders@hotmail.com]
**Sent:** Monday, July 06, 2020 4:43 PM
**To:** pra
**Subject:** Re: Public Records Request

Dear Ms. Louie,

I have not yet received any records in response to my California Public Records Act Request of June 2, 2020.  You provided estimates of June 18 and then July 2 for the delivery of some records.   Kindly advise as to the current plans of the State Bar, if any, for responding to my Request.

Sincerely,

Matthew Flinders

**From:** Matt Flinders <mflinders@hotmail.com>
**Sent:** Monday, June 22, 2020 1:09 PM

**To:** pra <pra@calbar.ca.gov>
**Subject:** Re: Public Records Request

Ms. Louie,

Please find attached a letter in response to your communications of June 12 and June 18, 2020.

Matthew Flinders

---

**From:** pra <pra@calbar.ca.gov>
**Sent:** Thursday, June 18, 2020 11:50 AM
**To:** Matt Flinders <mflinders@hotmail.com>
**Subject:** RE: Public Records Request

Mr. Flinders,

Please be advised that the State Bar has updated its estimated date of production for responsive records, if any, to your first three CPRA requests to July 2, 2020.

Ellen Louie
Public Records Coordinator
The State Bar of California | 180 Howard Street | San Francisco, CA 94105

***Working in support of the mission of the State Bar of California to protect the public.***
Please consider the environment before printing this email.

---

**From:** pra
**Sent:** Friday, June 12, 2020 2:33 PM
**To:** 'Matt Flinders'
**Subject:** RE: Public Records Request

Mr. Flinders,

Please find attached a letter in response to your public records request.

Ellen Louie
Public Records Coordinator
The State Bar of California | 180 Howard Street | San Francisco, CA 94105

***Working in support of the mission of the State Bar of California to protect the public.***
Please consider the environment before printing this email.

---

**From:** Matt Flinders [mailto:mflinders@hotmail.com]
**Sent:** Tuesday, June 02, 2020 12:51 PM
**To:** pra
**Subject:** Public Records Request

Dear State Bar of California,

Please find attached a Public Records Act Request pursuant to the California Public Records Act ("CPRA").

Matt Flinders
617-699-3068

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

1   ROB BONTA
    Attorney General of California
2   BRUCE D. MCGAGIN
    Supervising Deputy Attorney General
3   JAMIL R. GHANNAM
    Deputy Attorney General
4   State Bar No. 300730
      1300 I Street, Suite 125
5     P.O. Box 944255
      Sacramento, CA 94244-2550
6     Telephone:  (916) 210-7674
      Fax:  (916) 322-8288
7     E-mail:  Jamil.Ghannam@doj.ca.gov
    *Attorneys for Defendants State of California,*
8   *by and through the Department of Consumer*
    *Affairs, and Tracy Montez*
9
    ELLIN DAVTYAN 238608
10  General Counsel
    ROBERT G. RETANA 148677
11  Deputy General Counsel
    CAROLINE HOLMES 299116
12  JEAN KRASILNIKOFF 280450
    OFFICE OF GENERAL COUNSEL
13  THE STATE BAR OF CALIFORNIA
      180 Howard Street,
14    San Francisco, CA 94105-1639
      Telephone:  (415) 538-2444
15    Fax: (415) 538-2321
      E-mail:Jean.Krasilnikoff@calbar.ca.gov
16  *Attorneys for Defendants State Bar of*
    *California; Donna Hershkowitz; Leah*
17  *Wilson; Vanessa Holton; Dag MacLeod;*
    *Ron Pi; Esther P. Lin; Alex Chan; Jason*
18  *P. Lee; Joshua Perttula; Hailyn Chen;*
    *Ruben Duran; Alan K. Steinbrecher*
19
20              SUPERIOR COURT OF THE STATE OF CALIFORNIA
21                         COUNTY OF SANTA CLARA
22
23  **MATTHEW FLINDERS,**              Case No. 22CV397095
24                        Plaintiff,   **[PROPOSED] JUDGMENT OF**
                                       **DISMISSAL AFTER SUSTAINING OF**
25          v.                         **DEMURRERS TO THE COMPLAINT**
                                       **WITHOUT LEAVE TO AMEND**
26
    **STATE BAR OF CALIFORNIA;**
27  **CURRENT AND FORMER EXECUTIVE**
    **MEMBERS DONNA HERSHKOWITZ,**
28  **LEAH WILSON, VANESSA HOLTON,**
                                     1
    ─────────────────────────────────────────────────────────
         [Proposed] Judgment of Dismissal after Sustaining Demurrers to the Complaint without Leave to
                                                            Amend  (22CV397095)

