UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW FLINDERS,<br>        Plaintiff,<br>   v.<br>STATE BAR OF CALIFORNIA,<br>        Defendant. | Case No. 22-cv-04072-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br>Re: Dkt. No. 8 |

Plaintiff Matthew Flinders, who is representing himself, filed this action against the State Bar of California ("State Bar"), asserting claims for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12940 & 12944.

The State Bar moves pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim for relief. The State Bar argues that the Court lacks jurisdiction over this matter because the present lawsuit is barred by the Eleventh Amendment of the U.S. Constitution and because Mr. Flinders did not petition the California Supreme Court for review of the denial of his admission to the bar. In addition, the State Bar moves to dismiss Mr. Flinders's complaint on the ground that his claims are barred by the doctrine of res judicata. Finally, the State Bar contends that Mr. Flinders has never had an employment relationship with the State Bar and therefore he cannot state a plausible claim for age discrimination under either the ADEA or FEHA.

Mr. Flinders opposes the motion to dismiss. The Court deemed the matter suitable for

determination without oral argument.[1]  Civil L.R. 7-1(b); Dkt. No. 15.  Upon consideration of the moving and responding papers,[2] the Court grants the State Bar's Rule 12(b)(1) motion to dismiss the complaint and does not reach the arguments made in connection with the State Bar's Rule 12(b)(6) motion to dismiss.

## I. BACKGROUND

The following background facts are based on the allegations of the complaint.

Mr. Flinders is a 52-year old patent attorney who is licensed to practice law in Massachusetts.  Dkt. No. 1 ¶¶ 5, 13.  In 2018, he was offered a job at an intellectual property law firm in San Jose, California, and he moved to Santa Clara County to pursue that employment opportunity.  *Id*. ¶ 13.  As a condition of that employment, the firm required Mr. Flinders to obtain a California law license.  *Id*.  He took the Attorneys' Examination[3] in July 2019 and February 2020, but did not receive a passing score on either attempt.  *Id*. ¶¶ 15, 16.  As a consequence of his failure to pass the California bar exam, the San Jose law firm terminated Mr. Flinders's employment.  *Id*. ¶ 19.

Mr. Flinders subsequently sought information from the State Bar regarding his bar exam scores.  According to the complaint, he received "anonymized records from the State Bar reflecting the combined Essay/MBE [Multistate Bar Examination] pass determinations and scaled/individual essay scores of the full July 2019 and February 2020 State Bar Examinations with respect to the ages (or birth years) of examinees[.]"  *Id*. ¶ 21.  Based on his analysis of these records, Mr. Flinders contends that the California bar exam is administered and scored in a manner

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 4, 11.

[2] After submission of the State Bar's reply brief, Mr. Flinders submitted a supplemental declaration.  Dkt. No. 16.  Although that declaration is unauthorized, *see* Civil L.R. 7-3(d), the Court has considered it and concludes that it is immaterial to the resolution of the present motion.

[3] There is no dispute that the California bar exam is a two-day examination, consisting of a one-day multi-state, multiple choice test and a one-day essay-writing test.  *See* Dkt. No. 1 ¶ 14; Dkt. No. 8 at 1-2.  The Attorneys' Examination consists of the one-day essay-writing portion of the bar exam.  Dkt. No. 1 ¶ 14; *see also* Dkt. No. 8 at 2.  The State Bar notes that examinees who are licensed in good standing in other states for at least four years preceding the exam may take the Attorneys' Examination.  *See* Dkt. No. 8 at 2.

that has a disparate impact on examinees, such as himself, who are over 40 years old. *Id*. & Exs. A, B. The State Bar reportedly scaled the July 2019 and February 2020 Attorneys' Examinations based on scores achieved on the MBE portion of the bar exams; however, Mr. Flinders contends that it is not statistically possible that such a scaled scoring process was applied. *Id*. ¶¶ 25, 26. He alleges that the July 2019 and February 2020 essays were "scored utilizing an arbitrary and unreasonable measure of manual dexterity that overwhelmingly favored younger examinees over older examinees in protected age categories, and that had no reasonable or legitimate relationship to an assessment of minimum competence to practice law as an entry level attorney." *Id*. ¶ 27 (internal quotations omitted).