| | |
|---|---|
| 1 | **DAG MACLEOD; STATE BAR STAFF** |
| | **MEMBER RON PI; CURRENT AND** |
| 2 | **FORMER MEMBERS OF THE** |
| | **COMMITTEE OF BAR EXAMINERS** |
| 3 | **ESTHER P. LIN, ALEX CHAN; CURRENT** |
| | **AND FORMER MEMBERS OF THE** |
| 4 | **BOARD OF TRUSTEES JASON P. LEE,** |
| | **JOSHUA PETTULA, HAILYN CHEN,** |
| 5 | **RUBEN DURAN, ALAN K.** |
| | **STEINBRECHER; CALIFORNIA** |
| 6 | **DEPARTMENT OF CONSUMER** |
| | **AFFAIRS; TRACEY MONTEZ, CHIEF,** |
| 7 | **DIVISION OF PROGRAMS AND POLICY** |
| | **REVIEW,** |
| 8 | |
| | Defendants. |
| 9 | |

10        On September 6, 2022, the court issued orders sustaining demurrers to the complaint

11    without leave to amend by defendants State of California, by and through the Department of

12    Consumer Affairs, and Tracy Montez, and by defendants State Bar of California, Donna

13    Hershkowitz, Leah Wilson, Vanessa Holton, Dag MacLeod, Ron Pi, Esther P. Lin, Alex Chan,

14    Jason P. Lee, Joshua Perttula, Hailyn Chen, Ruben Duran, and Alan K. Steinbrecher.

15        On September 21, 2022, notice of entry of the order sustaining the demurrer to the

16    complaint without leave to amend by defendants State of California, by and through the

17    Department of Consumer Affairs, and Tracy Montez, was filed and served upon plaintiff.

18        On September 26, 2022, notice of entry of the order sustaining the demurrer to the

19    complaint without leave to amend by defendants State Bar of California, Donna Hershkowitz,

20    Leah Wilson, Vanessa Holton, Dag MacLeod, Ron Pi, Esther P. Lin, Alex Chan, Jason P. Lee,

21    Joshua Perttula, Hailyn Chen, Ruben Duran, and Alan K. Steinbrecher was filed and served upon

22    plaintiff. Having sustained the demurrers of all defendants to the complaint without leave to

23    amend,

24        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered in

25    favor of all defendants and against plaintiff, that plaintiff take nothing against defendants, and

26    / / /

27    / / /

28    / / /

that this entire action is dismissed. Defendants, as the prevailing parties, are entitled to recover

statutory costs (Code Civ. Proc., §§ 1032, 1033.5), if any there are.


Dated:_____                    _____
                                                HON. SOCRATES P.  MANOUKIAN
                                                JUDGE OF THE SUPERIOR COURT


SA2022900146
36632969.docx

## <u>DECLARATION OF SERVICE BY E-MAIL</u>

Case Name:   **Flinders v. State Bar of California**
No.:            **22CV397095**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.

On <u>October 12, 2022</u>, I served the attached **[PROPOSED] JUDGMENT OF DISMISSAL AFTER SUSTAINING OF DEMURRERS TO THE COMPLAINT WITHOUT LEAVE TO AMEND** by transmitting a true copy via electronic mail.


Matthew Flinders
**E-mail Address:**  mflinders@hotmail.com
*In Pro Se*

Jean Krasilnikoff
The State Bar of California
Office of General Counsel
**E-mail Addresses**:
jean.krasilnikoff@calbar.ca.gov
caroline.holmes@calbar.ca.gov
joan.randolph@calbar.ca.gov
*Attorneys for Defendants*


I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 12, 2022, at Sacramento, California.

| | |
|---|---|
| S. Claiborne | *S. Claiborne* |
| Declarant | Signature |

SA2022900146
36635717.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

1
2
3
4
5

Matthew Flinders
1267 Lakeside Dr., Suite 3077
Sunnyvale, CA  94085
Telephone: 617-699-3068
Email: mflinders@hotmail.com