The complaint further alleges that around February 2021, the "State Bar implemented a program that grants a path to licensure to past examinees who achieved a lowered 'scaled' 'cut score' of 1390" on past bar exams, including the July 2019 and February 2020 examinations. *Id*. ¶ 30. In its administration of this program, the State Bar allegedly "re-asserted the same scoring/scaling process that failed to follow the MBE Scaling process and furthered the unlawful discrimination exacted on [Mr. Flinders] in the original administration of the Examinations." *Id*. Based on his analysis of the records he received from the State Bar, Mr. Flinders claims that this program "heightens and furthers the unlawful age-based discrimination of the original administration of the July 2019 and February 2020 Examinations by increasing the differences in pass rates of younger examinees even more widely compared to examinees in [Mr. Flinders]'s protected age category[.]" *Id*. ¶ 31.

Mr. Flinders also alleges that a provisional licensure program implemented by the State Bar around November 2020 is discriminatory in that the program "is not available to [Mr. Flinders] and to the vast majority of otherwise qualified individuals in protected age categories." *Id*. ¶ 32. Instead, the complaint alleges that the State Bar "grant[ed] only newly graduated law students provisional licensure to practice California Law without a requirement for passing a State Bar Licensing Examination[.]" *Id*.

The present action is one of several suits Mr. Flinders has filed concerning his failure to pass the California bar exam. The complaint notes that Mr. Flinders filed state court lawsuits

against the California Supreme Court (Case No. 21CV391711, *Flinders v. Supreme Court of California, et al.*) and against the State Bar and others (Case No. 22CV397095, *Flinders v. State Bar of California, et al.*).  *See id*. ¶ 4.

Claiming in the present action that the State Bar is a "labor union" and an "employment agency," Mr. Flinders asserts seven claims for relief based on age discrimination in violation of the ADEA, 29 U.S.C. §§ 623(a)(1), 623(b), and FEHA, Cal. Gov. Code §§ 12940(a), 12940(b), 12940(i), 12944(a) and 12944(c).  He seeks an order enjoining the State Bar "from engaging in such unlawful employment practices," as well as an "[a]ward of back pay and benefits, including salary increases, commissions, bonuses, vacation pay, health insurance, and job search costs," emotional distress damages, punitive damages, fees and costs, and interest.  *See id*. at 15-16.

For the reasons discussed below, the Court agrees that Mr. Flinders's complaint must be dismissed for lack of jurisdiction.

## II. LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint.  A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack").  *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id*.

Because the State Bar's arguments focus on the sufficiency of the complaint's allegations, the Court construes the present motion as a facial attack on jurisdiction.  As such, the record is limited to the complaint and materials that may be judicially noticed.  *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017).  Additionally, the Court accepts well-pled allegations of the complaint as true, draws all reasonable inferences in Mr. Flinders's favor, and determines whether his allegations are sufficient to support jurisdiction.  *Id*.  As the party asserting federal subject

4

matter jurisdiction, Mr. Flinders bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

### A. Judicial Notice

Both sides have requested that the Court take judicial notice of matters outside the pleadings.[4] Pursuant to Rule 201 of the Federal Rules of Evidence, courts "may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)-(2)). "Accordingly, '[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Id.* (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (quoting *Lee*, 250 F.3d at 689).

With one limited exception (discussed below) regarding a portion of the State Bar's demurrer filed in Case No. 22CV397095, *Flinders v. State Bar of California, et al.* (Dkt. No. 12-1, Ex. A at ECF 18), the Court finds it unnecessary to consider the materials the parties have submitted for judicial notice. Accordingly, except as otherwise discussed below, the parties' respective requests for judicial notice are denied.

### B. Eleventh Amendment Immunity

The State Bar contends that it is an arm of the state immune from suit in federal court under the Eleventh Amendment of the U.S. Constitution. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent consent to suit, "a suit

---

[4] The State Bar objects that Mr. Flinders submitted a declaration and exhibits (Dkt. No. 12-1) in support of his opposition without making a proper request for judicial notice. The Court construes his declaration as such a request.

in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought," and applies "to state-law claims brought into federal court under pendent jurisdiction." *Id*. at 100, 120-21; *see also Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as at law, the [Eleventh] [A]mendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a state. . . . This is not less a suit against the state because the bill is ancillary and supplemental.").