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/12/2022 6:08 PM**
Reviewed By: F. Miller
Case #22CV397095
Envelope: 9704358

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

6
7
8
9
10
11
12
13
14
15

| Matthew Flinders, individually. <br><br> Plaintiff, <br> v. <br><br> STATE BAR OF CALIFORNIA, Donna Hershkowitz, Leah Wilson, Vanessa Holton, Dag MacLeod, Ron Pi, Esther P. Lin, Alex Chan, Jason P. Lee, Joshua Perttula, Hailyn Chen, Ruben Duran, Alan K. Steinbrecher, CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, Tracey Montez, Does 1-10. <br><br> Defendants. | Case No.: 22CV397095 <br><br> **PLAINTIFF FLINDERS' NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING APPEAL OF RELATED CASE** <br><br> Hearing Date: 10/25/22 <br><br> Time: 9AM <br><br> Dept. 20 |
| --- | --- |

16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**NOTICE OF MOTION TO STAY ACTION**</u>

**TO DEFENDANTS STATE BAR OF CALIFORNIA, Donna Hershkowitz, Leah Wilson,**

**Vanessa Holton, Dag MacLeod, Ron Pi, Esther P. Lin, Alex Chan, Jason P. Lee, Joshua**

**Perttula, Hailyn Chen, Ruben Duran, Alan K. Steinbrecher ("State Bar Defendants"),**

**AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that before the Honorable Socrates P. Manoukian, Department

20 of the Superior Court of the State of California for the County of Santa Clara, located at 191

North First Street, San Jose, CA 95113, Plaintiff will, and hereby does, move to stay this action

pending resolution of an Appeal pending in a related case by Plaintiff against the Supreme Court

of California et al. in this Superior Court of California and in the Court of Appeals, California,

Sixth District ("Court of Appeal"), having Superior Court Case No. 21CV391711 ("Related

Supreme Court Action") and Court of Appeal Case No. H050203 (the "Appeal"), pursuant to this Court's inherent case management authority.

Through this motion, Plaintiff respectfully requests that this Court stay this action for the State Bar Defendants.  Plaintiff's claims against the State Bar Defendants should be stayed pending resolution of the Appeal in the Related Supreme Court Action, which appeals the Superior Court's judgment sustaining the Demurrer of the defendants in that case and dismissing the case with prejudice.  This motion is based on this notice of motion and motion, the memorandum of points and authorities, the pleadings, records, and other papers on file, and any further evidence or argument that may be presented.

## PLAINTIFF'S MOTION TO STAY ACTION

Plaintiff's claims should be stayed pending resolution of the Appeal filed in the Related Supreme Court Action.  As State Bar Defendants point out, the judgement being appealed in the Related Supreme Court Action concerns almost identical issues as State Bar Defendants' Demurrer in the present Action.[1]

Given that the Court of Appeal will rule on matters related to the present causes of action, including State Bar Defendants' Demurrer, permitting the advancement of the present case concurrently with the Appeal would risk wasting judicial and party resources and could potentially conflict with the Court of Appeal's ruling.

WHEREFORE, Plaintiff prays that the Court award the following relief:

1. That its motion to stay be granted in the manner set forth above; and

2. For such other relief as the Court may deem appropriate.

Dated: July 20, 2022          Respectfully Submitted,

By: /s/ _____

Matthew Flinders, Plaintiff

---

[1] *See* State Bar Defendants' Memorandum in Support of Demurrer, filed June 8, 2022, at 1

22CV397095
Santa Clara – Civil

Matthew Flinders
1267 Lakeside Dr., Suite 3077
Sunnyvale, CA  94085
Telephone: 617-699-3068
Email: mflinders@hotmail.com

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/12/2022 6:08 PM**
Reviewed By: F. Miller
Case #22CV397095
Envelope: 9704358

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SANTA CLARA

| | |
|---|---|
| Matthew Flinders, individually. | Case No.: **22CV397095** |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL IN RELATED CASE** |
| STATE BAR OF CALIFORNIA, Donna Hershkowitz, Leah Wilson, Vanessa Holton, Dag MacLeod, Ron Pi, Esther P. Lin, Alex Chan, Jason P. Lee, Joshua Perttula, Hailyn Chen, Ruben Duran, Alan K. Steinbrecher, CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, Tracey Montez, Does 1-10. | Hearing Date: |
| | Time: |
| | Dept.: |
| Defendants. | |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS

**INTRODUCTION AND SUMMARY**

The causes of action in this case surround egregious age-based discrimination by Defendants in which they utilized their control over attorney employment/licensing examinations ("Examinations") to violate employment discrimination laws, violate contracts with Plaintiff, and interfere with the employment, contractual, and business relationships between Plaintiff and his former and prospective employers.  A related case was filed by Plaintiff against the Supreme Court of California and others in this Superior Court, having Case No. 21CV391711 ("Related Supreme Court Action"), based on the role of those defendants in their administration and oversight of the same discriminatory employment Examinations and over Defendant State Bar of California.

A demurrer by the defendants in the Related Supreme Court Action was sustained in an order by the Superior Court (the "Order") and a subsequent judgement was rendered that dismissed the Related Supreme Court Action without leave to amend.[1]  Plaintiff filed a Notice of Appeal seeking a reversal of the Order and judgement with the California Court of Appeals, Sixth District.[2]  The Order being appealed is based on the same or similar issues raised by Defendants STATE BAR OF CALIFORNIA, Donna Hershkowitz, Leah Wilson, Vanessa Holton, Dag MacLeod, Ron Pi, Esther P. Lin, Alex Chan, Jason P. Lee, Joshua Perttula, Hailyn Chen, Ruben Duran, and Alan K. Steinbrecher ("State Bar Defendants") in their Demurrer filed June 8, 2022, as State Bar Defendants acknowledge.[3]  The overlapping issues include whether the Supreme Court of California has original, sole jurisdiction over all claims relating to the attorney admissions process, whether State Bar Defendants were subject to the federal Age Discrimination in Employment Act and California Fair Employment and Housing Act based on their activity administering the Examinations, and whether activity pertaining to the discriminatory employment examinations invoked immunity under the Government Claims Act.[4]  Thus, rulings in this case and by the Court of Appeals could easily conflict.

Plaintiff thus seeks a stay of the court proceedings in this case until the Court of Appeal resolves the Appeal.  A stay is in the interests of justice and judicial economy and will avoid the

---

[1] *See* Defendants' Request For Judicial Notice, filed June 8, 2022; Plaintiff's Declaration Re Appeal in Related Case ("Plaintiff's Declaration"), filed herewith, Exhibit A ("Judgement").
[2] *See Id.*, Plaintiff's Declaration, Exhibit B.
[3] *See* Defendants' Memorandum in Support of Demurrer, filed June 8, 2022, at 1 ("Defendants' MISOD").
[4] Compare Exhibit A ("Judgement"), supra note 2, with Defendants' MISOD, supra note 3.

possibility of duplicate and potentially inconsistent decisions on the same issues without causing any prejudice to Defendants.

### LEGAL ARGUMENTS

This Court has the power to enforce order in the proceedings before it, control the furtherance of justice, and control its process and orders so as to make them conform to law and justice.  Code of Civil Procedure (CCP) §§ 128(a)(2), (a)(5) and (a)(8).  The Court also has the discretion to stay an action in a California court, pending a final determination of an action relating to the same matters at issue in the California court. CCP § 404.5.  California courts also recognize the need to avoid the risk of issuing rulings in conflict with those of other courts (see, e.g., Caiafa Prof Law Corp. v. State Farm Fire & Cas. Co. (1993) 15 Cal.App.4th 800, 804).  California courts consider whether a stay will advance the interests of the parties and the courts (*Id.*).  A stay would do so here.

Without a stay, multiple duplicative proceedings (including appeals) may occur, forcing redundant hearing on the same issues (causing courts to issue separate and potentially conflicting pretrial rulings), and creating confusion and ancillary legal battles over the potential preclusive effect of any judgment (wasting both the time and resources of the Superior Court and/or Court of Appeals).  That is especially so because many of the same legal issues were pending before Plaintiff filed this case in this Court.

In order to promote the interests of all parties to this action and ensure an efficient use of judicial and party resources, Plaintiff respectfully requests that this action be stayed pending the outcome of the Appeal.  For the foregoing reasons, Plaintiff respectfully requests that this Court stay all proceedings pending the resolution of Plaintiff's Appeal.

Dated: July 20, 2022

Respectfully Submitted,

By: /s/ *Matthew Flinders*

Matthew Flinders, Plaintiff