The State Bar points out that the Ninth Circuit and courts within this district have held that "[t]he State Bar of California is an 'arm of the state' for the purposes of Eleventh Amendment immunity." *Allegrino v. State Bar of California*, Nos., C06-05490 MJJ, C07-00301 MJJ, 2007 WL 1450312, at *4 (N.D. Cal. May 14, 2007); *see also Hirsh v. Justices of the Supreme Ct. of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court."); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) ("The Eleventh Amendment bars this suit against the named agencies as the state did not consent to being sued."). Thus, "an Eleventh Amendment bar to suit applies regardless of the nature of the relief sought." *Allegrino*, 2007 WL 1450312 at *4 (citing *Pennhurst*, 465 U.S. at 100-101).

Mr. Flinders contends that Eleventh Amendment immunity does not apply because the State Bar is "not the State." *See* Dkt. No. 12 at 7. He argues that in its demurrer to his state court complaint filed in Case No. 22CV397095, *Flinders v. State Bar of California, et al.*, the State Bar disclaimed that it is the state, and thus should be estopped from now presenting arguments to the contrary. The Court takes judicial notice of the relevant portion of that demurrer, but not of any disputed facts contained therein. Specifically, the Court takes judicial notice of the fact that in the context of addressing a claim presentment requirement under the California Government Code, the State Bar argued: "While Plaintiff alleges he presented a claim to the Department of General Services ("DGS") (Comp. ¶ 5), the State Bar is a public corporation, not the 'state,' and Plaintiff

1   was required to present any claim to the State Bar's [Board of Trustees]." Dkt. No. 12-1, Ex. A at
2   ECF 18.  The Court is unpersuaded that the State Bar's argument about whether Mr. Flinders
3   presented his state claims to the wrong entity under the California Government Code has any
4   relevance to the question whether the State Bar is entitled to Eleventh Amendment immunity from
5   his present suit.  Nor has Mr. Flinders cited any authority that the State Bar's demurrer argument
6   constitutes consent to be sued.  *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 92 (2000)
7   (concluding that the ADEA does not validly abrogate States' sovereign immunity under the
8   Eleventh Amendment).

9       Mr. Flinders points out that the Ninth Circuit has concluded that the State Bar of Oregon is
10  not an arm of the state for purposes of Eleventh Amendment immunity.  *See Crowe v. Oregon*
11  *State Bar*, 989 F.3d 714 (9th Cir. 2021).  The State Bar argues that *Crowe* is distinguishable
12  because the Oregon state bar is an integrated bar, whereas the California bar is not.[5]  In any event,
13  the State Bar maintains that this Court must instead follow *Hirsh* and *Lupert*, which confirm the
14  State Bar's Eleventh Amendment immunity from federal suit.  *See* Dkt. No. 13 at 2.  While this
15  Court agrees that *Hirsh* and *Lupert* cannot simply be disregarded, *Crowe* discusses several factors
16  to be considered in determining whether an entity is entitled to Eleventh Amendment immunity.
17  *Crowe*, 989 F.3d at 730-733.  At the very least, there is a question whether the State Bar has met
18  its burden to establish Eleventh Immunity under the analytical framework discussed in *Crowe*.
19  But even if Eleventh Amendment immunity does not apply, for the reasons discussed below, this
20  Court concludes that Mr. Flinders's suit is jurisdictionally barred because he has not petitioned the
21  California Supreme Court for relief.

22  **C.     Failure to Petition the California Supreme Court**
23      The State Bar argues that that this Court lacks jurisdiction over Mr. Flinders's complaint
24  because his claims present an attorney admission matter as to which the California Supreme Court
25  has exclusive jurisdiction, and Mr. Flinders has not petitioned that court for review of the denial of

---

[5] As explained by the State Bar, "the Oregon State Bar is a combined trade association and regulator subject to control by its attorney-members, whereas the California State Bar is a purely regulatory agency controlled by the State government."  Dkt. No. 13 at 2.

7

his admission to the bar. Indeed, "[u]nder California law, only the state supreme court, not the Committee of Bar Examiners ["Committee"], has the authority to grant or deny admission to the bar." *Giannini v. Comm. of Bar Examiners of State Bar of Cal.*, 847 F.2d 1434, 1435 (9th Cir. 1988) (citing *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967); *see also Margulis v. State Bar of Cal.*, 845 F.2d 215, 216 (9th Cir. 1988) (same). The Committee administers the bar exam and certifies applicants that fulfill the requirements to the California Supreme Court for admission. *See Giannini*, 847 F.2d at 1435; *Chaney*, 386 F.2d at 966; *see also* Cal. Bus. & Prof. Code § 6046. But the Committee's certification for admission or refusal to certify for admission, "is legally simply a recommendation to the [California Supreme] Court" and "is advisory only[.]" *Chaney*, 386 F.2d at 966. The final determination in such matters rests with the California Supreme Court, "and its powers in that regard are plenary." *Id*. (internal quotations and citation omitted); *see also Giannini*, 847 F.2d at 1435 ("All Committee actions are reviewable by the supreme court and nonbinding upon it.").

By statute, "[a]ny person refused certification to the Supreme Court for admission to practice may have the action of the [Committee], . . . pursuant to the provisions of this chapter, reviewed by the Supreme Court, in accordance with the procedure prescribed by the court." Cal. Bus. & Prof. Code § 6066. Mr. Flinders does not deny that he has not petitioned the California Supreme Court for review of the Committee's refusal to certify him for admission to the bar. However, he contends that there are several reasons why he is not required to do so. He argues that the permissive language of § 6066 means that review by the California Supreme Court is simply "an optional internal review process[.]" Dkt. No. 12 at 9. He further argues that any such petition for review is unnecessary in this case because in response to a charge he filed with the Equal Employment Opportunity Commission ("EEOC"), the California Supreme Court filed a statement of its position regarding his allegations of discrimination.[6] *Id*. at 10. However, Ninth Circuit authority is clear that "[a]n applicant seeking review of a decision by the Committee *must*

---

[6] As there is no dispute regarding the fact that the California Supreme Court submitted a position statement in response to a charge of discrimination that Mr. Flinders filed with the EEOC, this Court finds it unnecessary to take judicial notice of Exhibit B to Mr. Flinders's declaration (Dkt. No. 12-1, Ex. B).

8

file a petition for review by the California Supreme Court." *Giannini*, 847 F.2d at 1435 (citing Cal. Bus. & Prof. Code § 6066) (emphasis added); *see also Chaney*, 386 F.2d at 966. As explained by *Chaney*:

> The significance of this is that under California law a refusal of certification by the Committee is not a power of deprivation. Only if the [California Supreme] Court expressly or impliedly approves the Committee's refusal to certify so as to make this the basis or allow it to have the effect of a denial of admission can the Committee's actions of examination and refusal to certify come to be a fixative status and have the stature of a deprivation.
>
> Thus the situation here is not a matter of exhausting state remedies in respect to an alleged federal right but of there being no basis for any alleged federal right to exist as to the Committee's actions until the California Supreme Court in the exercise of its original power over admissions has allowed these actions to serve as a deprivation.

386 F.2d at 966. "Until such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place." *Giannini*, 847 F.2d at 1435. "Not even a claim of futility" can excuse the failure to petition the California Supreme Court for review. *Id*; *see also Chaney*, 386 F.2d at 967 (rejecting argument that a petition to the California Supreme Court for review would be "useless," stating that in any event "it would not enable the condition to be escaped that legally the Committee's action is without power to effect deprivation and that it can only come to have that consequence if it is given approval by the California Supreme Court and so allowed to become the basis of denial of admission."); *Burke v. State Bar of Cal.*, No. C06-06950 WHA, 2007 WL 39397, at *4 (N.D. Cal. Jan. 4, 2007) (same), *aff'd* 295 F. App'x 207 (9th Cir. 2008).

Mr. Flinders next argues that the present suit is an "employment discrimination" matter that does not fall within the California Business and Professions Code. *See* Dkt. No. 12 at 9. His characterization of his complaint as an "employment discrimination" matter is without merit, and his reliance on the employment decisions in *Satyadi v. W. Contra Costa Healthcare Dist.*, 232 Cal. App. 4th 1022 (2014) and *Farahani v. San Diego Cmty. College Dist.*, 175 Cal. App. 4th 1486 (2009) is misplaced. Mr. Flinders's complaint concerns his failure to obtain a passing score on the California bar exam and the alleged manner in which the July 2019 and February 2020 exams that he took were administered and scored. There are no allegations that Mr. Flinders was ever in an

employment relationship with the State Bar. Moreover, *Satyadi* and *Farahani* both concern the exhaustion of administrative remedies. *See Satyadi*, 232 Cal. App. 4th at 1026, 1032-33; *Farahani*, 175 Cal. App. 4th at 1496-97. As discussed above, the requirement to petition the California Supreme Court for review "is not a matter of exhausting state remedies in respect to an alleged federal right," but rather is an issue of "there being no basis for any alleged federal right to exist as to the Committee's actions" until the California Supreme Court has reviewed the matter. *Chaney*, 386 F.2d at 966; *see also Giannini*, 847 F.2d at 1435 ("This prerequisite to federal deprivation operates as a bar upon Giannini's suit in federal court."); *Margulis*, 845 F.2d at 216 ("Due to Margulis's failure to petition for review, the state has never officially acted on his application and, therefore, has never deprived him of federally protected rights."); *Burke*, 2007 WL 39397 at *2 ("Ninth Circuit authority on this issue is clear—an applicant who fails to appeal a recommendation of the committee to the California Supreme Court has not been denied any cognizable rights, and therefore there is no case or controversy for a federal court to adjudicate.").

Citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Craig v. State Bar of Cal.*, 141 F.3d 1353 (9th Cir. 1998), Mr. Flinders argues that "a general attack on a state's admission rules may be heard by lower federal courts because a state supreme court acts in a nonjudicial capacity when it promulgates such rules." *Craig*, 141 F.3d at 1354 (citing *Feldman*, 460 U.S. at 485, 487). He contends that this Court has jurisdiction to entertain the present suit insofar as his claims present a general attack on the California bar admission rules. In *Feldman*, the Supreme Court held that a federal district court lacked jurisdiction to hear a constitutional challenge to the decision of the District of Columbia Court of Appeals to deny a particular applicant admission to the District of Columbia bar. *Id*. at 482.[7] *Feldman* further concluded that the federal district court nonetheless had jurisdiction to entertain claims "involv[ing] a general attack on the constitutionality of" certain state bar rules because such claims "do not require review of a judicial decision in a particular case." *Id*. at 487. In so holding, however, the Supreme

---

[7] The *Rooker-Feldman* doctrine takes its name from *Feldman* and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under that doctrine, lower federal courts do not have jurisdiction to review state court judgments, and federal review may be obtained only through a petition for certiorari to the U.S. Supreme Court.

Court noted that "a petitioner's failure to raise his constitutional claims in state court does not mean that a United States District Court should have jurisdiction over the claims." *Id*. at 482 n.16. Indeed, *Feldman* emphasized the importance of "the state interest in regulating the state bar," "the desirability of giving the state court the first opportunity to consider a state statute or rule in light of federal constitutional arguments," and the principles of comity underlying the requirement for a state's highest court to consider challenges to a state bar's admission process. *Id*.

Mr. Flinders's reliance on *Feldman* and *Craig* is unavailing. Both cases concerned plaintiffs who had petitioned the highest state court for review. *See Feldman*, 460 U.S. at 466, 471; *Craig*, 141 F.3d at 1353. The *Rooker-Feldman* doctrine, and the rulings of *Feldman* and *Craig*, are not at issue here precisely because Mr. Flinders has not petitioned the California Supreme Court for review. Insofar as Mr. Flinders contends that his complaint presents a general attack on the bar admissions process, any such general claims are based entirely on the same reasons he disputes the denial of his particular application for admission to the California bar. As discussed above, however, because Mr. Flinders did not petition the California Supreme Court for review of the Committee's refusal to certify his admission, he has not yet suffered a deprivation of any federally protected rights. Thus, there is no case or controversy for this Court to adjudicate. *See Chaney*, 386 F.2d at 966; *Giannini*, 847 F.2d at 1435; *Margulis*, 845 F.2d at 216; *Burke*, 2007 WL 39397 at *2; *see also generally Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("The Art[icle] III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action[.]") (internal quotations and citation omitted).

Accordingly, even assuming that Eleventh Amendment immunity does not bar the present lawsuit, and construing well-pled allegations of Mr. Flinders's complaint as true and drawing all reasonable inferences in his favor, the Court concludes that Mr. Flinders has no basis for federal relief, and the Court lacks jurisdiction to hear this matter. As federal jurisdiction is lacking, there is no basis for supplemental jurisdiction over Mr. Flinders's state law claims, and those state law

11

claims are also dismissed. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). On the present record, the Court concludes that there are no additional facts that could be alleged in an amended pleading that would cure the jurisdictional defect. Accordingly, Mr. Flinders's complaint is dismissed without leave to amend.

## IV. CONCLUSION

Based on the foregoing, the Court grants the State Bar's motion to dismiss pursuant to Rule 12(b)(1). The complaint is dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: December 5, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge